UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-cv-23745-ALTMAN

**COMMODITY FUTURES**
**TRADING COMMISSION**,

    *Plaintiff*,

v.

**TRADERS DOMAIN FX LTD.** *d/b/a*
**THE TRADERS DOMAIN**, *et al.*,

    *Defendants*.
_____/

## ORDER GRANTING RECEIVER'S MOTION AUTHORIZING SALE OF PROPERTY

The Court-Appointed Receiver in this case, Kelly Crawford, asks us "for limited temporary relief from stay and for [an] order authorizing the sale of certain real property of Receivership Defendants Robert Collazo and Juan Herman[.]" Motion for Sale of Property [ECF No. 39] at 1. The Receiver has discovered that the Eleventh Judicial Circuit Court in and for Miami-Dade County, Florida, has ordered Defendants Collazo and Herman to sell certain property in Bimini, the Bahamas, "with the proceeds of the sale to be held in the trust account of Assignee's counsel pending further order of the court[.]" *Id.* at 4; *see also generally In re: Assignment for the Benefit of Creditors of Algo Capital, LLC*, No. 2023-27763-CA-01 (Fla. 11th Cir. Ct. Dec. 5, 2023).

Although the stay and statutory restraining order we imposed in this case currently prevents the Defendants from selling the Bimini properties, the Receiver recommends that we allow the sale "to maximize the value of the asset" and generate "substantial proceeds that may be used to help satisfy disgorgement, prejudgment interest, and penalties, distributions to investors as part of a Court-approved distribution plan, and expenses for the operation of the Receivership[.]" *Id.* at 5. The Receiver represents that none of the parties in this case object to the sale of the properties—and, of

course, that "Collazo and Herman [already] agreed to the sale of the Bimini Properties" in the pending state-court matter. *Id.* at 8.

The Receiver's Motion [ECF No. 39] is **GRANTED**, as he has made a sufficient and proper showing in support of the relief requested.[1] We approve and authorize the proposed sales of the property described in the Motion and order a limited relief from the stay for the purpose of those sales. The property is described as:

> ALL THAT piece parcel or lot of land situate in the Island of North Bimini one of the Islands of the Commonwealth of The Bahamas comprising Lot Number Two (2) in Block Number Twenty-three (23) of the "Rockwell Island Subdivision."
>
> ALL THAT piece parcel or lot of land situate in the Island of North Bimini one of the Islands of the Commonwealth of The Bahamas comprising Lot Number Five (5) in Block Number Twenty-two (22) of the "Rockwell Island Subdivision".
>
> and
>
> ALL THAT piece parcel or lot of land situate in the Island of North Bimini one of the Islands of the Commonwealth of The Bahamas comprising Lot Number Seven (7) in Block Number Twenty-four (24) of the "Rockwell Island Subdivision".
>
> ALL THAT piece parcel or lot of land situate in the Island of North Bimini one of the Islands of the Commonwealth of The Bahamas comprising Lot Number Seventeen (17) in Block Number Twenty-two (22) of the "Rockwell Island Subdivision".

(together, the "Bimini Properties"). These properties **SHALL** be sold for the prices set forth in the Motion, and the proceeds of the sales shall be deposited into the trust account of Assignee Philip J. Von Kahle's counsel, Bast Amron LLP, to be held in escrow pending further order of this Court and, as described in the Motion, the court in the Algo Capital ABC.

---

[1] Although 28 U.S.C. § 2001 imposes certain restrictions on judicially-authorized sales, § 2004 also gives courts the discretion to waive these requirements. *See* 28 U.S.C. § 2004 ("Any personalty sold under any order or decree of any court of the United States shall be sold in accordance with section 2001 of this title, unless the court orders otherwise."); *see also, e.g.*, *Fed. Trade Comm'n v. EM Sys. & Servs., LLC*, 2016 WL 11110381, at *3 (M.D. Fla. Mar. 4, 2016) (Jenkins, Mag. J.) ("Courts in the Middle District and elsewhere have exercised their discretion in relieving receivers from the judicial sale requirements of 28 U.S.C. §§ 2001, 2004."). For the reasons stated in this Order and the Receiver's Motion, we find that the Receiver can sell the properties without strictly complying with § 2001.

**DONE AND ORDERED** in the Southern District of Florida on October 28, 2024.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record