**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 24-cv-23745-ALTMAN**

**COMMODITY FUTURES**
**TRADING COMMISSION**,

*Plaintiff*,

*v.*

**TRADERS DOMAIN FX LTD.** *d/b/a*
**THE TRADERS DOMAIN**, *et al.*,

*Defendants.*
_______________________________________/

**CONSENT ORDER OF PRELIMINARY INJUNCTION**
**AS TO DEFENDANT FORTINI**

The Plaintiff's Motion to Approve Proposed Consent Order as to Defendant Fortini [ECF No. 37] is **GRANTED**. On September 30, 2024, our Plaintiff Commodity Futures Trading Commission ("CFTC" or "Commission") filed a Complaint for Injunctive Relief, Civil Monetary Penalties, Restitution, and Other Equitable Relief, against Traders Domain FX LTD. d/b/a/ The Traders Domain; Ares Global Ltd. d/b/a/ Trubluefx; Fredirick Teddy Joseph Safranko a/k/a Ted Safranko; David William Negus-Romvari; Algo Capital LLC; Algo FX Capital Advisor, LLC, n/k/a Quant5 Advisor, LLC; Robert Collazo, Jr.; Juan Herman a/k/a JJ Herman; John Fortini; Steven Likos; Michael Shannon Sims; Holton Buggs, Jr.; Centurion Capital Group Inc.; Alejandro Santiestaban a/k/a Alex Santi; Gabriel Beltran; and Archie Rice, alleging that from at least November 2019 to the present, the Defendants in this action orchestrated a fraudulent scheme to solicit funds for the purpose of trading leveraged or margined retail commodity transactions, specifically gold-to-U.S. dollar pairs ("XAU/USD"), as well as assorted other commodities, through pooled and individual accounts. *See generally* Complaint [ECF No. 1]. Contemporaneously, the Commission filed an *Ex Parte* Motion for

Statutory Restraining Order, Appointment of a Temporary Receiver, and Other Equitable Relief ("SRO Motion"). *See* [ECF No. 5].

On October 2, 2024, the Court held an *ex parte* hearing on the Commission's SRO Motion. The Court granted the Commission's SRO Motion, determining, among other things, that the Commission made a *prima facie* showing that Defendants violated numerous provisions of the Commodity Exchange Act ("Act"), including 7 U.S.C. §§ 6b(a)(2)(A)–(C), 6k(2), 6m(1), and 6*o*(1)(A)-(B), and Commission Regulations ("Regulations"), 17 C.F.R. §§ 4.20(a)(1), (b)–(c) (2024). *See* Order Granting SRO Motion [ECF No. 10]. Because the Commission is likely to succeed on the merits in this action and there is a reasonable likelihood that Defendants will transfer or dissipate assets or destroy records, the Court also found good cause to grant a restraining order freezing Defendants' assets, allowing inspection of Defendants' records, appointing Kelly Crawford as Temporary Receiver, and granting expedited discovery. *See id.* at 19–22. The SRO also found that the Commission established good cause for issuing a preliminary injunction against the Defendants, and set a Show Cause Hearing for November 12, 2024, at 2:00 p.m. *See* Oct. 24, 2024 Paperless Order [ECF No. 36].

Defendant John Fortini, without admitting or denying the allegations of the Complaint for the purposes of this Consent Order of Preliminary Injunction and Other Equitable Relief as to Defendant John Fortini ("Order"), except as to jurisdiction and venue, which he admits, consents to the entry of this Order and states that his consent is entered voluntarily and that no promise or threat has been made by the Commission or any member, officer, agent or representative thereof, to induce Defendant to consent to this Order.

Defendant consents to the entry of this Order and to the use of this Order in this proceeding and the parties agree that it has no collateral estoppel effect in any parallel state or federal criminal proceedings, *i.e.*, the entry of this Order is just for these proceedings and should not prejudice or impair Defendant's constitutional civil rights in any parallel criminal proceeding. The parties further

agree that entry of this Order is not a waiver of the Defendant's constitutional right to assert a Fifth Amendment privilege in this or any parallel proceeding.

**THE PARTIES AGREE AND THE COURT FINDS** that:

1. The Court possesses jurisdiction over the parties and over the subject matter of this action pursuant to 7 U.S.C. § 13a-1, which authorizes the CFTC to seek injunctive relief against any person whenever it shall appear that such person has engaged, is engaging, or is about to engage in any act or practice constituting a violation of any provision of the Act or any rule, regulation or order thereunder.

2. Venue properly lies in this District, pursuant to 7 U.S.C. § 13a-1(e), in that Defendants transacted business in this district, and the alleged actions and practices in violation of the Act have allegedly occurred, are occurring, or are about to occur within this district, among other places.

3. Defendant acknowledges receipt of the Summons, Complaint, and all other filings and orders entered herein.

4. Defendant waives the entry of findings of fact and conclusions of law in this action under Fed. R. Civ. P. 52(a)(2).

## I. Definitions

For the purposes of this Order, the following definitions apply:

5. The term "assets" encompasses any legal or equitable interest in, right to, or claim to, any real or personal property, whether individually or jointly, directly or indirectly controlled, and wherever located, including but not limited to: chattels, goods, instruments, equipment, fixtures, general intangibles, effects, leaseholds, mail or other deliveries, inventory, checks, notes, accounts (including, but not limited to, bank accounts and accounts at other financial institutions), credits, receivables, lines of credit, contracts (including spot, futures, options, or swaps contracts), insurance policies, and all funds, wherever located, whether in the United States or outside the United States.

6. The term "records" encompasses "documents" and "electronically stored

information" as those terms are used in Fed. R. Civ. P. 34(a), and includes, but is not limited to, all writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or other data compilations—stored in any medium from which information can be obtained or translated, if necessary, into reasonably usable form. The term "records" also refers to each and every such item in Defendant's actual or constructive possession, including but not limited to: (i) all such items within the custody or control of any agents, employers, employees, or partners of the Defendant and; and (ii) all items which Defendant has a legal or equitable right to obtain from another person. A draft or non-identical copy is a separate item within the meaning of the term. A record also includes the file and folder tabs associated with each original and copy.

7. "Defendants" refers collectively to Traders Domain FX LTD. d/b/a/ The Traders Domain, Ares Global Ltd. d/b/a/ Trubluefx; Fredirick Teddy Joseph Safranko a/k/a Ted Safranko; David William Negus-Romvari; Algo Capital LLC; Algo FX Capital Advisor, LLC, n/k/a Quant5 Advisor, LLC; Robert Collazo, Jr.; Juan Herman a/k/a JJ Herman; John Fortini; Steven Likos; Michael Shannon Sims; Holton Buggs, Jr.; Centurion Capital Group, Inc.; Alejandro Santiestaban a/k/a Alex Santi; Gabriel Beltran; and Archie Rice, and/or any person insofar as he or she is acting in the capacity of an officer, agent servant, employee, and/or attorney of Defendant and any person or entity who receives actual notice of this Order by personal service or otherwise insofar as he, she or it is acting in concert or participation with Defendant. "Defendant" refers individually to John Fortini.

## II. <u>Preliminary Injunctive Relief</u>

8. Defendant and his agents, servants, employees, assigns, attorneys, and persons in active concert or participation with him, including any successors thereof, who receive actual notice of this Order by personal service or otherwise, are preliminarily restrained and enjoined from directly or indirectly violating the Act and Commission Regulations as charged in the Complaint.

9. Defendant and his agents, servants, employees, assigns, attorneys, and persons in

active concert or participation with him, including any successors thereof, who receive actual notice of this Order by personal service or otherwise, are preliminarily restrained and enjoined from, directly or indirectly:

a. trading on or subject to the rules of any registered entity (as that term is defined by 7 U.S.C. § 1a(40));

b. entering into any transactions involving "commodity interests" (as that term is defined in Regulation 17 C.F.R. § 1.3 (2024)), for accounts held in the name of any Defendant or for accounts in which any Defendant has a direct or indirect interest;

c. having any commodity interests traded on any Defendant's behalf;

d. controlling or directing the trading for or on behalf of any other person or entity, whether by power of attorney or otherwise, in any account involving commodity interests;

e. soliciting, receiving, or accepting any funds from any person for the purpose of purchasing or selling of any commodity interests;

f. applying for registration or claiming exemption from registration with the CFTC in any capacity, and engaging in any activity requiring such registration or exemption from registration with the CFTC except as provided for in Regulation 17 C.F.R. § 4.14(a)(9) (2024); and

g. acting as a principal (as that term is defined in Regulation 17 C.F.R. § 3.1(a) (2024)), agent, or any other officer or employee of any person (as that term is defined in 7 U.S.C. § 1a(38) (2024)), registered, exempted from registration, or required to be registered with the CFTC except as provided for in 17 C.F.R. § 4.14(a)(9).

10. Defendant is restrained and enjoined from directly or indirectly opening or causing to be opened any safe deposit boxes titled in the name of, or subject to, access by any Defendant.

11. This Order shall apply to any assets derived from or otherwise related to the activities alleged in the Commission's complaint, regardless of when the asset was obtained. However, the assets affected by this Order shall not include assets obtained after the effective date of this Order, to the extent such assets are not derived from or otherwise related to the activities alleged in the Commission's complaint.

12. Any financial or brokerage institution, business entity, or person that holds, controls, or maintains custody of any account or asset titled in the name of, held for the benefit of, or otherwise under the control of any Defendant, or has held, controlled, or maintained custody of any such account or asset of any Defendant at any time since October 1, 2021, who receives notice of this Order by personal service or otherwise, are hereby notified that this Order prohibits Defendant and all other persons from withdrawing, removing, assigning, transferring, pledging, encumbering, disbursing, dissipating, converting, selling or otherwise disposing of Defendant's assets, except as directed by further order of the Court; provided, however, nothing in this Order shall limit the discretion of any compliance official of any retail foreign exchange dealer or futures commission merchant with which Defendant maintains an account to liquidate, or close out, any and all open positions in any of the Defendant's accounts, in a prompt and orderly fashion to avoid losses due to the asset freeze required by this Order.

## III. Maintenance Of and Access to Business Records

13. Defendant and his agents, servants, employees, assigns, attorneys, and/or persons in active concert or participation with him, including any successors thereof, who receive actual notice of this Order by personal service or otherwise, are restrained from directly or indirectly destroying, mutilating, erasing, altering, concealing or disposing of, in any manner, directly or indirectly, any documents that relate to the business practices or business or personal finances of Defendant. Absent an assertion of the Defendant's right against self-incrimination under the Fifth Amendment or a claim

that the records are otherwise protected by privilege, representatives of the Commission shall be immediately allowed to inspect the books, records, and other documents of Defendant and his agents, including, but not limited to, paper documents, ESI, tape recordings, and computer discs, wherever they may be situated and whether they are in the possession of Defendant or others, and to copy said documents, data and records, either on or off the premises where they may be situated.

14. Absent an assertion of the Defendant's right against self-incrimination under the Fifth Amendment or a claim that the information is otherwise protected by privilege, Defendant shall, within twenty-four (24) hours of the service of this Order upon them, cause to be prepared and delivered to the Commission, a detailed and complete schedule of all passwords, if any, for any encrypted ESI in the possession or control of any Defendant that relate to the business practices of Defendant or the business or personal finances of Defendant. Absent an assertion of the Defendant's right against self-incrimination under the Fifth Amendment or a claim that the records are otherwise protected by privilege, Defendant shall, within twenty-four (24) hours of the service of this Order upon them, cause to be prepared and delivered to the Commission, a detailed and complete schedule of all desktop computers, laptop computers and/or other computers owned and/or used by them in connection with their business, if any. The schedules required by this section shall include at a minimum the make, model and description of each, along with the location, the name of the person primarily assigned to use the computer, and all passwords necessary to access and use the software contained on the computer. Absent an assertion of the Defendant's right against self-incrimination under the Fifth Amendment or a claim that the records are otherwise protected by privilege, the Commission and/or its representative shall be authorized to make an electronic, digital or hard copy of all of the data contained on the computer(s).

15. **Within five (5) days following the service of this Order**, absent an assertion of the Defendant's right against self-incrimination under the Fifth Amendment or a claim that the records

are otherwise protected by privilege, Defendant shall provide the Commission immediate access to all records of Defendant held by financial institutions located within or outside the territorial United States, if any, by signing the Consent to Release of Financial Records attached to this Order and submitting same to counsel for the Commission.

16. Absent an assertion of the Defendant's right against self-incrimination under the Fifth Amendment or a claim that the records are otherwise protected by privilege, Defendant shall provide the Commission within ten (10) calendar days of the date of this Order, a complete and accurate accounting of all of Defendant's assets and liabilities from October 21, 2021, to the present, wherever located, together with all funds Defendant received from and paid to others, if any, in connection with futures, foreign currency, gold-U.S. dollar pair, commodity interest transactions or purported futures and any other trading, including equities and digital assets. Such accountings shall include, without limitation, the identification of:

a. all funds, securities, commodity interests, assets and other property currently owned or controlled (legally, equitably or otherwise) directly or indirectly by Defendant, whether individually or jointly, if any, including accounts or assets of Defendant held by financial institutions located inside and outside the territorial United States;

b. all funds, securities, commodity interests, assets and other property received directly or indirectly by Defendant, if any, describing the source, amount, disposition, and current location of each listed item, including accounts or assets of Defendant held by financial institutions located inside and outside the territorial United States;

c. all funds, securities, commodity interests, assets and other property transferred or otherwise disposed of directly or indirectly by Defendant, if any, describing the source, amount, disposition, and current location of each listed item, including accounts or assets of Defendant held by financial institutions located inside and outside the

territorial United States;

d. the names and last known addresses, phone numbers, and email addresses of each client of Defendant from October 1, 2021, to the present, if any, including the dates of all funds transferred from clients to any Defendant or any other person or entity at the direction of any Defendant for the purpose of trading XAU/USD, and any corresponding returns of funds to clients; and

e. the names and last known addresses of each bailee, debtor or other person or entity currently holding any funds, securities, commodity interests, assets or other property owned or controlled (legally, equitably or otherwise) by Defendant, if any.

## IV. Appointment Of Receiver

17. Kelly Crawford previously appointed by the Court as Temporary Receiver pursuant to the SRO, is appointed Receiver with the full powers of an equity receiver for Defendants and their affiliates or subsidiaries owned or controlled by Defendants (hereinafter referred to as the "Receivership Defendants"), and of all records, and all funds, properties, premises, accounts, income, now or hereafter due or owing to the Receivership Defendants, and other assets directly or indirectly owned, beneficially or otherwise, by the Receivership Defendants.

18. The Receiver shall be the agent of this Court in acting as Receiver under this Order.

19. The directions, authorizations, duties, and powers of the Temporary Receiver under the SRO, including but not limited to those enumerated in Section IV, are granted in full to the Receiver, Kelly Crawford, and incorporated in full herein as part of the Order.

## V. Cooperation With Receiver

20. Defendant, and all other persons or entities served with a copy of this Order, shall continue to cooperate fully with and assist the Receiver. This cooperation and assistance shall include, but not be limited to, providing any information to the Receiver that the Temporary Receiver deems

necessary to exercising the authority as provided in this Order, provided that supplying of information does not infringe upon the Defendant's Fifth Amendment privilege; and discharging the responsibilities of the Receiver under this Order, and advising all persons who owe money to the Receivership Defendants that all debts should be paid directly to the Receiver.

## VI. Turning Over Property to The Receiver

21. Upon service of this Order, and to the extent Defendant has not done so pursuant to the SRO and absent an assertion of the Defendant's right against self-incrimination under the Fifth Amendment or a claim that the records are otherwise protected by privilege, Defendant, and any other person or entity served with a copy of this Order, shall immediately or within such time as permitted by the Receiver in writing, deliver over to the Receiver:

a. Possession and custody of records of the Receivership Defendant in connection with his business activities and business and personal finances, if any, including but not limited to, all books and records of accounts, all financial and accounting records, balance sheets, income statements, bank records (including monthly statements, canceled checks, records of wire transfers, and check registers), client lists, title documents and other records of the Receivership Defendant;

b. possession and custody of all funds, assets, property, and all other assets, owned beneficially or otherwise, if any, wherever situated, of the Receivership Defendant;

c. possession and custody of all funds and other assets belonging to members of the public now held by the Receivership Defendant, if any;

d. all keys, computer or cloud computing passwords, entry codes, and combinations to locks necessary to gain or to secure access to any of the assets or records of the Receivership Defendants, if any, including but not limited to, access to any Receivership Defendant's business premises, means of communication, accounts,

computer systems, mobile electronic devices or other property; and

e. information identifying the accounts, employees, properties or other assets or obligations of the Receivership Defendants, if any.

## VII. Reasonable and Necessary Living Expenses

22. Within five business days of the entry of this Order, the parties will negotiate in good faith for a carve-out for reasonable and necessary living expenses—on a monthly basis—to be generated solely from any prospective earnings, bonuses, and/or other after-acquired income from newfound employment described in Section VIII, *infra*. The parties will also negotiate in good faith for a carve-out for reasonable and necessary legal fees or payments to the Internal Revenue Service (IRS) in addition living expenses, with the understanding that such fees and payments will need to be paid from time to time but may not have a regular schedule comparable to monthly living expenses.

23. The Court will entertain an application for reasonable and necessary living expenses, legal fees and IRS payments upon proper written submission by the parties jointly or by Defendant. Plaintiff and/or the Receiver may object or otherwise respond to such application by the Defendant.

## VIII. Restricted Business Activities and Employment

24. Defendant wishes to seek gainful employment to cover reasonable and necessary living expenses.

25. Only specific prospective earnings, bonuses, and/or other after-acquired income, salary, wages, commissions, dividends, draws, or other forms of compensation or passive income from any newfound employment or activity that does not arise out of or is related to a Restricted Activity, as hereafter defined ("New Income") will be excluded from the restraints imposed by the Order for the limited purpose of covering Defendant's agreed-to reasonable living expenses and attorneys' fees pursuant to the process described in Section VII, *supra*, and subject to the restrictions in this Section.

26. Defendant agrees that he will not engage in any activity related to commodities, or

derivatives, including but not limited to soliciting, receiving, or accepting any funds from any person or entity for the purpose of purchasing, selling, or otherwise investing in commodities, derivatives, virtual currency, binary options, or foreign currency (the "Restricted Activity") or receive any income, salary, wages, commissions, dividends, draws, or other forms of compensation or passive income from any person or entity engaged in said activities.

27. Within two days of entry of this Order or of securing any New Income in the future, Defendant shall provide the name and address of the employer, person, or entity, as well as the name of a contact person and telephone number from its personnel office to Plaintiff and the Receiver.

28. Within ten days of this Order, Defendant shall open a single new bank account in his name to deposit any New Income, and to withdraw such funds for reasonable and necessary living expenses, legal fees and IRS payments as ordered by the Court. The Receiver shall have unfettered access to these new accounts. Within twenty-four (24) hours of opening such a new bank account, Defendant shall provide complete information to the Receiver about the account, including the name of the bank, address, telephone number, and account number.

29. Any and all other bank accounts in the name of any Defendant shall remain subject to the terms of the Order that prohibits Defendant from transferring, removing, dissipating, or otherwise disposing of any asset.

30. All dispositions of funds from the new bank account authorized by this Order until further order of the Court, shall also be subject to monitoring by the Receiver. The Receiver is authorized to obtain copies of any and all bank statements.

## IX. <u>Persons Bound by This Order</u>

31. This Order is binding on any person who receives actual notice of this Order by personal service or otherwise and is acting in the capacity of an officer, agent, servant, employee or attorney of Defendant, or is in active concert or participation with the Defendant.

## X. Stay On Actions Against the Receivership Defendant

32. Except by leave of the Court, during the pendency of the receivership ordered herein, Defendant and all other persons and entities shall be and hereby are stayed from taking any action (other than the present action by the Commission) to establish or enforce any claim, right or interest for, against, on behalf of, in, or in the name of, the Receivership Defendant, the Receiver, the Receivership Estate, or the Receiver's duly authorized agents acting in their capacities as such, including but not limited to, the following actions:

a. petitioning, or assisting in the filing of a petition, that would cause the Receivership Defendants to be placed in bankruptcy;

b. commencing, prosecuting, litigating, or enforcing any suit or proceeding against the Receivership Defendant, or any of their subsidiaries or affiliates, except that such actions may be filed to toll any applicable statute of limitations;

c. commencing, prosecuting, continuing, or entering any suit or proceeding in the name or on behalf of the Receivership Defendant, or any of their subsidiaries, or affiliates;

d. accelerating the due date of any obligation or claimed obligation, enforcing any lien upon, or taking or attempting to take possession of, or retaining possession of, property of the Receivership Defendant, or any of their subsidiaries or affiliates or any property claimed by any of them, or attempting to foreclose, forfeit, alter, or terminate any of the Receivership Defendant's interests in property, including without limitation, the establishment, granting, or perfection of any security interest, whether such acts are part of a judicial proceeding or otherwise;

e. using self-help or executing or issuing, or causing the execution or issuance of, any court attachment, subpoena, replevin, execution, or other process for the purpose of impounding or taking possession of or interfering with, or creating or enforcing a lien

upon any property, wherever located, owned by or in the possession of the Receivership Defendant, or any of his subsidiaries or affiliates, or the Receiver, or any agent of the Receiver; and

f. doing any act or thing whatsoever to interfere with the Receiver taking control, possession, or management of the property subject to the receivership, or to in any way interfere with the Receiver or to harass or interfere with the duties of the Receiver; or to interfere in any manner with the exclusive jurisdiction of this Court over the property and assets of the Receivership Defendant, or his subsidiaries or affiliates.

Provided, however, that nothing in this section shall prohibit any federal or state law enforcement or regulatory authority from commencing or prosecuting an action against the Receivership Defendant and the Receivership Defendant shall be allowed to address and contest such action, including by using funds discussed in Section VII, *supra*.

## XI. Violations Of the Act and Regulations

33. Defendant, his officers, agents, servants, employees, successors, assigns and/or attorneys, and all other persons in active concert or participation with Defendant who receive actual notice of this Order by personal service or otherwise, are hereby restrained, enjoined, and prohibited during the pendency of this action and until further order of the Court, from violating the Act and Commission Regulations as charged in the Complaint.

## XII. Bond Not Required of Plaintiff

34. As Plaintiff Commission is an agency of the United States of America which has made a proper showing under 7 U.S.C. 13a-1(b), this injunction is granted without bond. Accordingly, the Commission need not post a bond.

**XIII. Service Of Order**

35. Copies of this Order may be served by any means, including electronic mail, facsimile transmission and United Parcel Service, upon any financial institution or other entity or person that may have possession, custody, or control of any documents or assets of Defendants, or that may be subject to any provision of this Order.

**XIV. Service On the Commission**

36. Defendant shall comply with all electronic filing rules and requirements of the U.S. District Court for the Southern District of Florida and shall serve all pleadings, correspondence, notices required by this Order, and other materials on the Commission by delivering a copy to Alison B. Wilson, and Sean P. Hennessy, Division of Enforcement, Commodity Futures Trading Commission, 1155 21st Street, N.W., Washington, D.C. 20581, by electronic filing, e-mail, personal delivery or courier service (such as Federal Express or United Parcel Service) and not by regular mail due to potential delay resulting from heightened security and decontamination procedures applicable to the Commission's regular mail.

**XV. Force and Effect**

37. This Preliminary Injunction Order shall remain in full force and effect until further order of the Court, and the Court shall retain jurisdiction over this action to ensure compliance with this Order and for all other purposes related to this action. Nothing herein shall prevent any party from seeking relief from or amendments to this Order.

**DONE AND ORDERED** in the Southern District of Florida on October 31, 2024.

**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

**CONSENTED TO AND APPROVED BY:**

**PLAINTIFF COMMODITY FUTURES TRADING COMMISSION,**

*/s/ Alison B. Wilson*
ALISON B. WILSON (FL Bar A5503268)
KELLY M. FOLKS (FL Bar A5503269)
SEAN HENNESSY (FL Bar A5503270)
SARAH M. WASTLER (FL Bar A5503271)
Attorneys for Plaintiff
COMMODITY FUTURES
TRADING COMMISSION
1155 21st Street, N.W.
Washington, D.C. 20581
Telephone: (202) 418-5000
awilson@cftc.gov
kfolks@cftc.gov
shennessy@cftc.gov
swastler@cftc.gov

Dated: October 24, 2024

**DEFENDANT, JOHN FORTINI**

*/s/ Walter M. Norkin*
Walter M. Norkin, Esq.
FL Bar No. 1022653
Akrivis Law Group PLLC
One SE Third Avenue, Ste. 2120
Miami, Florida 33131
Telephone: 305-359-6399
Email: wnorkin@akrivislaw.com

Dated: October 24, 2024