UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 24-CV-23745-RKA

COMMODITY FUTURES )
TRADING COMMISSION )
  )
    *Plaintiff* )
  )
vs. )
  )
TRADERS DOMAIN FX LTD. *d/b/a* )
THE TRADER DOMAIN, *et al.*, )
  )
    *Defendants*. )
  )

**ROBERT COLLAZO'S MOTION TO DISMISS COUNTS 1 AND 2 OF THE COMPLAINT**

FELDMAN FIRM PLLC
150 Southeast 2nd Avenue
Suite 600
Miami, Florida 33131
Direct: 305.714.9474
Email: afeldman@feldmanpllc.com
Office: 305.714.9474
Florida Bar No. 60325
*Attorney for Robert Collazo*

INTRODUCTION

This Court should dismiss Counts 1-2 against Mr. Collazo. *See* Fed. R. Civ. P. 12(b)(6); Fed. R. Civ. P. 9(b). The allegations in the lengthy Complaint lump together a host of defendants involved in disparate and distinct conduct, including Mr. Collazo, but the Complaint fails to plead fraud with particularity in contravention of Rule 9(b). In fact, even though Mr. Collazo is referenced a total of **74 times**, the CFTC's complaint fails to identify a single statement – including a false statement or representation – that Mr. Collazo made individually to an investor (including a named investor). Not one. The Complaint also fails to attribute any specific intentional fraudulent conduct to Mr. Collazo (dates, times, places).

Similarly, this failure to plead fraud with particularity also taints the CFTC's control person liability theory – that Mr. Collazo was liable as a control person of Algo Capital -- because even under that alternative theory, the CFTC must plead fraud with particularity which they fail to do here.

In the alternative, Mr. Collazo seeks a more definite statement as to his supposed fraudulent conduct comprising Counts 1-2 and the dates during which that conduct occurred. See Fed. R. Civ. P. 12(e).

LEGAL STANDARD

Under the Federal Rules of Civil Procedure, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 555, 570 (2007)). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Bell Atl. Corp.*, 550 U.S. at 557). To survive a motion to dismiss for failure to state a claim, a plaintiff must plead sufficient facts to state a claim that is

"plausible on its face." *Ashcroft*, 556 U.S. at 678 A claim is plausible on its face when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678; *MSP Recovery Claims v. Caring Voice Coal.*, 21-21317-Civ-GAYLES/TORRES, at *6 (S.D. Fla. July 21, 2022) ("Similarly, "unwarranted deductions of fact" in a complaint are not admitted as true for the purpose of testing the sufficiency of plaintiff's allegations. "); *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015) (holding the purpose of Rules 8 and 10 of the Federal Rules of Civil Procedure is "to require the pleader to present his claims discretely and succinctly, so that, his adversary can discern what he is claiming and frame a responsive pleading"); *Harman v. Taurus Int'l Mfg.*, CIVIL ACT. 3:21-cv-98-ECM (WO), at *19 n.[7] (M.D. Ala. Mar. 15, 2023)(dismissing claims).

Furthermore, Federal Rule of Civil Procedure 9(b) imposes a heightened pleading requirement for allegations of fraud and the question of whether a complaint satisfies Rule 9(b) is decided on a case-by-case basis, but even detailed portrayals of fraudulent schemes followed by conclusions that false claims must have been submitted is insufficient. *See United States ex rel. Atkins v. McInteer,* 470 F.3d 1350, 1358 (11th Cir. 2006).

At its base, Rule 9(b) requires a plaintiff to allege "(1) the precise statements, documents, or misrepresentations made; (2) the time, place, and person responsible for the statement; (3) the content and manner in which these statements misled the Plaintiffs; and (4) what the defendants gained by the alleged fraud." *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1380-81 (11th Cir. 1997), citing *Vicom, Inc. v. Harbridge Merchant Servs., Inc.* (7th Cir. 1994) (cleaned up) ("As the Seventh Circuit noted in *Vicom*: Because fair notice is "[p]erhaps the most basic consideration" underlying Rule 9(b), the plaintiff who pleads fraud must

"reasonably notify the defendants of their purported role in the scheme." Therefore, in a case involving multiple defendants . . . "the complaint should inform each defendant of the nature of his alleged participation in the fraud."'") This means where multiple defendants are involved, the complaint must contain sufficient, specific allegations with respect to each defendant rather than lumping all defendants together. *See Ambrosia Coal & Constr. Co. v. Pages Morales*, 482 F.3d 1309, 1317 (11th Cir. 2007).

<u>FACTUAL ALLEGATIONS RELATED TO COLLAZO</u>

Despite the 100-plus page lawsuit, the CFTC fails to provide specific factual allegations related to Mr. Collazo can be distilled as follows:

- The CFTC alleges that Algo Defendants engaged in certain conduct but there are no fraud allegations specific to Mr. Collazo. See ¶¶ 101, 103, 104, 106, 107, 108, 109, 110, 111, 113, 114, 115, 116, 117, 118, 119, 120, 121, 122, 123, 124, 125, 126, 127, 128, 129, 130, 131, 132, 133, 135, 136, 138, 139, 140, 141, 146, 147, 148, 150, 151, 152, 154, and 155.

- In August of 2019, prior to the relevant Algo period in the Complaint, Collazo met with Mr. Safranko in Miami. ¶102

- In unspecified communications (or dates thereof), Mr. Collazo received copies of customer agreements. ¶108

- Algo used a Docusign account which was used by Mr. Collazo. ¶111

- Customers deposited funds into accounts (which accounts) controlled by Mr. Collazo. ¶114, 122, 142, 143, 144, 145

- On or about August of 2022, Collazo supposedly received a link to CFTC's publicly available website regarding Traders Domain being placed on Red list. ¶ 118

- December 6, 2022, an email was drafted by Collazo, Fortini and other agents of Algo to customers starting that the broker expects to permit withdrawals from customer accounts in the coming months. ¶127

- On October 11, 2022, Collazo was involved in drafting an email to customers about a glitch in the system which resulted in clients' losses in trading. ¶134

- Collazo misappropriated customers funds and "paid Ponzi-style payments." ¶¶149 and 156

- On October 7, 2022, $99,000 of a customer deposit was sent to a business controlled by Collazo *or Herman*. ¶153.

ARGUMENT

### A. The Fraud Counts 1-2 Must be Dismissed Because CFTC Fails to Plead Fraud with Particularity and Mr. Collazo is Improperly Lumped Together with Every Other Defendant and/or as an Algo Defendant

Counts 1-2 must be dismissed because they fail to meet Rule 9(b)'s heightened standard for pleading fraud with particularity. Most critically, there is not a single specific false statement or representation that is attributable to Mr. Collazo. Instead, the CFTC improperly lumps Mr. Collazo together with several other defendants listing him (and everyone else) as an Algo Defendant leaving Mr. Collazo to guess as to the relevant conduct, which is attributable to him, as opposed to any other defendant. *Lane vs. Capital Acquisitions & Mgmt.. Co.,* 04-60602 CIV, 2006 WL 4590705, at *5 (S.D. Fla. Apr. 14, 2006) (holding that "[t]he Complaint fails to differentiate among the defendants, alleging instead violations by a collective 'defendant' even though there are five defendants."); *Serefex Corp. v. Hickman Holdings, LP*, 695 F. Supp. 2d 1331, 1342 (M.D. Fla. 2010) (other citations omitted) (dismissing fraud claims noting that "lumping together defendants in a fraud claim is insufficient and "the complaint should inform each defendant of the nature of his alleged participation in the fraud.""); *Petrovic vs. Princess Cruise Lines, Ltd.,* 12-21588-CIV, 2012 WL 3026368, at *5 (S.D. Fla. 2012) ("it is not for the Court or the parties to speculate as to the identity of the defendants these allegations are levied against as the burden rests on the plaintiff to provide fair notice of the grounds for the claims made against each of the defendants.").

For example, and as listed above, Mr. Collazo is frequently lumped together with Herman, Fortini, Likos, or unknown agents or employees. *See e.g.* ¶¶ 101, 103, 104, 106, 107, 108, 109, 110, 111, 113, 114, 115, 116, 117, 118, 119, 120, 121, 122, 123, 124, 125, 126, 127, 128, 129, 130, 131, 132, 133, 135, 136, 138, 139, 140, 141, 146, 147, 148, 150, 151, 152, 154, and 155. This form of pleading fails to provide Mr. Collazo with the requisite level of notice regarding his fraudulent conduct.

The closest the CFTC comes to individualizing any Collazo conduct is with the allegations related to emails to customers on October 7 and 11 of 2022 which Mr. Collazo supposedly co-authored. ¶134, ¶153. Even so, Rules 8 and 9(b) do not require the court to simply accept the legal conclusion – that those statements were made with scienter and were false – as true even on a motion to dismiss. *United States ex rel. Graves v. Plaza Med. Ctrs. Corp.*, Case Number: 10-23382-CIV-MORENO, at *7 (S.D. Fla. Oct. 7, 2014) ("The bare assertion that "Defendants conspired" to violate the False Claims Act is entirely conclusory, and legal conclusions are insufficient under Fed. R. Civ. P. 8(a)(2) and certainly under the heightened Rule 9(b) standard."); *see also Commodity Futures Trading Commission v. Cloud*, CIVIL ACTION H-10-706, at *10 (S.D. Tex. Mar. 24, 2011), citing *Drexel Burnham Lambert, Inc. v. CFTC*, 850 F.2d 742, 748 (D.C. Cir. 1988) ("Scienter requires proof that a defendant committed the alleged wrongful acts "intentionally or with reckless disregard for his duties under the Act."); *Corsello v. Lincare, Inc.,* 428 F.3d 1008, 1014 (11th Cir. 2005) (dismissing conspiracy claim where the "bare legal conclusion" that defendant "conspired to defraud the Government" was not supported by specific factual allegations that they had entered an agreement or committed an overt act."); *See also Funding Metrics, LLC v. Decision One Debt Relief LLC*, CASE NO.: 18-81061-CIV-Bloom/Reinhart, at *16 (S.D. Fla. Feb. 22,

2019) (dismissing RICO claim against certain defendants reasoning that "these allegations fall short of alleging a plausible claim that Veritas, Angelo Anzalone, Sara Anzalone, Castaldo, or Smith had the requisite intent to join a scheme to defraud. Similarly, they fall short of pleading a plausible claim that the Veritas Defendants were aware of fraudulent actions by the Decision One Defendants that are alleged in the Complaint."). And, ascribing those statements to Mr. Collazo does not tell Mr. Collazo what he "gained by the alleged fraud." *Brooks*, 116 F.3d at 1381.

In another section of the Complaint, the CFTC claims that Mr. Collazo misappropriated investor assets but then it fails to adequately allege how he (or anyone else) did so, and to which business (Herman or Collazo) those funds flowed. ¶153.

Lastly, in the remaining sections which are specific to Mr. Collazo the Complaint, read in favor of the CFTC, does not allege fraudulent or deceptive conduct. Instead, the CFTC alleges that Mr. Collazo was an owner, had access to bank accounts, had access to a DocuSign account, had access to a publicly available link on the CFTC website about Traders Domain, and received customer agreements. This is not enough to satisfy Rule 9(b)'s elevated standard for pleading fraud.

For these reasons, Counts 1-2 must be dismissed.

### B. The Alternate Theory of Control Person Fraud is Not Plausible as to Mr. Collazo

The CFTCs alternative theory of liability – control person liability – also cannot salvage Counts 1-2 which require that the CFTC plead those fraud counts with particularity.

Under control person liability, anyone who directly or indirectly *controls* someone that violated the Act or Regulations "may be held liable for such violation in any action brought by the Commission to the same extent as such controlled person." 7 U.S.C. § 13c(b). Control person liability requires a showing of (1) control and (2) lack of good faith or knowing

inducement of the acts constituting the violation. *Commodity Futures Trading Comm'n v. Fingerhut*, CASE NO.: 1:20-cv-21887-GAYLES, at *23 (S.D. Fla. Jan. 7, 2021); *see also Monieson v. Commodity Futures Trading Com'n,* 996 F.2d 852, 858 (7th Cir. 1993) ("the primary difference being that in securities cases the defendant must prove good faith, whereas under the CEA the Division of Enforcement has the burden of proving lack of good faith.")

Control person liability under 7 U.S.C. Sections 13(b) and 13c(b) is akin to common law agency. "Under the common law actual agency, either implied or express, requires: (1) consent to the agency by both principal and agent; and (2) the control of the agent by the principal. Restatement (Second) of Agency § 1 (1958)" *Commodity Futures v. Gibraltar*, 575 F.3d 1180, 1189 (11th Cir. 2009).

Here, the CFTC fails to plead sufficient facts demonstrating that Mr. Collazo controlled any of the other Algo defendants (Herman, Likos, or Fortini) *or* that Mr. Collazo direct any allegedly fraudulent or deceptive conduct supposedly committed by those co-defendants or Algo. Instead, any supposed control is premised on his role as an owner of Algo and/or his co-signing authority over Algo accounts. Without more, corporate titles or labels are insufficient to demonstrate the requisite level of control and management.

Similarly, there are no allegations illustrating that Mr. Collazo directed or managed other Algo defendants or induced their actions or decisions to engage in supposedly deceitful or fraudulent conduct in the management of Algo. *Comcast of South Florida II, Inc. v. Best Cable Supply*, No. 07-22335-CIV-HUCK/SIMONTON, at *11 (S.D. Fla. Jan. 22, 2008) ("Plaintiffs have failed to sufficiently allege that the individual Defendants participated in the management or operation of the enterprise through a pattern of racketeering activity."); *Commodity Futures Trading Commission v. Hunter Wise Commodities, LLC*, 21 F. Supp. 3d 1317,

1350 (S.D. Fla. 2014) ("To establish the "knowing inducement" element, the CFTC has the burden of showing that "the controlling person had actual or constructive knowledge of the core activities that constitute the violations at issue and allowed them to continue."). Conclusory statements sprinkled throughout the complaint cannot serve as a proxy to pleading those facts with particularity and cannot fill this void. *See* ¶¶ 289 and 315 (stating in conclusory fashion the elements of control person liability).

Lastly, there are no factual allegations in the Complaint that give rise to the inference that Mr. Collazo acted in bad faith or acted recklessly in failing to take certain actions. *Hunter Wise Commodities, LLC*, 21 F. Supp. 3d at 1350 ("To establish good faith, the CFTC must show that the individual failed to maintain a "reasonably adequate system of internal supervision and control" or did not oversee the system "with any reasonable diligence."); *Monieson v. CFTC,* 996 F.2d 852, 860 (7th Cir.1993) ("The controlling person must also act recklessly; negligence alone is insufficient."); *G. A. Thompson Co., Inc. v. Partridge*, 636 F.2d 945, 959 (5th Cir. 1981) ("the question is whether the defendant acted recklessly in failing to do what he could have done to prevent the violation."). To the contrary, an equally compelling inference which may be drawn from the allegations is that Mr. Collazo was unaware of the supposedly fraudulent conduct perpetrated by the founders of TD Partners resulting in the alleged investor losses.

And so, absent such allegations, the control person liability theory fails.

C. **Alternatively, the CFTC Should Provide a More Definite Statement**

In the alternative, Mr. Collazo seeks a more definitive statement as to the alleged fraudulent conduct that Mr. Collazo (not an Algo Defendant) committed and the dates on which that conduct allegedly occurred. See Fed. R. Civ. P. 12(e); *see GTAS Asset Solutions, LLC v. African Methodist Episcopal Church, Inc.,* No. 1:11-cv-1148-RWS, 2012 WL 95429, at *2 (N.D. Ga. Jan. 12, 2012) (granting motion for more definite statement where defendant filed motion to dismiss or alternatively for a more definite statement, where complaint failed to plead fraud with particularity but plaintiff was entitled to opportunity to amend complaint).")

## CONCLUSION

For these reasons, counts 1-2 of the Complaint must be dismissed.

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that this Motion was filed via CM/ECF on all counsel of record authorized to receive service.

                                                                     */s/*  *Andrew S. Feldman*