UNITED STATES DISCRTICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-cv-23745-ALTMAN

COMMODITY FUTURES
TRADING COMMISSION,

    *Plaintiff*,

v.

TRADERS DOMAIN FX LTD. *d/b/a*,
THE TRADERS DOMAIN, *et al.*,

    *Defendants*.

_____/

**RECEIVER'S MOTION FOR SHOW CAUSE HEARING TO HOLD DEFENDANTS
ALEX SANTIESTEBAN AND ARCHIE RICE IN CIVIL CONTEMPT AND
MEMORANDUM OF LAW IN SUPPORT**

    Kelly M. Crawford, the Court appointed Receiver, respectfully requests a hearing requiring

Defendants Alex Santiesteban ("Mr. Santi") and Archie Rice (collectively, the "Defendants") to

appear and show cause as to why they should not be held in civil contempt for their intentional

violations of the clear orders of this Court and, in support states:

## I.    FACTUAL BACKGROUND

    1.    On October 3, 2024, the Court entered an *Order Granting Plaintiff's Expedited*

*Motion for an Ex Parte Statutory Restraining Order, Appointment of a Temporary Receiver, and*

*Other Equitable Relief* (the "SRO"). ECF No. 10. Pursuant to the SRO, this Court appointed Kelly

M. Crawford as Receiver of the assets of the Defendants, including Mr. Santi and Mr. Rice, and

vested the Receiver with certain authority to recover assets, records, and investigate claims.

    2.    Further, on October 28, 2024, the Court entered Consent Orders of Preliminary

Injunction ("Consent PI Orders") as to Defendants Mr. Santi and Mr. Rice. ECF Nos. 40 and 41.

3.      The Defendants had actual notice of the SRO and Consent PI Orders (collectively, the "Orders") on October 23, 2024, when the Defendants' counsel signed and accepted their respective Consent PI Orders on their behalf.[1] Further, on November 7, 2024, the Receiver sent a letter to Mr. Santi enclosing the Orders and outlining his obligations and the timeframe for him to comply with such obligations.[2]

4.      Mr. Santi and Mr. Rice are violating paragraphs 31(a), 32, and 33 of the SRO, as follows:

    a.   They failed to provide the Receiver with "a full detailed accounting of all assets" held by them as required by the SRO, ¶ 31(a).[3]

    b.   They failed to provide the Receiver with "a detailed and complete schedule of all passwords and identification (ID) numbers for all website, cloud storage services, email and smartphone accounts, online chat and messaging services, and all accounts at any bank, financial institution, or brokerage firm" controlled or operated by them or to which they have access, as required by the SRO, ¶ 32[4].

    c.   They failed to provide the Receiver with "a detailed and complete schedule of all passwords to, and the location, make and model of, all computers and mobile electronic devices owned and/or used" by Defendant Buggs in connection with his

---

[1] Mr. Santi and Mr. Rice are both represented by Vivian Rivera-Drohan.

[2] *Declaration of Receiver Kelly Crawford*, attached as **Exhibit A** (the "Receiver's Declaration), ¶ 2.

[3] The SRO requires a "*full detailed accounting of all assets. . . that are held by each and every Defendant, for their benefit, or under their direct or indirect control. . . and the location of all records of the Receivership Estate.*" SRO, ¶ 31(a)

[4] The SRO requires Defendants to provide the Receiver with "*a detailed and complete schedule of all passwords and identification (ID) numbers for all website, cloud storage services, email and smartphone accounts, online chat and messaging services, and all accounts at any bank, financial institution, or brokerage firm . . . controlled or operated by or which any of the Defendants have access in connection with their business activities and business and personal finances.*" SRO, ¶ 32.

2

business activities and business and personal finances, as required by the SRO, ¶33[5].

5.      Moreover, Mr. Santi and Mr. Rice are violating paragraphs 20, 21(a), and 21(e) of their respective Consent PI Orders, as follows:

a.   They failed to "cooperate fully with and assist the Receiver," by failing to provide the Receiver with information that he deems necessary. Consent PI Orders, ¶ 20.[6] Specifically, they have not provided the Receiver with completed financial disclosures, despite numerous assurances by counsel that they would be provided.

b.   They failed to turn over possession and custody of records in connection with their business activities and business and personal finances. Consent PI Orders, ¶ 21(a)[7]

c.   They failed to provide information identifying accounts, properties, and other assets. ¶ 21(e).[8]

---

[5]   The SRO requires that the Receiver receive from the Defendants *"a detailed and complete schedule of all passwords to, and the location, make and model of, all computers and mobile electronic devices owned and/or used by Defendants in connection with his business activities and business and personal finances."* SRO, ¶ 33.

[6]   The Consent PI Orders mandate that Defendants "shall continue to cooperate fully with and assist the Receiver," which includes but is not limited to "providing any information to the Receiver that the Receiver deems necessary to exercising the authority as provided in this Order … ." Consent PI Orders, ¶ 20.

[7]   The Consent PI Orders require the Defendants to turn over to the Receiver "[p]ossession and custody of records of the Receivership Defendants in connection with their business activities and business and personal finances, including but not limited to, all records of accounts, all financial and accounting records, balance sheets, income statements, bank records (including monthly statements, canceled checks, records of wire transfers, and check registers), client lists, title documents and other Receivership Defendants". Consent PI Orders, ¶ 21(a).

[8]   The Consent PI Orders require the Defendants to turn over to the Receiver "information identifying the accounts, employees, properties or other assets or obligations of the Receivership Defendant". Consent PI Orders, ¶ 21(e).

6.      On November 12, 2024, Defendants' counsel sent the Receiver a Declaration including a limited listing of Mr. Santi's assets and informed the Receiver that a Declaration as to Mr. Rice's assets would be "sen[t] over shortly." On November 13, 2024, the Receiver sent Defendants' counsel a financial disclosure form and requested that it be completed by both Mr. Santi and Mr. Rice, so that the Receiver could adequately assess their assets and liabilities.[9]

7.      On December 3, 2024 and December 16, 2024, the Receiver again sent the financial disclosure form to Defendants' counsel and requested completed forms as to Mr. Santi and Mr. Rice.[10]

8.      On December 19, 2024, Defendants' counsel sent the Receiver incomplete pieces of information, including the lease documents for one of Mr. Santi's vehicles and the name of a jeweler; however, complete financial disclosures have not been provided by either Mr. Santi or Mr. Rice.[11]

9.      On December 26, 2024, the Receiver inspected Mr. Santi's residence and, a few hours prior to the inspection, Defendants' counsel disclosed that there were numerous firearms inside the home. After the inspection, the Receiver requested a complete inventory of the firearms but has not received any information to date.

10.     On January 6, 2025, in response to Defendants' counsel notification to the Receiver of the Defendants' intent to file a motion seeking to allow Mr. Santi and Mr. Rice to earn monies, unfreeze assets, and open bank accounts, the Receiver, again, expressed the necessity of the

---

[9] Receiver's Declaration, ¶ 3(a).
[10] Receiver's Declaration, ¶ 3(b).
[11] Receiver's Declaration, ¶ 4.

completed financial disclosures in order to properly evaluate the Defendants' positions, and also requested additional information related to the Defendants' assets and bank accounts.[12]

11.     On January 15, 2025, the Receiver again requested the financial disclosures and other necessary information from the Defendants.[13]

12.     On January 19, 2025, the Receiver again requested from Defendants' counsel specific information necessary to evaluate their request to unfreeze certain assets.[14]

13.     On January 21, 2025, without providing any documents responsive to the Receiver's repeated requests, Defendants filed their Joint Motion to Permit the Unfreezing of Certain Assets, Allow Defendants to Earn Money, and Permit the Opening of Bank Accounts. ECF No. 146. The Receiver again requested necessary information from the Defendants and informed Defendants' counsel that he would seek relief from the Court if they failed to comply again.[15]

14.     On January 24, 2025, Defendants' counsel shared with the Receiver certain documents pertaining to Mr. Rice's assets, including mortgage documents, vehicle statements, and utilities bills, however, a complete financial disclosure was still not provided.

15.     Mr. Santi and Mr. Rice's repeated failure to provide the Receiver with completed financial disclosures and other information necessary to his evaluation of their assets and liabilities violates paragraph 35 of the SRO, which directs  all persons or entities served with a copy of the *SRO* to "cooperate fully with and assist" the Receiver.  This cooperation and assistance shall include, … *providing any information to the Temporary Receiver that the Temporary Receiver deems necessary. . .*"  (emphasis added).

---

[12] Receiver's Declaration, ¶ 3(c).
[13] *Id.*
[14] Receiver's Declaration, ¶ 3(d).
[15] Receiver's Declaration, ¶ 4.

16.     The Receiver sent correspondence to Defendants' counsel on January 21, 2025, giving notice of the Receiver's intent to file this  motion due to their continued violations of the SRO and Consent PI Orders.[16]

## II.     ARGUMENT

District courts possess inherent power to enforce their orders though contempt proceedings. *Citronelle-Mobile Gathering, Inc. v. Watkins,* 943 F.2d 1297, 1302 (11ᵗʰ Cir. 1991) (*citing Shillitani v. United States,* 384 U.S. 364, 370 (1966).   The Eleventh Circuit identifies three elements for civil contempt: 1) there was a lawful and valid order; 2) the order was clear, definite, and unambiguous; and 3) the alleged violator had the ability to comply with the order. *Zow v. Regions Fin. Corp.*, 595 F. App'x 887, 889 (11th Cir. 2014).

The Court's proper focus is whether the order was violated, not the subjective belief or intent of the alledged violator. *Howard Johnson Co., Inc. v. Khimani*, 892 F.2d 1512, 1546 (11th Cir. 1990).  Further, civil contempt may serve two different purposes: enforcing compliance with an order or compensating an injured party. *U.S. Commodity Futures Trading Comm'n v. S. Tr. Metals, Inc.*, No. 14-22739-CIV, 2017 WL 2875427 (S.D. Fla. May 15, 2017), *report and recommendation adopted,* No. 14-22739-CIV, 2017 WL 3835692 (S.D. Fla. Sept. 1, 2017).

Each of the elements for civil contempt exists with respect to Mr. Santi and Mr. Rice. The SRO and Consent PI Orders are Court orders that were and still are in effect. *See* SRO and Consent PI Orders. The SRO and Consent PI Orders clearly and unambiguously order Mr. Santi and Mr. Rice, as Receivership Defendants, to provide information to the Receiver, and fully cooperate with the Receiver. *Id.* Mr. Santi and Mr. Rice, after having notice of the SRO and Consent PI Orders, are in violation of the specific orders described above. Other than allowing the

---

[16]  Receiver's Declaration, ¶ 4.

Receiver to inspect their homes and providing incomplete pieces of information related to certain assets, Mr. Santi and Mr. Rice have not provided complete and detailed information pursuant to the Receiver's requests, as required by the SRO and Consent PI Orders.  It is apparent from their actions that Mr. Santi and Mr. Rice believe they can simply ignore specific provisions of the SRO and Consent PI Orders and repeatedly fail to comply with requests made by the Receiver, while only rarely providing incomplete pieces of information.

In seeking to identify and secure assets as part of a receivership, time is of the essence and dissipation a significant risk.  It is for that specific reason that the SRO and Consent PI Orders include specific time frames in which significant information must be turned over by Mr. Santi and Mr. Rice to the Receiver. Those deadlines for turning over information to the Receiver, as set forth in the SRO, Consent PI Orders, and correspondence to the Defendants, have long expired and the Receiver continues to be in the dark about the Defendants' assets, especially as it concerns Mr. Rice.  This is contrary to the intent and purpose of the SRO and Consent PI Orders, and the Defendants' repeated refusals to comply with the Court's Orders should not be permitted.

### III.    RELIEF REQUESTED

To maintain the integrity of its own Order, and to ensure that its Orders are not casually disregarded, the Court should order Mr. Santi and Mr. Rice to appear in person before the Court and show cause as to why they should not be held in civil contempt for violating the SRO and Consent PI Orders.  Moreover, the Receiver requests the Court, at such hearing, to find Mr. Santi and Mr. Rice in civil contempt and enter an order that:

1) compels immediate turnover of the assets, information, and records as required in the SRO and Consent PI Orders;

2) compels the immediate turnover of completed financial disclosures and all other information specifically requested by the Receiver;

3) imposes a fine of $2,890.00[17] in reasonable attorney's fees and expenses to compensate the receivership estate for the efforts expended by the Receiver and his attorneys to obtain the Defendants' compliance with the SRO and Consent PI Orders; and

4) imposes a coercive sanction of $500 for each additional day of non-compliance. *See Torchia,* No. 1:15-CV-3904-WSD, 2017 WL 4423416 at \*4.

## IV.    CONCLUSION

The Court's Orders cannot simply be ignored by Mr. Santi and Mr. Rice. Their contemptuous actions are causing a significant delay in the Receiver's ability to recover assets and investigate claims. In order to maintain the integrity of its own orders, and to ensure that its Orders are not casually disregarded, the Court should order Mr. Santi and Mr. Rice to appear before the Court and show cause as to why they should not be held in civil contempt for violating the SRO and Consent PI Orders.  At the conclusion of the hearing, the Receiver requests that Mr. Santi and Mr. Rice be sanctioned as described above until such time as they purge themselves of their contempt.

WHEREFORE, the Receiver respectfully requests that the Court enter an order setting a hearing at which Mr. Santi and Mr. Rice are ordered to appear and show just cause as to why they should not be held in civil contempt of court for their numerous violations of the SRO and Consent PI Orders*;* that upon such hearing, the Court order that Mr. Santi and Mr. Rice be sanctioned as described above until such time as they fully comply with the Court's Orders, and grant such other and further relief, to which the Receiver may be justly entitled.

---

[17]    Receiver's Declaration, ¶ 5.

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule 7.1(a)(2), the Receiver conferred with counsel for the CFTC, who does not oppose the relief sought in this motion. Furthermore, on January 28, 2025, counsel for the Receiver conferred by email with Vivian Rivera-Drohan, counsel for Defendants Alex Santiesteban and Archie Rice, who confirmed that her clients do not agree to the relief sought in this motion.

Respectfully submitted,

*/s/ Russell Landy*
Russell Landy
Florida Bar No. 44417
Email: rlandy@dvllp.com
Vincenzo Lamonica
Florida Bar No. 1058073
Email: vlamonica@dvcattorneys.com
DAMIAN | VALORI | CULMO
*Counsel for the Receiver*
1000 Brickell Avenue, Suite 1020
Miami, Florida 33131
Telephone: (305) 371-3960
Facsimile: (305) 371-3965

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on the 29th day of January, 2025, I electronically filed the foregoing document with the clerk of the U.S. District Court, Southern District of Florida, using the electronic case filing system of the court, and the electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record.

*/s/ Russell Landy*