UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-cv-23745-RKA



COMMODITY FUTURES TRADING COMMISSION,

Plaintiff,

v.

TRADERS DOMAIN FX LTD. d/b/a THE TRADERS DOMAIN, et al.,

Defendants.

_____/

## MOTION FOR LEAVE TO FILE SUR-REPLY

Non-party Brian Bottorff, appearing pro se, respectfully moves for leave to file a limited sur-reply to the Receiver's Reply [ECF No. 321] and states as follows:

**Grounds for Sur-Reply**

The Receiver's Reply introduces new arguments and factual assertions not raised in the Motion to Compel [ECF No. 314], including:

- Mischaracterizations of settlement communications, asserting the Receiver responded to each discussion when contemporaneous emails show otherwise;

- Attempts to distinguish binding Eleventh Circuit precedent (*SEC v. Wells Fargo Bank, N.A.*; *In re Bozeman*) and reliance on *SEC v. TCA Fund Mgmt. Grp. Corp.*;

- A new contention that Mr. Bottorff's lien is barred by the July 28, 2025 claims deadline [ECF No. 223]; and

- Assertions regarding the lien perfection timeline and notice under the Statutory Restraining Order.

Because these issues go beyond the scope of the original motion, a sur-reply is necessary to correct the record and ensure the Court has a complete and accurate understanding. The proposed sur-reply is narrowly tailored, avoids repetition, and is limited to the new matters raised in the Receiver's Reply.

**Authority**

The Eleventh Circuit recognizes that a sur-reply is appropriate when new arguments or evidence are first raised in a reply brief. *Atlantic Specialty Ins. Co. v. Digit Dirt Worx, Inc.*, 793 F. App'x 896, 901–02 (11th Cir. 2019). Likewise, leave to file a sur-reply is warranted "when a valid reason for such additional briefing exists, such as where the movant raises new arguments in its reply brief." *First Specialty Ins. Corp. v. 633 Partners, Ltd.*, 300 F. App'x 777, 788 (11th Cir. 2008). Because the Receiver's Reply advances new factual assertions and legal contentions not presented in the underlying motion, a sur-reply is necessary to ensure a complete and accurate record.

---

**WHEREFORE,**

Mr. Bottorff respectfully requests that the Court grant leave to file the attached Sur-Reply (Exhibit 1) in response to the Receiver's Reply [ECF No. 321], and grant such other relief as the Court deems just and proper.

Dated: September 2, 2025                                Respectfully submitted,

**Brian Bottorff, pro se**
707 Bloomfield St, Apt 2
Hoboken, NJ 07030
brian.j.bottorff@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on September 2, 2025 a true and correct copy of the foregoing was served via email to all counsel or parties of record on the Service List below

*/s/ Brian Bottorff*

**Brian Bottorff, pro se**

## SERVICE LIST

Kelly M. Folks
Email: kfolks@cftc.gov
CFTC
1155 21st Street, N.W.
Washington, DC 20581
202-418-5377

Brendan Michael Forbes
Email: bforbes@cftc.gov
CFTC
Three Lafayette Center
Washington, DC 20581
202-418-5212

Sarah Matlack Wastler
Email: swastler@cftc.gov
CFTC
Three Lafayette Center
Washington, DC 20581
202-418-5199

Alison B. Wilson
Email: awilson@cftc.gov
CFTC
1158 21st Street NW
Washington, DC 20581
771-233-6333

Kelly Crawford
Email: kelly.crawford@solidcounsel.com
Scheef & Stone
500 North Akard Street
Suite 2700
Dallas, Texas 75201
214-706-4213

Melanie Emmons Damian
Email: mdamian@dvllp.com
Damian & Valori LLP
1000 Brickell Avenue
Suite 1020
Miami, FL 33131
305-371-3960

Vincenzo Lamonica
Email: vlamonica@dvcattorneys.com
Damian Valori Culmo
1000 Brickell Avenue
Suite 1020
Miami, FL 33131
786-533-0042

Russell Landy
Email: rlandy@dvllp.com
Damian & Valori LLP
1000 Brickell Avenue
Suite 1020
Miami, FL 33131
305-371-3960

Kenneth Dante Murena
Email: kmurena@dvllp.com
Damian & Valori LLP
1000 Brickell Avenue
Suite 1020
Miami, FL 33131
305-371-3960

# Exhibit 1

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 24-cv-23745-RKA**

**COMMODITY FUTURES TRADING COMMISSION,**

Plaintiff,

v.

**TRADERS DOMAIN FX LTD. d/b/a THE TRADERS DOMAIN, et al.,**

Defendants.

_____/

### SUR-REPLY OF NON-PARTY BRIAN BOTTORFF TO RECEIVER'S REPLY

Non-party Brian Bottorff, appearing pro se, respectfully submits this sur-reply for the limited purpose of addressing new issues and factual mischaracterizations raised in the Receiver's Reply [ECF No. 321]. See S.D. Fla. L.R. 7.1(c)(1).

### I. MISCHARACTERIZATION OF SETTLEMENT DISCUSSIONS

The Receiver's Reply misstates the settlement record and portrays Mr. Bottorff as uncooperative. The contemporaneous emails (Exhibits A–C) show otherwise:

- **June 27, 2025 (Exhibit A):** Mr. Bottorff stated the lien could not be waived without recognition as a secured claim but added he was "happy to discuss a settlement." The Receiver responded only with a threat of legal action.

- **August 4, 2025 (Exhibit B):** Mr. Bottorff wrote, "I am open to discussing a settlement offer... I will comply with any order from the Court to release my lien." The Receiver provided no response.

- **August 23, 2025 (Exhibit C):** The Receiver made the first written "late claim" proposal—after Mr. Bottorff had already served his Response on August 22.

This sequence confirms that Mr. Bottorff engaged in settlement discussions in good faith. The Receiver either threatened litigation, failed to respond, or raised proposals only after the Response had been filed.

## II. CONTROLLING PRECEDENT

The Receiver's attempt to distinguish *Wells Fargo* is misplaced. The Eleventh Circuit held that "a federal district court overseeing an equity receivership does not have the power to summarily extinguish valid state-law liens absent statutory authorization." *Wells Fargo*, 848 F.3d at 1345. That principle does not turn on whether the lien predates the order, but whether the creditor's rights were perfected before receiving notice.

This principle is reinforced by *Bozeman*, 57 F.4th at 900–01, and *Butner v. United States*, 440 U.S. 48, 55 (1979). By contrast, *SEC v. TCA Fund Mgmt. Grp. Corp.*, 2022 U.S. Dist. LEXIS 229559 (S.D. Fla. Dec. 2, 2022), involved equitable allocation among unsecured creditors and is inapposite.

## III. NEW LEGAL ISSUE: CLAIMS BAR DATE

For the first time in reply, the Receiver argues that Mr. Bottorff's lien is barred by the July 28, 2025 claims deadline [ECF No. 223]. This contention was not raised in the original Motion and should be disregarded.

Even if considered, binding Eleventh Circuit precedent holds that secured creditors are not required to file claims to preserve perfected liens. *SEC v. Wells Fargo Bank, N.A.*, 848 F.3d 1339, 1344 (11th Cir. 2017); *In re Bozeman*, 57 F.4th 895, 905 (11th Cir. 2023).

## IV. NOTICE AND DUE PROCESS

The lien was perfected on October 17, 2024—months before Mr. Bottorff received the text of the Statutory Restraining Order on June 25, 2025. The Receiver's reference to a February 2025 conversation is misleading; that discussion concerned only Mr. Herman's assets and did not include service or explanation of the SRO. Between perfection and notice, no enforcement action was taken; Mr. Bottorff has only maintained the lien while awaiting judicial direction.

Maintaining a lien is not "enforcing" it under the SRO. Retroactively extinguishing property rights perfected without notice would violate due process. See *Mullane v. Cent. Hanover Bank*, 339 U.S. 306 (1950); *Conn. v. Doehr*, 501 U.S. 1 (1991).

## V. CONCLUSION

The Receiver's Reply raises new arguments, misstates settlement history, and seeks relief foreclosed by Eleventh Circuit precedent.

The Court should deny the Receiver's request to extinguish the lien. At minimum, the Court should preserve it through escrow protection or recognize it as a secured, priority claim.

Dated: September 2, 2025

Respectfully submitted,

**Brian Bottorff, pro se**
707 Bloomfield St, Apt 2
Hoboken, NJ 07030
brian.j.bottorff@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on September 2, 2025 a true and correct copy of the foregoing was served via email to all counsel or parties of record on the Service List below

Brian Bottorff, pro se

## SERVICE LIST

Kelly M. Folks
Email: kfolks@cftc.gov
CFTC
1155 21st Street, N.W.
Washington, DC 20581
202-418-5377

Brendan Michael Forbes
Email: bforbes@cftc.gov
CFTC
Three Lafayette Center
Washington, DC 20581
202-418-5212

Sarah Matlack Wastler
Email: swastler@cftc.gov
CFTC
Three Lafayette Center
Washington, DC 20581
202-418-5199

Alison B. Wilson
Email: awilson@cftc.gov
CFTC
1158 21st Street NW
Washington, DC 20581
771-233-6333

Kelly Crawford
Email: kelly.crawford@solidcounsel.com
Scheef & Stone
500 North Akard Street
Suite 2700
Dallas, Texas 75201
214-706-4213

Melanie Emmons Damian
Email: mdamian@dvllp.com
Damian & Valori LLP
1000 Brickell Avenue
Suite 1020
Miami, FL 33131
305-371-3960

Vincenzo Lamonica
Email: vlamonica@dvcattorneys.com
Damian Valori Culmo
1000 Brickell Avenue
Suite 1020
Miami, FL 33131
786-533-0042

Russell Landy
Email: rlandy@dvllp.com
Damian & Valori LLP
1000 Brickell Avenue
Suite 1020
Miami, FL 33131
305-371-3960

Kenneth Dante Murena
Email: kmurena@dvllp.com
Damian & Valori LLP
1000 Brickell Avenue
Suite 1020
Miami, FL 33131
305-371-3960

**Exhibit A to Sur-Reply**

**B** **Brian Bottorff** <brian.j.bottorff@gmail.com>  Fri, Jun 27, 12:06 PM
to Russell, Kelly, Kenneth

Section 38 states who is bound by the order and I am not subject to it.

I truly don't want to be waste the receiverships time and assets but can't in good faith waive my lien, especially since it's been stated I won't be considered a secured creditor. I'm happy to discuss a settlement if you'd like.

**R** **Russell Landy** <rlandy@dvllp.com>  Fri, Jun 27, 12:49 PM
to me, Kelly, Kenneth

Hi Brian,

Respectfully, you are mistaken. You are subject to the order, and as it relates to this matter, paragraph 36. If you choose to proceed in contravention of the order we will proceed accordingly.

## Exhibit B to Sur-Reply

**Brian Bottorff** <brian.j.bottorff@gmail.com>
to Russell, Vincenzo, Jennifer, Kenneth

Mon, Aug 4, 6:05 PM

I do not wish to cause the Receiver any harm, and I believe my actions in helping both the CFTC and the Receiver show that I will comply with any order from the court to release my #en. Other than that, I will not.

I am open to discussing a settlement offer if you are open to that.

# Exhibit C to Sur-Reply

## Traders Domain - Response to SHOW CAUSE ORDER

**Brian Bottorff**
All, Attached please find the Response of Non-Party Brian Bottorff to the Court's Show Cause Order. I have mailed the signed, original copy to Clerk of the Court

Fri, Aug 22, 12:29 PM (10 days ago)

**Russell Landy**
to me, Kelly, Melanie, Vincenzo

Sat, Aug 23, 10:48 AM (9 days ago)

Hello Brian,

We have reviewed your response to the Court and believe that it is not truthful. I have reviewed the correspondence, and you have not made any offers to release your lien related to a recognized claim in the receivership. Also, based upon our records, it appears that you have failed to file a claim by the claim deadline. If you did file a claim, please provide us with the documents immediately.

The rest of your response is otherwise unsupported by the applicable law and facts.

For efficiency for the Estate, we can resolve the claim as follows: you release your lien on the property and claim to the escrow money in and in return the Receiver will recommend to the Court that the show cause order be discharged, and the Receiver will recommend to the Court that a late filed creditor claim for the full amount of your judgment be acknowledged (you will have to fill out the claim form and provide the required documentation). The Receiver makes no representation as to whether the claim will be approved or paid in whole or in part, or the priority the claim will have in any distribution, as the Court is the final adjudicator of claims and the priority with which they are paid.

If this is acceptable, let me know, and we will prepare something to memorialize this proposed resolution.

Russell

**Russell Landy**
Partner

PRESS FIRMLY TO SEAL

PRESS FIRMLY TO SEAL

Retail

U.S. POSTAGE PA
PME
HOBOKEN, NJ 070
SEP 02, 2025

33128

$31.40

RDC 07

S2324A502008-01

# PRIORITY MAIL EXPRESS®

UNITED STATES POSTAL SERVICE® | PRIORITY MAIL EXPRESS®

**CUSTOMER USE ONLY**
FROM: (PLEASE PRINT)   PHONE ( 78 ) 421 1211
Brian Bissell
707 Blainfield St
Apt 2
Hoboken, NJ 07030

ER 203 270 461 US

PAYMENT BY ACCOUNT (if applicable)
Federal Agency Acct. No. or Postal Service™ Acct. No.

**DELIVERY OPTIONS (Customer Use Only)**
☒ SIGNATURE REQUIRED
☐ No Saturday Delivery (delivered next business day)
☐ Sunday/Holiday Delivery Required (additional fee, where available)*

TO: (PLEASE PRINT)   PHONE ( )
Ann: Clerk of the Case
United States District Court
Southern District of Florida
400 North Miami Ave
Miami, FL 33128

ZIP + 4® (U.S. ADDRESSES ONLY)

**ORIGIN (POSTAL SERVICE USE ONLY)**
☒ 1-Day   ☐ 2-Day   ☐ Military
PO ZIP Code: 07030
Scheduled Delivery Date (MM/DD/YY): 9/3/25
Postage: $31.40
Date Accepted (MM/DD/YY): 9/2/25
Scheduled Delivery Time: ☒ 6:00 PM
Time Accepted: 8:59 ☒ AM
Weight: 3 ozs.   Acceptance Employee Initials
Total Postage & Fees: $31.40

## FLAT RATE ENVELOPE
ONE RATE ■ ANY WEIGHT

RECEIVED MOBILE
CLERK U.S. DIST. CT.
S. D. OF FLA - MIAMI
SEP 03 2025

To schedule free Package Pickup, scan the QR code.



USPS.COM/PICKUP



PS10001000006

EP13F July 2022
OD: 12 1/2 x 9 1/2

■ For pickup or USPS Tracking™, visit USPS.com or call 800-222-1811.
■ $100.00 insurance included.

⇨ PEEL FROM THIS CORNER

LABEL 11-B, NOVEMBER 2023   PSN 7690-02-000-9996

UNITED STATES POSTAL SERVICE

This package is made from post-consumer waste. **Please recycle - again.**