UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| COMMODITY FUTURES TRADING COMMISSION,<br><br>Plaintiff,<br>v.<br><br>TRADERS DOMAIN FX LTD d/b/a THE TRADERS DOMAIN, et al.,<br><br>Defendants. | CASE NO. 24-CV-23745-RKA |

**RECEIVER'S APPLICATION TO PAY FORENSIC ACCOUNTANTS**

Pursuant to the Court's October 3, 2024, *Order Granting Plaintiff's Expedited Motion for an Ex Parte Statutory Restraining Order, Appointment of a Temporary Receiver, and Other Equitable Relief* (the "SRO") [ECF No. 10], the Receiver is required to submit periodic applications for authorization to pay fees and expenses of the receivership. The Receiver seeks approval to pay the Forensic Accountants hired by the Receiver for their work from March 1, 2025 through June 30, 2025 (the "Application Period"). The Receiver provided the Commodity Futures Trading Commission (the "CFTC") and counsel for the Defendants with a complete copy of the Application, together with all exhibits and relevant billing information.

**I.**

**FEES AND EXPENSES INCURRED BY FORENSIC ACCOUNTANTS**

The Receiver retained KapilaMukamal, CPAs, Forensic and Insolvency Advisors as forensic accountants (the "Forensic Accountants") to review the bank records gathered during the receivership and prepare a forensic accounting to assist the Receiver in the claims process and in

identifying recipients of fraudulent conveyances or false profits. By this Application, the Receiver requests authority to pay **$216,235** in fees, which is 80% of the total Forensic Accountants fees of $265,906.60 incurred during the Application Period. During the Application Period, the Forensic Accountants provided 695 hours of service at a discounted blended hourly rate of $382.60. The valuable services provided by the Forensic Accountants during the Application Period are set forth in the invoice attached as **Exhibit A**. As shown in greater detail in **Exhibit A**, the services included:

1. **Bank Record Analysis and Reconstructions**

During the Application Period, the Forensic Accountants analyzed and reviewed bank records produced by the Receiver and financial institutions for the receivership and related entities. The Forensic Accountants prepared a catalog of the bank accounts and monthly activity in each account which included a total of 46 bank accounts maintained among 30 different financial institutions. In total, the Forensic Accountants received and inventoried a total of 308 bank and credit card accounts for the receivership and related entities.

The Forensic Accountants identified bank accounts associated with investor funds and prepared preliminary bank reconstructions of the activity produced to-date. The following is a summary of the bank reconstructions completed to-date:

- sponsor & other sponsor-related entities – 16 accounts with over 31,000 transactions completed.
- Defendant Holton Buggs entities – 17 accounts with almost 21,000 transactions completed.
- Non-sponsor entities – 13 accounts with over 11,000 transactions completed.

- Total reconstructed – 46 accounts with over 63,000 transactions.

Through this process, the Forensic Accounants also determined and documented the supporting documentation missing for each bank account needed to complete the bank reconstructions. The Receiver continues to issue subpoenas to financial institutions, and as he receives additional bank records, the Receiver will share those records with the Forensic Accountants. The Forensic Accountants continue to analyze the activity in each account and will incorporate the activity into the bank reconstructions as received.

The Forensic Accountants' bank reconstruction will serve as the basis for the Receiver's verification of claims made by investors and other parties, as well as for the Receiver's claims against transferees of assets of the Defendants and their entities during the next phase of the Receivership.

2. **Analysis for the Receiver and his Counsel**

The Receiver, his counsel, and the Forensic Accountants are utilizing the data obtained from the bank reconstructions to trace funds to/from the receivership entities and to identify potential assets and potential targets of the receivership estate. The Receiver, his counsel and the Forensic Accountants are also utilizing the bank reconstructions to determine additional entities to seek to bring into the receivership.

3. **Assistance with Claims Process**

The Forensic Accountants are providing ongoing assistance with investor claims process by creating investor databases by investor and by entity and on a consolidated basis.  This data is essential to the Receiver 's and his team's ability to validate and respond to investor claim submissions.

4. **Meetings and Conferences**

The Forensic Accountants attend regular meetings with the Receiver and his counsel to provide updates, review findings, and discuss strategies related to the claims process, bank reconstructions, asset recovery and ongoing investigative efforts.

5. **Support for Hearings and Recovery of Assets**

The Forensic Accountants also attended and provided forensic support as requested for various hearings and legal proceedings, including a hearing on motions by Defendant Collazo, and issues related to Defendant Buggs. The services included:

- preparation of categorized and payee-level summary schedules.
- review and analysis of tax returns and financial statements.
- assistance with financial documentation to support counsel's legal strategies by demonstrating how investor funds were utilized.

## II.

## MEMORANDUM OF LAW

The Court ordered that the Receiver and his Counsel and other professionals are "entitled to reasonable compensation "for the performance of duties pursuant to [the SRO] and for the cost of actual out-of-pocket expenses incurred by them for those services authorized by [the SRO]" when those services and expenses were: "(1) reasonably likely to benefit the receivership estate; or (2) necessary to the administration of the estate." SRO at ¶ 37. Moreover, a court-appointed receiver who reasonably and diligently discharges his duties is entitled to be fairly compensated for services rendered and expenses incurred. *SEC v. Elliott*, 953 F.2d 1560 (11th Cir. 1992) ("[I]f a receiver reasonably and diligently discharges his duties, he is entitled to compensation."). A

receiver and his professionals are "also entitled to be reimbursed for the actual and necessary expenses they incurred in the performance of their duties." *FTC v. Direct Benefits Grp.,* LLC, Case No. 6:11-cv-1186-Orl-28TBS, 2013 WL 6408379, at *3 (M.D. Fla. Dec. 6, 2013).

"The Court itself is an expert on the question of fees and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." *BK Coin Mgmt.*, 2024 WL 4697686, at *4 (cleaned up, quoting *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988)). Additionally, the agreement or opposition of the CFTC is given great weight. *See Sec. & Exch. Comm'n v. Fifth Ave. Coach Lines, Inc.*, 364 F.Supp. 1220, 1222 (S.D.N.Y., 1973); *see also BK Coin Mgmt.*, 2024 WL 4697686, at *4.

Receivership courts have traditionally determined reasonableness of compensation by using the "lodestar" approach, calculating a reasonable hourly rate in the relevant market and the reasonable number of hours expended. *See, e.g., SEC v. Aquacell Batteries, Inc.*, Case No. 6:07-cv-608-Orl-22DAB, 2008 WL 276026, *3 (M.D. Fla. Jan. 31, 2008); *see also Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1299-1302 (11th Cir. 1988).

The lodestar method is the "starting point for determining the amount of a reasonable fee" and is calculated by taking "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Sec. & Exch. Comm'n v. BK Coin Mgmt., LLC*, No. 23-CV-20719, 2024 WL 4697686, at *3 (S.D. Fla. Oct. 22, 2024), *report and recommendation adopted sub nom. Sec. & Exch. Comm'n v. BKCoin Mgmt., LLC,* No. 23-20719-CIV, 2024 WL 4692191 (S.D. Fla. Nov. 6, 2024). In the Eleventh Circuit, "district courts may, but are not required to, consider the *Johnson* factors since many usually are subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate." *Fed. Trade Comm'n v. Mobe Ltd.*, No. 6:18-CV-862-RBD-

DCI, 2024 WL 3279202, at *3 n.1 (M.D. Fla. June 10, 2024) (cleaned up, citing *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974)), *report and recommendation adopted,* No. 6:18-CV-862-RBD-DCI, 2024 WL 3277019 (M.D. Fla. July 2, 2024).

> The *Johnson* factors are: 1) the time and labor required; 2) the novelty and difficulty of the questions; 3) the skill requisite to perform the legal services properly; 4) the preclusion of other employment by the attorney due to acceptance of the case; 5) the customary fee in the community; 6) whether the fee is fixed or contingent; 7) time limitations imposed by the client or circumstances; 8) the amount involved and the results obtained; 9) the experience, reputation, and the ability of the attorney; 10) the "undesirability" of the case; 11) the nature and length of the professional relationship with the client; and 12) awards in similar cases.

*Mobe*, 2024 WL 3279202, at *3 n.1.

Each of the Johnson factors are addressed as follows:

### A. The Time and Labor Required.

Regarding the reasonableness of the hours expended, the Receiver "must supply the Court with detailed records showing the amount of time spent on the claim, as well as the nature of the activity at each stage of the case." *BK Coin Mgmt.*, 2024 WL 4697686, at *2. "Hours that are 'excessive, redundant, or otherwise unnecessary' should be excluded from the claim, as those hours are unreasonable." *Id*. As with determining the reasonableness of rates, the Court may rely

on its own expertise in determining the reasonableness of hours and the agreement of the CFTC is significant. *Id*. at *4.

Here, the invoice provided by the Receiver supplies the Court with detailed records showing the amount of time spent on each activity, the nature of the activity, and the relationship of the activity to the needs of the case.

B. **The Novelty and Difficulty of the Questions.**   Federal equity receiverships require extensive forensic accounting to trace investor monies to assets, review claims of investors to determine the net loss, and identify recipients of fraudulent transfers or false profits. The actions of the Forensic Accountants are set forth in the detailed invoices attached hereto, and the descriptions set forth above.

C. **The Skill Requisite to Perform the Service.**   The Receiver believes the services of the Forensic Accountants performed in this case to date required individuals possessing considerable experience in forensic accounting, the administration of receiverships, claims processes, asset seizure, collection and litigation. This case concerns a vast web of accounts controlled by the several Defendants and their associated entities. Further, the Defendants have failed to provide accountings as required by the Court's orders, which has necessitated the considerable skill and experience of the Forensic Accountants to reconstruct the flow of investor money and how it was disseminated by the Defendants and their various entities.

D. **The Preclusion of Other Employment Due to Acceptance of the Case.**   The Forensic Accountants did not decline any work solely because of their services in this case, although the scope of the receivership is so broad that it has required a substantial amount of the Forensic Accountants' time.

E.  **The Customary Fee.**  The hourly rates sought herein for the Forensic Accountants are generally equal to or lower than the rates charged by other practitioners of similar experience levels in Florida.  In 2024, the Southern District of Florida held that rates for a receiver's legal professionals were reasonable when the rates ranged from $233.75 to $709.75. *BK Coin Mgmt.*, 2024 WL 4697686, at *4. Indeed, the blended rate for the time of the Forensic Accountants is $382.60 per hour, which demonstrates that when appropriate the Forensic Accountants are having work performed by less expensive accountants or assistants than partners of the Forensic Accountants.  Moreover, the Receiver exercised his billing judgment by the Forensic Accountants' discounting their fees by 20%.

F.  **Whether the Fee is Fixed or Contingent.**  The Forensic Accountants' fees are fixed insofar as monies exist by way of Receivership Assets from which to pay such fees, but payment of the fees and expenses is subject to approval by the Court.

G.  **Time Limitations Imposed by the Client or Other Circumstances.**  At the Receiver's request, the Forensic Accountants are seeking to complete the bank reconstruction as quickly as possible so the forensic accounting can be used to trace investor funds to assets and assist the Receiver and his team in reviewing and making recommendations regarding claims filed by investors in the receivership.

H.  **The Amount Involved and the Results Obtained**.  The Forensic Accountants contributed significantly to the Receiver's recovery of monies and property.  As set forth in the *Receiver's Fourth Report* [ECF 289], to date the Receiver has recovered $4,497,256 from the defendants, third parties, banks, financial institutions, and sales of property.  In addition, the Receiver has asserted his interest in various real property and other assets that will bring in significant additional monies to the receivership.

I. **The Experience, Reputation and Ability of the Attorneys.** The Forensic Accountants have experience in providing forensic accounting services to equity receivers in federal securities or commodities enforcement cases and have done so for numerous years. The Forensic Accountants have assisted federal equity receivers in over 20 federal court cases brought by either the CFTC or the Securities and Exchange Commission.

J. **The Undesirability of the Case.** This case has not been undesirable.

K. **The Nature and Length of the Professional Relationship with the Client.** The Forensic Accountants have worked with the Receiver's local counsel in previous receiverships over several years.

L. **Awards in Similar Cases.** The Receiver believes the fees requested in this case for the Forensic Accountants are less than or equal to those which have been awarded in similar cases in federal courts in Florida.

### III.

### REQUEST FOR FEES AND COSTS

As set forth in the SRO, the Receiver is authorized to seek approval from this Court for compensation for professionals he has retained. SRO at ¶ 37.

By this Application, the Receiver requests this Court to approve all of the fees and costs incurred by the Forensic Accountants and authorize the payment of 100% of such fees and costs as proposed *infra*.

As reflected in the attached invoices, the total amount of fees and costs incurred by the Forensic Accountants is $219,705.10. *See* **Exhibit A**.

**WHEREFORE**, Kelly Crawford, the Court-appointed Receiver, respectfully requests that the Court enter an Order:

  (a)  approving the total amount of fees and costs that the Forensic Accountants incurred during the Application Period in the amount of $219,705.10 (which total includes $216,235.28 in fees and $3,469.82 in costs);

  (b)  authorizing the Receiver to pay 100% of fees and costs that the Forensic Accountants incurred during the Application Period, to be paid from the fiduciary accounts the Receiver maintains for the Receivership Estate; and

  (c)  granting any and all other relief the Court deems appropriate under the circumstances.

## CERTIFICATION

The Receiver certifies that:

(a) I have read this Application;

(b) to the best of my knowledge, information and belief formed after reasonable inquiry, the Application and all fees and expenses therein are true and accurate;

(c) all fees contained in the Application are based on the rates listed in the Exhibit attached hereto and such fees are reasonable, necessary and commensurate with the skills and experience required for the activity performed;

(d) I have not included in the amount for which reimbursement is sought the amortization of the cost of any investment, equipment, or capital outlay (except to the extent that any such amortization is included within the permitted allowable amounts set forth herein for photocopies and facsimile transmission);

(e) in seeking reimbursement for a service which I justifiably purchased or contracted for from a third party (such as copying, imaging, bulk mail, messenger service, overnight courier, computerized research, or title and lien searches), I require

    reimbursement only for the amount billed to me by the third-party vendor and paid by me to such vendor. To the extent that such services were performed by me as Receiver, I certify that I am not making a profit as Receiver on such reimbursable service; and

(f)  I have not entered into any agreement, written or oral, express or implied, with any person or entity concerning the amount of compensation paid or to be paid from the Estate, or any sharing thereof.

            */s/ Kelly M. Crawford*
            *Kelly M. Crawford, Receiver*

**CERTIFICATE OF CONFERENCE**

The Receiver hereby certifies that, on September 15, 2025, he provided the Application and the invoice attached to this Application to counsel for the CFTC for their consideration. Counsel for the CFTC informed the Receiver's counsel that the Commission is unopposed to the relief sought in the Application. The Receiver further certifies that on September 15, 2025, he provided the Application and the invoice attached to this Application to counsel for the Defendants for their consideration. The Receiver requested counsel for the Defendants to inform the Receiver by Wednesday, September 17, 2025, if the Defendants were opposed or unopposed to the relief sought in the Application. Counsel for the Defendant Fortini informed the Receiver that Defendant Fortini takes no position regarding the Application. The remaining counsel for Defendants did not respond to the Receiver.

*/s/ Kelly M. Crawford*
*Kelly M. Crawford, Receiver*

Respectfully submitted September 19, 2025.

*/s/ Melanie E. Damian*
Melanie E. Damian
Florida Bar No. 99392
Email: mdamian@dvllp.com
Russell Landy
Florida Bar No. 44417
Email: rlandy@dvllp.com
DAMIAN | VALORI | CULMO
*Counsel for Kelly Crawford, Court-Appointed Receiver*
1000 Brickell Avenue, Suite 1020
Miami, Florida 33131
Telephone: (305) 371-3960
Facsimile: (305) 371-3965

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 19, 2025, a true and correct copy of the foregoing was served via electronic transmission via this Court's CM/ECF filing system on all counsel or parties who have appeared in the above-styled action.

*/s/ Melanie E. Damian*
Melanie E. Damian
*Counsel for Court-Appointed Receiver*
