UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-cv-23745-RKA

COMMODITY FUTURES
TRADING COMMISSION,

    *Plaintiff*,

v.

TRADERS DOMAIN FX LTD. *d/b/a*,
THE TRADERS DOMAIN, *et al.*,

    *Defendants*.
_____/

## RECEIVER'S MOTION TO EMPLOY DAMIAN VALORI CULMO AND SCHEEF & STONE, LLP ON A CONTINGENCY FEE BASIS FOR CERTAIN LITIGATION CLAIMS

Kelly M. Crawford, the Court appointed Receiver, respectfully requests the Court to authorize him to employ Damian Valori Culmo and Scheef & Stone, LLP (the "Receiver's Counsel") to represent the Receiver in prosecuting claims that may exist in ancillary actions against certain third parties based on their involvement or interactions with the alleged fraud perpetrated by the Receivership Defendants and/or in ancillary actions to recover voidable transfers against third parties in a contingency fee arrangement ("Contingent Litigation Claims"), and states:

### PROCEDURAL AND FACTUAL BACKGROUND

On October 3, 2024, the Court entered an *Order Granting Plaintiff's Expedited Motion for an Ex Parte Statutory Restraining Order, Appointment of a Temporary Receiver, and Other Equitable Relief* (the "SRO"). ECF No. 10. Pursuant to the SRO, this Court appointed Kelly M. Crawford as Receiver over the assets of the Defendants, and vested the Receiver with certain authority to recover assets, records, and investigate claims. Further, the Court entered Consent

Orders of Preliminary Injunction as to numerous individual Defendants [ECF Nos. 40-42, 48, 49, 53, 131, 144] and against entity defendants [ECF No. 38]. And, on January 28, 2025, the Court entered an Order of Preliminary Injunction ("PI Order") as to Defendants Safranko, Negus-Romvari, and Herman after they defaulted. ECF No. 158. All of the Orders identified in this paragraph are collectively referred to herein as the "Receivership Orders." The Receivership Orders extend to the "Defendants and their affiliates or subsidiaries owned or controlled by [them]." *See* SRO, ¶ 29.

Pursuant to the Receivership Orders, the Receiver has the authority to "[i]nitiate, defend, compromise, adjust, intervene, dispose of, or become a party to, any actions or proceedings in state, federal, or foreign court that the [ ] Receiver deems necessary and advisable to preserve or increase the value of the Receivership Estate . . . ." *Id.* at ¶ 30.

The Receiver has discovered that various third parties have assisted, aided and abetted, enabled, and facilitated the fraudulent scheme run by the Receivership Defendants, allowing them to misappropriate millions of dollars of investor funds for their own personal use, or otherwise harmed the Receivership Defendants. The Receiver has also uncovered transfers to third parties which are voidable under applicable law and which may give rise to claims for actual or constructive fraudulent transfer and/or unjust enrichment.[1]

While the Receiver has not concluded his investigation of the merits and viability of the Contingent Litigation Claims or the collectability of the parties against which they would be asserted, the Receiver proposes to continue his investigation, and to the extent he discovers viable claims against collectible parties, to engage the Receiver's Counsel to bring the above-referenced

---

[1] The Receiver does not include the names of the potential targets of such Contingent Litigation Claims herein so as not to alert them at this time, but is prepared to provide a list to the Court upon request.

Contingent Litigation Claims, and other similar claims which the Receiver, in his judgment believes should be initiated, to recover funds for the benefit of the Receivership Estate on a contingency fee basis. This will allow the Receivership Estate to benefit from any recovery obtained by the Receiver without the obligation to pay attorneys' fees if there is no recovery.

## **PROPOSED CONTINGENCY FEE ARRANGEMENT**

Subject to the Court's approval, the Receiver proposes the Receiver's Counsel to be compensated on a contingency fee basis for their time expended in connection with the Contingent Litigation Claims. The contingency percentages proposed below would be the total fee to be paid to the Receiver's Counsel as compensation for such time and efforts; the Receiver's Counsel or other retained professionals will not seek any further fees as compensation for such work.

The Receiver proposes that counsel be compensated for their services only when there is a recovery as a result of the efforts of the Receiver and/or the Receiver's Counsel, either through settlement, judgment, or otherwise.

The duties to be performed by the Receiver and the Receiver's Counsel that would be covered by the proposed contingency fee arrangement include all legal services performed in connection with making demands, negotiating a resolution of, or filing and prosecuting the Contingent Litigation Claims, before or after any litigation, arbitration or other legal proceeding is commenced.

The Receiver and the Receiver's Counsel shall not be obligated to pursue, file or prosecute any particular Contingent Litigation Claims or other asset recovery efforts unless he deems such litigation to be in the best interest of the Receivership Estate. And, the Receiver will consider

various factors in determining which of his counsel will pursue each individual claim, in a manner which is in the best interest of the Receivership Estate.

The Receiver's Counsel shall be entitled to the following contingency fees:

a. Twenty Five percent (25%) or gross recovery obtained prior to a lawsuit being filed but following demand.

b. Thirty-three percent (33%) of all gross recoveries received by the Receivership Estate in connection with any claims resolved after the complaint has been filed.

c. Forty percent (40%) of all gross recoveries received by the Receivership Estate in connection with any claims asserted by the Receiver in the event that an appeal is deemed necessary.

The foregoing scaled contingency fees based on the timing of the Estate's receipt of a Recovery (*i.e.*, before or after a lawsuit it filed, and before or after an appeal) is intended to provide the highest recovery possible to the Estate and its creditors while ensuring the contingency fee paid is commensurate with the risk and costs borne by the Receiver and his counsel and the results obtained. Out of pocket costs of the litigation will be advanced by the Estate. The Receiver submits that the proposed contingency fee terms set forth above are fair, reasonable and in the best interest of the Estate and its creditors.

Other than the contingency fees proposed herein, and reimbursement of actual expenses incurred in connection with the Contingent Litigation Claims (the "Expenses"), the Receiver's Counsel will not be entitled to any additional fees from the Estate for services rendered in connection with the Contingent Litigation Claims. And, the Receiver is not seeking a contingency

4

fee arrangement for any asset recovery efforts for which he and any of his counsel has already billed on an hourly basis.

## ALLOWANCE AND PAYMENT OF CONTINGENCY FEES AND EXPENSES

Before the Receiver and the Receiver's Counsel are paid the above-proposed contingency fee from any gross Recovery resulting from a Contingent Litigation Claim, the Receiver shall file a motion seeking final allowance and payment of the contingency fee and any expenses incurred or advanced by the Receiver and/or the Receiver's Counsel in connection with such asset recovery efforts.

Upon the Court's allowance of contingency fees and Expenses, the Receivership Estate will pay the Receiver and the Receiver's Counsel such fees and expenses minus any amount of those Expenses that the Estate has already paid to the Receiver and/or the Receiver's Counsel or that have been paid directly from the Estate as described below.

In the event there are sufficient funds available in the Receivership Estate to cover expenses that the Receiver and/or the Receiver's Counsel will incur in connection with the Contingent Litigation Claims or other asset recovery efforts related to the Receivership Defendants, the Receiver proposes to pay such expenses in the ordinary course of litigation directly from the Receivership Estate and seek Court approval to pay all such Expenses, by motion or interim fee applications filed with the Court.

In the event there are not sufficient funds available in the Receivership Estate at the time the Receiver or the Receiver's Counsel incur or advance Expenses in connection with Contingent Litigation Claims or other asset recovery efforts related to the Receivership Defendants, the Receiver and/or the Receiver's Counsel shall be entitled to reimbursement of such Expenses,

subject to Court approval of such Expenses, from a subsequent net Recovery (*after* the contingency fees are paid from the gross Recovery), regardless of whether that Recovery resulted from the asset recovery efforts for which the Expenses were incurred or advanced.

Such payment of Expenses is subject to final Court approval.

### **MAINTAINING RECORDS OF FEES AND EXPENSES INCURRED**

The Receiver understands and agrees that he and the Receiver's Counsel must keep accurate records of their time and the hourly legal fees incurred in connection with the Contingent Litigation Claims and other asset recovery efforts related to the Receivership Defendants, but does not propose for the purposes of the above-proposed contingency fee arrangement to keep those records in the detail required for professionals whose employment and compensation is billed on an hourly basis. Because all legal fees incurred in connection with Contingent Litigation Claims and other asset recovery efforts will be paid on a contingency basis, the Receiver's and the Receiver's Counsel's monthly billing statements for the Receivership Estate submitted with the Receiver's interim Fee Applications will not include entries for the time expended and legal services provided in connection with such efforts.

Further, the Receiver understands and agrees that he and the Receiver's Counsel will maintain records of the Expenses they incur in connection with their asset recovery efforts related to the Receivership Defendants. Such Expenses will be separately itemized on the Receiver's and DVC's and Scheef & Stone, LLP's monthly billing statements based on the particular service involved and out-of-pocket expense incurred or advanced, in addition to expenses incurred for general receivership, administrative and other matters. And the Receiver and the Receiver's

6

Counsel will record these Expenses in a manner and at rates that are consistent with the CFTC's Billing Instructions with which the Receiver agreed prior to his appointment.

The Receiver will submit his and the Receiver's Counsel's records of Expenses (within monthly billing statements) with his motions for final allowance and payment of contingency fees and Expenses or his interim Fee Applications.

WHEREFORE, for the foregoing reasons, the Receiver respectfully requests entry of the attached proposed order approving the contingency fee arrangement proposed herein for the Receiver's Counsel's compensation for all services provided in connection with pursuing the Contingent Litigation Claims.

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule 7.1(a)(2), the Receiver conferred with counsel for the CFTC, who agreed to the relief sought in this motion. On September 19, 2025 and September 23, 2025, counsel for the Receiver circulated the motion to the Defendants' counsel. Defendant, Robert Collazo, Jr's counsel agrees to the relief sought. Defendant, John Louis Fortini's counsel takes no position regarding the motion. Defendant, Michael Shannon Sims's counsel has no objection. Counsel for the remaining Defendants did not state a position.

Respectfully submitted,

*/s/ Vincenzo Lamonica*
Vincenzo Lamonica
Florida Bar No. 1058073
Email: vlamonica@dvcattorneys.com
Russell Landy
Florida Bar No. 44417
Email: rlandy@dvllp.com
DAMIAN | VALORI | CULMO
*Counsel for the Receiver*
1000 Brickell Avenue, Suite 1020

Miami, Florida 33131  
Telephone: (305) 371-3960  
Facsimile: (305) 371-3965

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the September 25, 2025, I electronically filed the foregoing document with the clerk of the U.S. District Court, Southern District of Florida, using the electronic case filing system of the court, and the electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record.

<em>/s/ Vincenzo Lamonica</em>  
Vincenzo Lamonica