THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| COMMODITY FUTURES TRADING COMMISSION,<br><br>Plaintiff,<br><br>      v.<br><br>TRADERS DOMAIN FX LTD. d/b/a THE TRADERS DOMAIN; FREDIRICK TEDDY JOSEPH SAFRANKO a/k/a TED SAFRANKO; DAVID WILLIAM NEGUS-ROMVARI; ARES GLOBAL LTD. d/b/a TRUBLUEFX; ALGO CAPITAL LLC; ALGO FX CAPITAL ADVISOR LLC n/k/a QUANT5 ADVISOR, LLC; ROBERT COLLAZO, JR.; JUAN HERMAN a/k/a JJ HERMAN; JOHN FORTINI; STEVEN LIKOS; MICHAEL SHANNON SIMS; HOLTON BUGGS, JR; CENTURION CAPITAL GROUP INC.; ALEJANDRO SANTIESTABAN a/k/a ALEX SANTI; GABRIEL BELTRAN; and ARCHIE RICE,<br><br>Defendants. | Civil Case No. 1:24-cv-23745-RKA |

### RECEIVER'S MOTION TO POSTPONE CLAIMS REPORT DEADLINE

COMES NOW, Kelly M. Crawford ("Receiver") and respectfully requests the Court to postpone the deadline for the Receiver to file his initial claims report listing the approved claim amounts for each claim received (the "Initial Claims Report"), and in support thereof, the Receiver respectfully shows the Court as follows.

---

**RECEIVER'S MOTION TO POSTPONE CLAIMS REPORT DEADLINE**      **PAGE 1**

1. On October 3, 2024, this Court entered an *Order Granting Plaintiff's Expedited Motion for an Ex Parte Statutory Restraining Order, Appointment of a Temporary Receiver, and Other Equitable Relief* (the *"SRO"*) [ECF No. 10]. Pursuant to the SRO, this Court appointed Kelly M. Crawford as Receiver of the assets of the Defendants and vested the Receiver with certain authority to recover assets, records, and investigate claims.

2. On April 29, 2025 the Court entered an *Order Granting Receiver's Motion to Approve Claims Adjudication Process* [ECF No. 223] (the "Claims Order"). The Claims Order established July 28, 2025 as the bar date for claimants to submit a claim to the Receiver.[1] In addition, the Claim Order established November 25, 2025 as the deadline for the Receiver to file his Initial Claims Report.[2]

3. The Receiver received 1,952 claims by the Bar Date. In addition, the Receiver received 223 additional claims *after* the Bar Date. The Receiver and his Claim Agent (Stretto, Inc.) divided the claims into the following groups:

   a. **ALGO CLAIMS --** Claims filed as part of the Algo receivership that preceded this receivership (208 claims);

   b. **FIAT CLAIMS --** Claims filed by persons who invested solely with fiat (U.S. dollar or other currency) (523 claims);

   c. **CRYPTO CLAIMS --** Claims filed by persons who invested solely with cryptocurrency (585 claims): and

   d. **MIXED CLAIMS --** Claims filed by persons who invested with a mix of fiat and cryptocurrency (549 claims)

---

[1] The "Bar Date" as referred to in the Claims Order was 90 days after the date of the Claims Order. *See Motion to Approve Claims Adjudication Process* [ECF No. 215].
[2] The deadline is referred to in the Claims Order as 120 days after the Bar Date.

   e. **NO DOCUMENTATION** – Claims filed with no supporting documentation (310)

4. The Receiver and his staff used information contained in the claims received to subpoena additional records from banks to determine the flow of funds into Traders Domain. This led the Receiver and his staff to discover additional entities used by the Defendants to receive investments for Traders Domain, and the need to obtain bank records for these entities. These bank records are critical for the Receiver to properly evaluate the submitted claims. After the bank records were received in response to subpoenas, the Receiver's forensic accountants examined them and compiled an accounting that could be used to analyze the submitted claims. As a result of this process, which took most of August, the Receiver and his staff were unable to begin evaluating claims until the beginning of September.

5. The Receiver and his staff have completed the review of the Algo Claims and the Fiat Claims.

6. Regarding the Crypto Claims and the Mixed Claims, the Receiver and his staff determined that, in most instances, insufficient information was provided regarding the cryptocurrency transactions to corroborate the investments in Traders Domain or Trubluefx. Consequently, by letter dated October 29, 2025, the Receiver notified approximately 1,134 claimants that the information they submitted in support of their claim was insufficient to corroborate their cryptocurrency investments and the Receiver would recommend denial of their claim unless they submitted additional information within 30 days of the date of the letter. Specifically, for each cryptocurrency transaction the Receiver requested the claimants to submit the following information:

   a. Type (Investment or Payout)
   b. Date/Time stamp of transaction
   c. Amount (e.g., 1.50, 0.25, 45,000, etc.)
   d. Currency (ETH, BTC, USDT, etc.)

  e. USD equivalent (if different than Amount)
  f. Transaction hash
  g. Sending Address (crypto wallet address)
  h. Receive Address (crypto wallet address)
  i. Crypto exchange used (if applicable)
  j. TD confirmation email attached? (Y/N)
  k. Attach for each deposit/investment:
  l. support@thetradersdomain.com email confirming deposit ("The Traders Domain | Successful Deposit")

7. The Receiver continues to receive the additional information requested to corroborate the cryptocurrency transactions, and the deadline for claimants to provide this information is November 28, 2025. Once received, this information will be reviewed by the Receiver's Claim Agent and a cryptocurrency expert, as needed, to make the most accurate determination of the approved amount for the Crypto Claims and the Mixed Claims. Despite the best efforts of the Receiver and his staff[3], the Receiver cannot complete the review of the Crypto Claims and the Mixed Claims by the November 25, 2025, deadline for the Receiver to file his Initial Claims Report.

8. Moreover, on November 4, 2025, the Receiver filed his Motion to Expand the Receivership Estate [ECF No. 354] ("Motion to Expand") to add certain entities related to the Receivership Defendants and funded by investors and/or assets of other Receivership Defendants obtained from investors. Because those entities received investor funds, some investors identified them as transferees on their claim forms. If the Court grants the Motion to Expand, the Receiver will approve claims made based on the transfer of funds and/or cryptocurrency to those entities. Therefore, the Court's ruling on the Motion to Expand will affect the claim determinations in the

---

[3] The Receiver and his staff (the Claims Administrator, the Receiver's attorneys and forensic accountants) have been meeting on nearly a weekly basis to discuss the progress of the claims process.

Initial Claims Report, making it inefficient to finalize that Claims Report prior to the entry of an Order on the Motion to Expand.

9. Accordingly, the Receiver respectfully requests that the Court extend the deadline for filing the Initial Claims Report by 70 days until February 3, 2026.

10. The Receiver further requests that the corresponding deadlines for sending out the Initial Claims Report, submission of thereto, and the filing of the unresolved objections with the Court likewise be extended as follows:

 a. Deadline for filing Initial Claims Report – February 3, 2026

 b. Deadline for providing Initial Claims Report to claimants – February 10, 2026

 c. Deadline for claimants to submit objections to the Receiver regarding the Initial Claims Report - March 5, 2026

 d. Deadline for Receiver to submit unresolved objections to the Court – April 24, 2026

11. In light of the government shutdown that delayed the adjudication of the Plaintiff CFTC's claims against the Defendants, there should be no prejudice caused by the requested extension.

## CONCLUSION

WHEREFORE, PREMISES CONSIDERED, the Receiver respectfully requests the Court to enter an order extending the deadline for the Receiver to file his Claims Report through and including February 3, 2026, as well as the corresponding deadlines that follow, and grant such other and further relief, to which the Receiver may be justly entitled.

Respectfully submitted,

*/s/ Melanie E. Damian*
Melanie E. Damian
Florida Bar No. 99392
Email: mdamian@dvllp.com
Russell Landy
Florida Bar No. 44417
Email: rlandy@dvllp.com
DAMIAN | VALORI | CULMO
*Counsel for Kelly Crawford, Court-Appointed Receiver*
1000 Brickell Avenue, Suite 1020
Miami, Florida 33131
Telephone: (305) 371-3960
Facsimile: (305) 371-3965

**ATTORNEYS FOR RECEIVER**

**CERTIFICATE OF CONFERENCE**

The Receiver hereby certifies that, on November 13, 2025, his counsel provided the Motion to Postpone Deadline for Filing Claims Report to counsel for the CFTC for their consideration. Counsel for the CFTC informed the Receiver's counsel that the Commission does not oppose the relief sought. The Receiver further certifies that on November 11, 2025 and November 13, 2025 his counsel provided the Motion to Postpone Deadline for Filing Claims Report to counsel for the Defendants for their consideration. Michael Sims does not object to the relief sought. John Fortini takes no position. Archie Rice and Alejandro Santiesteban oppose the relief sought.

The remaining Defendants did not state a position.

Defendants Safranko, Negus-Romvari, and Herman defaulted.

*/s/ Melanie E. Damian*
Melanie E. Damian

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the November 14, 2025, I electronically filed the foregoing document with the clerk of the U.S. District Court, Southern District of Florida, using the electronic case filing system of the court, and the electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record.

*/s/ Melanie E. Damian*
Melanie E. Damian