UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| **COMMODITY FUTURES TRADING COMMISSION,**<br><br>**Plaintiff,**<br><br>v.<br><br>**TRADERS DOMAIN FX LTD. d/b/a THE TRADERS DOMAIN; FREDIRICK TEDDY JOSEPH SAFRANKO a/k/a TED SAFRANKO; DAVID WILLIAM NEGUS-ROMVARI; ARES GLOBAL LTD. d/b/a TRUBLUEFX; ALGO CAPITAL LLC; ALGO FX CAPITAL ADVISOR LLC n/k/a QUANT5 ADVISOR, LLC; ROBERT COLLAZO, JR.; JUAN HERMAN a/k/a JJ HERMAN; JOHN FORTINI; STEVEN LIKOS; MICHAEL SHANNON SIMS; HOLTON BUGGS, JR; CENTURION CAPITAL GROUP INC.; ALEJANDRO SANTIESTABAN a/k/a ALEX SANTI; GABRIEL BELTRAN; and ARCHIE RICE,**<br><br>**Defendants.** | Civil Case No. 1:24-cv-23745-RKA |

## DEFENDANTS' JOINT MOTION FOR LEAVE TO FILE SUR-REPLY

Defendants Alejandro Santiesteban a/k/a Alex Santi, Robert Collazo, Jr., John Fortini, Michael Shannon Sims, Steven Likos, Gabriel Beltran and Archie Rice (collectively, the "Defendants"), by and through their respective undersigned counsel, respectfully move this Court

1

for leave to file a Sur-Reply in response to Receiver's Reply in Support of His Motion to Expand Receivership and in support states as follows:

1. On November 26, 2025, Receiver, Kelly M. Crawford ("Receiver") filed Receiver's Reply in Support of His Motion to Expand Receivership ("Reply"). (ECF No. 372).

2. The Reply introduces new arguments which were not included in the original motion and could not have been reasonably anticipated. As the Eleventh Circuit has recognized, a movant's raising of new arguments in a reply brief constitutes a "valid reason" warranting a sur-reply. *See First Specialty Ins. Corp. v. 633 Partners, Ltd.*, 300 F. App'x 777, 788 (11th Cir. 2008) ("A district court's decision to permit the filing of a surreply is purely discretionary and should generally only be allowed when a valid reason for such additional briefing exists, <u>such as where the movant raises new arguments in its reply brief</u>.") (emphasis added); *see also Nat'l Christmas Prods., Inc. v. OJ Com., LLC*, No. 22-CV-60897, 2024 WL 5681456, at *1 (S.D. Fla. Apr. 11, 2024) (same, citing *First Specialty Ins. Corp.*).

3. A Sur-Reply is necessary here to address the following issues.

4. First, the Receiver's Reply argues for the first time that the Receiver complied with the notice requirements of *CCUR Aviation* and introduces new evidence regarding the Receiver's purported compliance with those requirements. *See* Reply at 6-7 (claiming purported compliance with the notice requirements of *CCUR Aviation Fin., LLC v. S. Aviation, Inc.*, 2021 U.S. Dist. LEXIS 83769, at *5 (S.D. Fla. May 3, 2021)). Defendants seek leave to file a Sur-Reply to address the Receiver's incorrect assertion of compliance with *CCUR Aviation*. Specifically, the Defendants' Sur-Reply will set forth that the notice-related steps required by that court—(1) serving each non-party entity, (2) filing proof of service, and (3) providing an opportunity to respond—were not followed for multiple entities the Receiver now seeks to add into this

Receivership. Defendants' Sur-Reply will likewise address the new evidence submitted by the Receiver on November 24 and 26, 2025—after Defendants filed their opposition brief—which reflects only selective and incomplete attempts to provide notice to all affected non-party entities.

5. Second, the Receiver's Reply raises new arguments in support of the Receiver's improper effort to assert control over entities owned by a non-party and already adjudicated in a separate federal receivership—specifically the Tin Quoc Tran entities, to wit, SAEG Capital Ltd, SACAP Holdings, Inc., SECAP Holdings, LLC, and MTT9 Holdings, LLC (collectively, the "Non-Sponsor Related Entities")[1]. The Reply incorrectly contends that the mere receipt of funds automatically renders these entities "related entities" under the SRO. Defendants seek leave to file a Sur-Reply to address this argument and show that: (1) the Receiver's own Reply acknowledges that its authority under the SRO extends only to affiliates or subsidiaries owned or controlled by Defendants, whereas the Non-Sponsor Related Entities are owned and controlled by Tin Quoc Tran, who is <u>not</u> a defendant, and thus, the SRO provides no authority over them; and (2) the mere receipt of funds allegedly tied to the scheme does not convert these entities into "related entities" under the SRO.

6. Third, the Receiver's Reply raises new arguments (and contradicts itself) by claiming that the SAEG Receivership involved a separate pool of assets tied to distinct investors, thereby undermining its own position that the Non-Sponsor Related Entities—already properly included in the SAEG Receivership—should now be absorbed into *this* receivership. Put simply, the Receiver simultaneously argues that the SAEG Receivership dealt with a separate pool of assets

---

[1] The Non-Sponsor Related Entities belong to a separate receivership administered in a different case, *CFTC v. Marcus Todd Brisco, et al.*, Case No. 4:23-cv-00336-ROSENTHAL (S.D. Tex. July 26, 2024), where Judge Rosenthal appointed Kelly Crawford as receiver over Tran's assets, including SAEG Capital Ltd., SACAP Holdings, Inc., SECAP Holdings, LLC, and MTT9 Holdings, LLC. That case is hereinafter referenced as the "SAEG Case," and that receivership as the "SAEG Receivership".

while also asking this Court to retroactively absorb that closed estate into *this* Receivership. Accordingly, Defendants seek leave to file a Sur-Reply to address these arguments and demonstrate that: (1) overlapping transfers between separate receiverships are resolved by claims in the first receivership, not by retroactively absorbing a closed estate into another**,** which would have been readily accomplishable given Kelly Crawford served as Receiver in both this case and the SAEG Case,[2] *see generally S.E.C. v. Elliott*, 953 F.2d 1560, 1566 (11th Cir. 1992) ("The government's and parties' interests in judicial efficiency underlie the use of a single receivership proceeding."); and (2) although the Receiver's own tracing fails to distinguish between the victims in the SAEG Case and the victims in the instant matter,[3] even if tracing showed transfers between victims here and the Non-Sponsor Related Entities, the Receiver cites no authority permitting this Receivership to pull in entities previously administered under a different receivership to pursue claw backs for a separate victim group—especially based on incomplete tracing.

7. Finally, the Receiver's Reply raises new arguments and mischaracterizes the evidence related to the tracing methodology implemented by M. Davis that is purportedly based on claims data, creating a misleading impression of reliability. The Defendants seek to file a Sur-Reply to expose the inconsistencies with the Receiver's position, as is further demonstrated by the Receiver's Motion to Postpone the Claims Report Deadline and the Davis Declaration, both of which acknowledge that the verification of claims is incomplete. Despite acknowledging that the current accounting is insufficient to confirm victim claims, the Receiver's Reply improperly relies

---

[2] Before Algo was brought into this Receivership, it initiated an assignment for the benefit of creditors ("ABC") proceeding. Upon information and belief, the Algo ABC filed a claim in the SAEG Receivership, which is the appropriate procedure for addressing inter-estate claims and what this Receiver should have done here.

[3] The Receiver's Reply makes no effort to differentiate between the funds the Non-Sponsor Related Entities purportedly received from victims in the SAEG Case and the alleged victims in this case.

on this same incomplete analysis to assert "meticulous tracing" in an effort to justify expanding the receivership. Thus, a Sur-Reply is necessary to address these mischaracterizations.

8. Allowing the filing of the proposed sur-reply will not cause undue delay or prejudice. Rather, it will assist the Court in resolving the matter on a fully developed record.

**WHEREFORE**, the Defendants respectfully requests that the Court grant leave to file a Sur-Reply in response to the Receiver's Reply.

### LOCAL RULE 7.1(a)(3) CERTIFICATION

I HEREBY CERTIFY that on December 3, 2025, at 3:12 pm EST, I emailed counsel for the Receiver to attempt to reach agreement with respect to the relief sought herein. I subsequently emailed counsel that I intended to file this motion by 5:00 pm EST the following day on December 4, 2025, and requested the Receiver's position before that time. As of the time of this filing at 5:00 pm EST on December 4, 2025, I have not received a response confirming the Receiver's position.

Respectfully submitted,

*/s/ Michael B. Homer*
Michael B. Homer
**DYNAMIS LLP**
1111 Brickell Ave., 10th Fl.
Miami, FL 33131
T: (561) 289-9016
E: mhomer@dynamisllp.com

*Counsel for Defendant Steven Likos*

*/s/ Vivian Rivera Drohan*
Vivian Rivera Drohan, Esq.
**DROHAN LEE LLP**
5 Penn Plaza, 19th Floor
New York, New York 10001
Telephone: (212) 710-0004
Fax: (212) 710-0003
E-Mail: vdrohan@dlkny.com

/s/ *Blaine H. Hibberd*
Blaine H. Hibberd, Esq.
(FBN: 55174)
blaine@hiblaw.com
**The Law Office of**
**Blaine H. Hibberd, P.A.**
612 SE Central Parkway
Stuart, FL 34994

*Counsel for Defendants Alejandro Santiesteban a/k/a Alex Santi and Archie Rice*

/s/ *Walter Norkin*
Walter M. Norkin, Esq.
FL Bar No. 1022653
100 SE 2nd Street, Ste. 3650
Miami, Florida 33131
Telephone: 305-359-6399
Email: wnorkin@akrivislaw.com

*Counsel for Defendant John Fortini*

/s/ *Bryan Morera*
Bryan Morera, Esq.
Florida Bar No. 1002359
**MORERA LAW GROUP, P.A.**
14100 Palmetto Frontage Road, Suite 370
Miami Lakes, Florida 33016
Telephone: (786) 789-4546
Primary Email: Bryan@MLG.Miami
Secondary Email: Austin@MLG.Miami

*Counsel for Defendant Gabriel Beltran*

/s/ *Zachary J. Kelehear*
ZACHARY J. KELEHEAR
Bar No. 925716
zack@findlinglawfirm.com
**The Findling Law Firm, P.C.**

6

    3575 Piedmont Rd NE
Tower 15, Suite 1010
Atlanta, GA 30305
404.460.4500

*Counsel for Defendant Michael Shannon Sims*

/s/*Andrew S. Feldman*
Andrew S. Feldman
**FELDMAN FIRM PLLC**
150 Southeast 2nd Avenue
Suite 600
Miami, Florida 33131
Direct: 305.714.9474
Email: afeldman@feldmanpllc.com
Florida Bar No. 60325

*Counsel for Defendant Robert Collazo*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 4, 2025, the undersigned electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

/s/ *Michael B. Homer*
Michael B. Homer

7