UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-cv-23745-ALTMAN/Lett

**COMMODITY FUTURES
TRADING COMMISSION**,

    *Plaintiff*,

v.

**TRADERS DOMAIN FX LTD.** *d/b/a*
**THE TRADERS DOMAIN**, *et al.*,

    *Defendants*.
_____/

## ORDER GRANTING RECEIVER'S FIFTH FEE APPLICATION

We've authorized the Receiver to receive "reasonable compensation for the performance of duties pursuant to this Order and for the cost of actual out-of-pocket expenses incurred by them for those services authorized by this Order that when rendered were: (1) reasonably likely to benefit the receivership estate; or (2) necessary to the administration of the estate." Order Granting Motion for Statutory Restraining Order and Appointment of a Temporary Receiver ("Receivership Order") [ECF No. 10] at 19–20. To receive this compensation, the Receiver must "file with the Court and serve on the parties periodic requests for the payment of such reasonable compensation, with the first such request filed no more than sixty days after the date of this Order and subsequent requests filed quarterly thereafter." *Id.* at 20.

The Receiver has filed his Fifth Fee Application, which "covers the period from July 1, 2025 through September 30, 2025." Fifth Fee Application [ECF No. 376] at 1. The Receiver requests authority to pay $33,239.00 in fees to himself, *see ibid.*; $50,433.98 in fees and expenses to the Receiver's primary counsel, Scheef & Stone, L.L.P., *see id.* at 5; $245,471.15 in fees and expenses to the Receiver's local counsel, DAMIAN | VALORI | CULMO ("DVC"), *see id.* at 8; $188,329.54 in fees to third-

party Stretto, Inc., *see id.* at 9; and $6,462.01 in fees to third-party SiFT, *see ibid.* None of the parties have expressed opposition to the relief sought. *See id.* at 19. After careful review, we'll **GRANT** the Receiver's request in full.

A receiver is entitled both "to compensation for the work they performed" and reimbursement "for the actual and necessary expenses they incurred in the performance of their duties." *F.T.C. v. Direct Benefits Grp., LLC*, 2013 WL 6408379, at *3 (M.D. Fla. Dec. 6, 2013) (Antoon, J.) (citing *S.E.C. v. Elliott*, 953 F.3d 1560, 1567, 1576–77 (11th Cir. 1992)). "The party seeking attorney's fees bears the burden of establishing entitlement and reasonableness. The movant must supply the Court with detailed records showing the amount of time spent on the claim, as well as the nature of the activity at each stage of the case." *Sec. & Exch. Comm'n v. BK Coin Mgmt., LLC*, 2024 WL 4697686, at *2 (S.D. Fla. Oct. 22, 2024) (Goodman, Mag. J.) (first citing *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983)); and then citing *Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988)), *report and recommendation adopted*, 2024 WL 4692191 (S.D. Fla. Nov. 6, 2024) (Scola, J.). Federal courts use the "lodestar method" to "determin[e] a reasonable fee award." *Id.* at *3. This method requires us "to multiply the number of hours reasonably expended by a reasonable hourly rate." *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994) (citing *Hensley*, 461 U.S. at 433).

We've previously found that the Receiver, Scheef & Stone, and DVC "bill[ ] a reasonable hourly rate[,]" Order Granting First Fee Application [ECF No. 95] at 3; *see also* Order Granting Second Fee Application [ECF No. 193] at 2 (same), so we'll readopt that analysis here and focus solely on "the number of hours reasonably expended" by these entities. *Loranger*, 10 F.3d at 781.[1] The Receiver and his attorneys have spent a total of 1,192.50 hours on this case during the Fifth Fee Application

---

[1] The Receiver's hourly rate is $395.00, Scheef & Stone's blended hourly rate is $230.00, and DVC's blended hourly rate is $259.00. *See* Fifth Fee Application at 2–5. This is *less* than the rates we previously found to be reasonable. *See* Order Granting Second Fee Application at 2 n.1 ("The Receiver's hourly rate $395.00, Scheef & Stone's blended hourly rate is $294.00, and DVC's blended hourly rate is $346.00.").

period. *See* Fifth Fee Application at 2–6; *see also* Receiver's Invoice [ECF No. 376-1] at 11; Scheef & Stone Invoice [ECF No. 376-2] at 15; DVC Invoice [ECF No. 376-4] at 39. This is a greater number of hours expended than during the previous application period. *See* Order Granting Fourth Fee Application at 3 ("The Receiver and his attorneys have spent 949.10 hours on this case during the Application period."). Nevertheless, we agree that the Receiver and his attorneys expended a reasonable number of hours over this application period because we find that the amount of time spent on this action was not "excessive, redundant, or otherwise unnecessary[.]" *Norman*, 836 F.2d at 1301. The Receiver and his counsel were required to "implement[ ] the claims process approved by the Court, including working with Stretto, Inc. to manage the receipt of claims, the initial review of claims, the classification of claims, determining the sufficiency or insufficiency of information required to support a claim, informing claimants of deficiencies in documentation, and identifying additional accounts for which bank records or cryptocurrency information is required to evaluate claims, and work toward obtaining that information," "[w]ork[ ] with local counsel, brokers, lenders, and title companies to complete the sales of additional properties owned by Defendants," and negotiate several settlement agreements with multiple Defendants. Fifth Fee Application at 2–5. Much of this application period was also spent "[m]anaging information obtained through demand letters and subpoenas onto the database used by the Receiver and his attorneys to evaluate claims and investigate assets," drafting "show cause motions required for certain defendants because of their failure to comply with the Court's orders," and "[w]orking with the cryptocurrency expert to identify recipients of cryptocurrency from Traders Domain and seek records from various platforms regarding transactions." *Ibid.* Given the prodigious amount of work the Receiver's staff has performed over the past three months, we find that the number of hours expended has been reasonable.

We also find that the fees requested for the third-party entities (Stretto, SiFT, and Goodkind & Florio, P.A.) are reasonable. The Receiver engaged Stretto, Inc. "to assist with the claims process

3

proposed to the Court." *Id.* at 8. Because we've already allowed the Receiver to retain Stretto to "assist him as Claims Agent in the administration of the noticing and claims process[,]" Order Granting Receiver's Motion to Approve Claims Adjudication Process [ECF No. 223] at 2, the Receiver will be permitted to pay Stretto's fees. While Stretto's fees are much higher during this period than in any previous period, we nevertheless find them to be reasonable because Stretto is responsible for administering the claims process, which started in earnest during this application period. *See* Fifth Fee Application at 8. For example, Stretto:

> distributed the proofs of claim to the known claimants and put together a social media campaign to solicit claims. In addition, Stretto, Inc. set up an online portal for claimants to submit their proofs of claim and provide documentation in support of their claim. Stretto, Inc. personnel responded to numerous questions from claimants regarding the claims process. Stretto, Inc. managed the receipt of claims by the bar date of July 28, 2025; conducted an initial review of the claims; worked with the Receiver to identify claims that were not supported by sufficient documentation; distributed a letter from the Receiver to claimants regarding insufficient documentation; categorized the claims; began reviewing the claims that involved bank transactions only and that did not involve cryptocurrency transactions; and identified the specific information needed to evaluate claims made by persons who invested using cryptocurrency.

*Ibid.* Standing up a comprehensive claims process is a time-consuming endeavor, and we find the time that Stretto has spent doing so to be reasonable. The Receiver also wants to pay SiFT "to host [a] database for the storage of documents and information obtained during the course of the receivership." *Id.* at 9. This is an essential service for the Receiver since he has already accumulated "more than nine gigabytes" of data, which is being used "to investigate assets and analyze claims." *Id.* at 6–7. Finally, the Receiver seeks to pay Goodkind & Florio, P.A. $5,834.45 in fees and expenses for their provision of legal services to assist with the sale of two real properties for the benefit of the receivership. *Id.* at 9. Given the necessity of these third-parties to the Receiver's performance of his duties, we'll authorize Stretto, SiFT, and Goodkind & Florio, P.A., to be paid for their services. *See Direct Benefits Grp., LLC*, 2013 WL 6408379, at *3 ("The Receiver and his lawyers are also entitled to

be reimbursed for the actual and necessary expenses they incurred in the performance of their duties.").

Accordingly, we hereby **ORDER AND ADJUDGE** that the Receiver's Fifth Fee Application [ECF No. 376] is **GRANTED**. The Receiver is authorized to pay from the receivership assets recovered by the Receiver the following fees and expenses:

1. The sum of $33,239.00 shall be paid to Kelly Crawford for his services as Receiver from July 1, 2025, through September 30, 2025.

2. The sum of $50,433.98 in fees and expenses shall be paid to Scheef & Stone, L.L.P. for its services as counsel to the Receiver from July 1, 2025, through September 30, 2025.

3. The sum of $245,471.15 in fees and expenses shall be paid to DAMIAN | VALORI | CULMO for its services as counsel to the Receiver from July 1, 2025, through September 30, 2025.

4. The sum of $188,329.54 in fees and expenses shall be paid to Stretto, Inc. for its services to the Receiver from July 1, 2025, through September 30, 2025.

5. The sum of $6,462.01 in fees and expenses shall be paid to SiFT for its services to the Receiver from July 1, 2025, through September 30, 2025.

6. The sum of $5,834.45 in fees and shall be paid to Goodkind & Florio, P.A. for its services to the Receiver from July 1, 2025, through September 30, 2025.

**DONE AND ORDERED** in the Southern District of Florida on December 8, 2025.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record