UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| COMMODITY FUTURES TRADING COMMISSION,<br><br>*Plaintiff,*<br><br>v.<br><br>TRADERS DOMAIN FX LTD., et al.,<br><br>*Defendants*. | Civil Case No. 1:24-cv-23745-RKA |

**EXPEDITED MOTION FOR PROTECTIVE ORDER**

Defendant, Holton Buggs, moves this Court for an Emergency Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and Local Rule 26 to protect Mr. Buggs from oppression, undue burden, and expense by moving forward with his scheduled deposition today, February 12, 2026 and February 13, 2026.

**REASON FOR EXPEDITED RULING**

Pursuant to Local Rule 7.1(d)(2), Southern District of Florida, Counsel for Mr. Buggs certifies that this matter requires expedited consideration because the deposition is scheduled for today and tomorrow. Mr. Buggs remains in Dallas, Texas even though his mother is in Florida and very sick. We ask for a ruling as soon as practical by the Court. If not granted, Mr. Buggs will be forced to proceed with his deposition without being properly prepared and without a complete understanding of the claims against him.

1

**Argument**

On February 5, 2026, Mr. Buggs deposition was noticed for February 12 and 13, 2026. Counsel for Mr. Buggs has worked diligently to prepare him for his deposition. This morning, at 8:03 AM, two hours before the deposition was scheduled to start, counsel for the CFTC sent the following email:

> **From:** Wastler, Sarah <SWastler@CFTC.gov>
> **Sent:** Thursday, February 12, 2026 7:03:15 AM
> **To:** Bryan Morera <bryan@mlg.miami>; Michael Homer <mhomer@dynamisllp.com>; ceconomides@dynamisllp.com <ceconomides@dynamisllp.com>; Andrew S Feldman <afeldman@feldmanpllc.com>; Kyra Harkins <kharkins@feldmanpllc.com>; Walter Norkin <wnorkin@akrivislaw.com>; Zack Kelehear <zack@findlinglawfirm.com>; arun@ravindranlaw.com <arun@ravindranlaw.com>; iva@ravindranlaw.com <iva@ravindranlaw.com>; Kyle Coker <kyle@farmercoker.com>; md@descalzolaw.com <md@descalzolaw.com>; Vivian R. Drohan <vdrohan@dlkny.com>; Blaine Hibberd <blaine@hiblaw.com>
> **Cc:** Wilson, Alison <AWilson@CFTC.gov>; Folks, Kelly <KFolks@CFTC.gov>; Kelly Crawford <kelly.crawford@solidcounsel.com>; Russell Landy <rlandy@dvllp.com>; Melanie Damian <mdamian@dvllp.com>; Forbes, Brendan <BForbes@CFTC.gov>
> **Subject:** Receiver Productions in Response to CFTC January 9, 2026 subpoena
>
> Counsel,
>
> In response to the CFTC's January 9, 2026, Rule 45 subpoena directed to the Receiver, Mr. Crawford and his counsel have made the following productions to the CFTC:
>
> - Documents obtained from the Algo ABC proceedings (produced via hard-drive);
> - Documents collected from Defendants in connection with the SRO (produced by providing access to the Receiver's relativity database);
> - Documents related to the Receiver's forensic accounting analysis (produced via sharefile); and
> - Victim claims and supporting documents (produced via sharefile).
>
> In light of the voluminous nature of these productions, the Receiver has agreed to make these productions available to Defendants directly. If you would like a copy of these productions, please contact the receiver.
>
> Best,
> Sarah

As the Court is aware, the receiver has been tasked with the investigation and information gathering in this case. The receiver is the custodian of the documents that would shed light on the underlying allegations, particularly those directed at Mr. Buggs. To date, Mr. Buggs has not been made aware of the identity, basis, or statements made by any alleged claimants in this case in which the Receiver collected and the CFTC seeks to fundamentally rely on. As such, it is imperative that Mr. Buggs have an opportunity to review with counsel the documents referenced in the CFTC's 8:03AM EST email today, the day of his deposition.

Only after counsel confronted the CFTC about the late announcement of documents in possession of the receiver, counsel learned that the CFTC began receiving these documents as early as late-January. Of note, Local Rule 26, Southern District of Florida, provides that "Whenever a party, before trial, receives objections, documents, electronically stored information, or other things from a non-party in response to a subpoena, the party receiving same shall promptly notify all other parties of such receipt, and shall, upon request, make the materials available for inspection to all other parties in the same form or format as received from the non-party." Counsel has yet to hear back from receiver regarding receipt of these documents, nor has the CFTC responded to Counsel's email this morning requesting more information as to such production.

Here, the CFTC made the strategic decision to announce the existence of the documents two hours before the deposition. Mr. Buggs and his counsel appeared at the deposition at the scheduled time. The CFTC refused to pause the deposition to give Mr. Buggs an opportunity to review the documents, and instead notified Counsel that the CFTC would "get Judge Lett on the phone," before asking if Counsel and Mr. Buggs would remain in Counsel's office in the interim. Counsel offered to reschedule the deposition for anytime between March 9 and 20, 2026 after raising its objection regarding the deposition moved forward to attempt to resolve this issue without further intervention, and such request was immediately rebuked by the CFTC.

Given these circumstances, it would be unfair for Mr. Buggs to be forced to proceed with his deposition. It would be deposition by ambush. Mr. Buggs is entitled to be properly prepared for his deposition, including learning the specific claims against him and any other information in the hands of the receiver. A deposition is critical step in the litigation process as it can be the basis for a motion for summary judgment.

## CONCLUSION

Counsel for Defendant Holton Buggs, Jr. requests that the Court grant a protective order and suspend Mr. Buggs deposition.

## CERTIFICATE OF CONFERRAL

Mr. Buggs and counsel met with counsel for CFTC at the time of scheduled deposition. Both parties went on the record to make objections. At that time, the CFTC noted that it would not agree to continue the deposition.

Respectfully Submitted,
By: */s/ Marissel Descalzo*
**Marissel Descalzo, Esq.**
Florida Bar No. 669318
Descalzo Law P.A.
One Biscayne Tower
2 South Biscayne Blvd., Suite 2530
Miami, Florida 33131
Telephone:    305-489-1018

/s/*Kaitlyn M. Coker*
Kyle A. Coker
TX Bar No. 24115353
kyle@farmercoker.com
Kaitlyn M. Coker
TX Bar No. 24115264
kaitlyn@farmercoker.com

**FARMER & COKER, PLLC**
901 Main St., Ste. 5330
Dallas, TX 75202
Tel: (214) 242-9607

**ATTORNEYS FOR DEFENDANT HOLTON BUGGS, JR.**

## CERTIFICATE OF SERVICE

      I CERTIFY THAT, on this 12th day of February 2025, the foregoing was electronically transmitted to all counsel on record.

By: <u>*/s/ Marissel Descalzo*</u>
Marissel Descalzo, Esq.
