THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Civil Case No.: 24-cv-23745-RKA

COMMODITY FUTURES TRADING COMMISSION,

                                                                  *Plaintiff*,

    v.

TRADERS DOMAIN FX LTD. d/b/a THE TRADERS DOMAIN; FREDIRICK
TEDDY JOSEPH SAFRANKO a/k/a TED SAFRANKO; DA YID WILLIAM
NEGUS-ROMY ARI; ARES GLOBAL LTD. d/b/a TRUBLUEFX; ALGO
CAPITAL LLC; ALGO FX CAPITAL ADVISOR LLC n/k/a QUANT5
ADVISOR, LLC; ROBERT COLLAZO, JR.; JUAN HERMAN a/k/a JJ HERMAN;
JOHN FORTINI; STEVEN LIKOS; MICHAEL SHANNON SIMS; HOLTON
BUGGS, JR; CENTURION CAPITAL GROUP INC.; ALEJANDRO SANTIESTEBAN
a/k/a ALEX MR. SANTIESTEBAN; GABRIEL BELTRAN; and ARCHIE RICE,

                                                     *Defendants*.

---

**MEMORANDUM IN OPPOSITION
TO THE RENEWED MOTION FOR ORDER TO SHOW CAUSE FOR CONTEMPT
AGAINST DEFENDANT ALEJANDRO SANTIESTEBAN**

---

Drohan Lee LLP
5 Penn Plaza
New York, NY 10001
Telephone: (212) 710-0004
E-Mail: vdrohan@dlkny.com

The Law Office of Blaine H. Hibberd, P.A.
612 SE Central Parkway
Stuart, FL 34994
E-Mail: blaine@hiblaw.com

*Attorneys for Defendants Alejandro
Santiesteban a/k/a Alex Mr. Santiesteban*

## **TABLE OF CONTENTS**

**TABLE OF AUTHORITIES** ....................................................................................................... 3

**PRELIMINARY STATEMENT** ................................................................................................ 4

**BACKGROUND** ......................................................................................................................... 5

**ARGUMENT** ............................................................................................................................... 6

# TABLE OF AUTHORITIES

**Cases**

*Citronelle-Mobile Gathering, Inc. v. Watkins*, 943 F.2d 1297, 1301 (11th Cir. 1991).................................7

*Commodity Futures Trading Comm'n v. Wellington Precious Metals*, Inc., 950 F.2d 1525, 1529 (11th Cir. 1992) ........................................................................................................................................7

*DeMello v. Buckman,* 914 So. 2d 1090 (Fla. Dist. Ct. App. 2005). ................................................................6

*FTC v. Leshin*, 719 F.3d 1227, 1233 (11th Circuit 2013)...............................................................................8

*Riccard v. Prudential Ins. Co.*, 307 F.3d 1277, 1296 (11th Cir. 2002).........................................................7

*T.W. v. T.H.*, 355 So. 3d 499 (Fla. Dist. Ct. App. 2023) ...............................................................................7

## PRELIMINARY STATEMENT

Defendant Alex Santiesteban ("Mr. Santiesteban") respectfully opposes the Receiver's Renewed Motion for Contempt (the "Motion"). The Motion seeks extraordinarily coercive and compensatory relief, including a monetary sanction of $3,400,892.01. Civil contempt is a severe remedy and requires clear and convincing evidence of (1) violation of a clear and unambiguous court order and (2) present ability to comply. The Motion does not satisfy that standard. Instead, it relies on aggregate payment summaries from a third-party corporate bank account and social media imagery, without providing the foundational banking authority records necessary to establish personal control, violation, or present ability. Civil contempt cannot rest on inference where the dispositive issue is authority or control over the account at issue.

Based on the claims documentation produced by the CFTC to date, the approved claims asserted directly against Mr. Santiesteban personally, reflect less than $500,000. The Motion does not reconcile that figure with the $3,400,892.01 sought here, nor does it provide a calculation methodology tying the requested amount to adjudicated estate loss attributable to Mr. Santiesteban. The absence of a claims reconciliation or tracing analysis is particularly significant where the sanction requested materially exceeds the claims record tied to Mr. Santiesteban. Before imposing coercive monetary relief of this magnitude, strict adherence to the clear-and-convincing standard is required.

Further, the Motion does not address the fact that Alpha Trader Firm LLC ("Alpha Trader") is not a Defendant nor a Receivership Defendant in this action. To date, Mr. Santiesteban has appeared for depositions, provided accountings to permit the investigation of assets, responded to inquiries, produced all requested documents within his possession, custody or control as understood at the time and has not objected to any home inspections. Any disclosures or documents

4

not produced were either out of the control of Mr. Santiesteban or were believed to be previously provided. Any documents that could be produced were produced.

It is respectfully submitted that neither this Renewed Motion for an Order of Contempt, nor the sanctions and attorneys' fees sought, are appropriate. Accordingly, the Motion should be denied in its entirety.

## BACKGROUND

The Statutory Restraining Order ("SRO") entered on October 3, 2024, identified Centurion Capital Group ("Centurion") as the sole receivership entity. At that time, Centurion was owned by Gabriel Beltran and Mr. Santiesteban.

Alpha Trader was formed in July 2022 and began active operations in 2023. During the period in which Mr. Santiesteban served as a managing member, Alpha Trader primarily operated as an educational services provider. Following disputes between Centurion and Traders Domain, Centurion issued a demand letter to Traders Domain. (See Ex. A.)

After the entry of the SRO, Mr. Santiesteban sought permission from the CFTC to continue working with Alpha Trader. That request was denied. Mr. Santiesteban then stepped down and notified the Receiver that Alpha Trader would be operated by third parties. (See Crawford Decl. ¶6.) No objection was raised at that time. Mr. Santiesteban subsequently moved to unfreeze Alpha Trader's assets due to outstanding debts, including amounts owed to member Ron Hale. Mr. Hale provided a declaration. (See Ex. B.)

The Receiver has not alleged that Mr. Santiesteban is a signatory on any Regions Bank account associated with Alpha Trader. Regions Bank responded to a subpoena, and no documentation has been produced showing Mr. Santiesteban's involvement in Alpha Trader banking after the SRO.

Mr. Santiesteban's membership interests in Alpha Trader were transferred to the Receiver in or about August 2025. (See Ex. C.) Since entry of the SRO, Mr. Santiesteban has not operated Alpha Trader, and since August 2025, he has not held any ownership interest. In early 2025, individuals operating Alpha Trader formed a separate entity ("new Alpha"), and the Receiver was informed of that development. Mr. Santiesteban is not an owner, manager, or operator of that entity.

Alpha Trader previously operated from a warehouse in Medley, Florida. In early 2025, after Alpha Trader could no longer afford the premises, the space was subleased to Bellmas Trucking, which assumed possession and paid rent directly. At the time the Receiver attempted entry, only Rayko Bellmas and Mark Mendez were present. Mr. Santiesteban was not on the premises. Following communications with the landlord, Bellmas Trucking was directed to vacate. (See Ex. D.)

Although certain Regions Bank transfers reference Mr. Santiesteban, the American Express account at issue does not belong to him.

Based on the Receiver's document production, claims against Mr. Santiesteban individually appear to total less than $500,000, and aggregate claims appear to be under $2,000,000. (See Ex. E.) Nevertheless, the Receiver seeks $3,400,892.01 in alleged estate losses. Mr. Santiesteban himself sustained personal losses exceeding $1,000,000 in Traders Domain.

## ARGUMENT

The Receiver once again seeks to impose contempt sanctions concerning an entity that is neither owned nor operated by Mr. Santiesteban. There are no direct payments to Mr. Santiesteban by new Alpha or any other entity. Florida courts have held that implied or inherent provisions of an order cannot serve as the basis for contempt. *DeMello v. Buckman,* 914 So. 2d 1090 (Fla. Dist. Ct. App. 2005). Similarly, Florida authority states that a judge cannot base contempt on noncompliance with something an order does not say. *T.W. v. T.H.*, 355 So. 3d 499 (Fla. Dist. Ct.

App. 2023). Here, Alpha Trader was not designated as a Receivership Defendant. Indeed, the Receiver's own motion to expand the Receivership to include the prior Alpha Trader confirms that Alpha Trader is not currently subject to the Receivership Order. That motion remains pending and has not been adjudicated. Accordingly, contempt cannot lie based on an order that does not expressly apply to Alpha Trader.

Moreover, a burden-shifting scheme applies to civil contempt proceedings. The party seeking civil contempt bears the initial burden of proving by clear and convincing evidence that the opposing party violated an outstanding court order. *Commodity Futures Trading Comm'n v. Wellington Precious Metals, Inc.,* 950 F.2d 1525, 1529 (11th Cir. 1992) (per curiam). "The clear and convincing evidence must establish that: (1) the allegedly violated order was valid and lawful; (2) the order was clear and unambiguous; and (3) the alleged violator had the ability to comply with the order." *Riccard v. Prudential Ins. Co.,* 307 F.3d 1277, 1296 (11th Cir. 2002).

Once this prima facie showing has been made, the burden shifts to the alleged contemnor who may defend the failure on the grounds that he was unable to comply. *CFTC,* 950 F.2d at 1529. In order to make this showing, the alleged contemnor must "produce evidence explaining his noncompliance" that goes "beyond a mere assertion of inability" and shows he "made in good faith all reasonable efforts to comply." *Citronelle-Mobile Gathering, Inc. v. Watkins*, 943 F.2d 1297, 1301 (11th Cir. 1991) (internal quotation marks omitted). If the alleged contemnor makes such a showing, the burden then shifts back to the party alleging contempt to prove the ability to comply. *CFTC,* 950 F.2d at 1529. The Motion fails at the threshold because it does not establish that Mr. Santiesteban had present authority over, or the ability to control, the Regions Bank account associated with "Alpha Trader." Instead, it relies on inferences drawn from account activity and payment descriptions. The Motion does not attach or authenticate the documents that would be necessary to prove personal authority or present ability, such as:

7

- signature cards or authorized signer forms;
- account opening documentation identifying signatories or beneficial owners;
- online banking administrative access records;
- payment initiation logs showing who authorized or initiated transfers; or
- any authenticated evidence that Mr. Santiesteban could initiate or halt transfers from the account.

Instead, the Motion asks the Court to infer control from account activity and labels on payment descriptions. The Motion aggregates payments made toward an American Express credit account and treats the gross payment amount as the "losses incurred by the estate." But payments toward a credit facility reflect the reduction of an outstanding obligation to a third-party creditor; they do not, without more, establish salary, compensation, or the transfer of liquid assets into a personal account. That is not enough for contempt—especially where the alleged acts involve third-party financial institutions and corporate accounts. Without proof that Mr. Santiesteban had the present ability to direct or prevent the challenged transactions, the Motion fails. The Court should not impose coercive or compensatory contempt relief on an inference of authority.

The Receiver's request for $3,400,892.01 in alleged losses is likewise unsupported. Mr. Santiesteban has never been found in contempt. The Receiver's reliance on *FTC v. Leshin*, 719 F.3d 1227, 1233 (11th Circuit 2013), is misplaced. In *Leshin*, the court had already entered a disgorgement order and made multiple findings of contempt before imposing additional relief. No such findings exist here. The damages theory advanced in the Motion depends entirely on attributing activity in a corporate Regions Bank account to Mr. Santiesteban personally, yet no competent evidence establishes that he exercised control over that account.

To the extent the Motion suggests nondisclosure of the Regions account, it does not demonstrate that Mr. Santiesteban had custody or control of the account records at the time of prior disclosures, nor that he possessed authority sufficient to render the account a personal asset subject

8

to disclosure. Contempt requires violation of a clear and unambiguous command of the Court. On this record, the Receiver has not established such a violation by clear and convincing evidence. Accordingly, the Motion for Contempt should be denied.

## CONCLUSION

The Receiver seeks extraordinary relief without supplying authenticated proof of authority, violation and present ability. The Motion relies on inference, aggregate totals, and imagery rather than the clear and convincing evidence required to impose contempt sanctions. For these reasons, Mr. Santiesteban respectfully requests that the Court deny the Receiver's Renewed Motion for Contempt.

Dated this 25th day of February 2026

Respectfully submitted,

*/s/ Blaine H. Hibberd*
Blaine H. Hibberd, Esq.
(FBN: 55174)
The Law Office of Blaine H. Hibberd, P.A.
612 SE Central Parkway
Stuart, FL 34994
Email: blaine@hiblaw.com

 */s/ Vivian Rivera Drohan*
Vivian Rivera Drohan, Esq.
Drohan Lee LLP
5 Penn Plaza, 19th Floor
New York, New York 10001
Telephone: (212) 710-0004
Fax: (212) 710-0003
E-Mail:  vdrohan@dlkny.com

*Attorneys for Defendants Alejandro Santiesteban a/k/a Alex Mr. Santiesteban*

CERTIFICATE OF SERVICE

I hereby certify that on February 25, 2026, I electronically filed the foregoing MEMORANDUM IN OPPOSITION TO THE RENEWED MOTION FOR ORDER TO SHOW CAUSE FOR CONTEMPT AGAINST DEFENDANT ALEJANDRO SANTIESTEBAN with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the attached Service List in the manner specified, either via transmission of Notice of Electronic filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to received electronically Notice of Electronic Filing.

*/s/ Blaine H. Hibberd*
Blaine H. Hibberd, Esq.

SERVICE LIST
COMMODITIES FUTURES TRADING COMMISSION v. TRADERS DOMAIN FX LTD.
d/b/a THE TRADERS DOMAIN, ET AL., CASE NO.: 24-CV-23745-RKA
UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF FLORIDA

Vivian R. Drohan, Esq.
Drohan Lee LLP
5 Pennsylvania Plaza
New York, NY 10001
212-710-0000
vdrohan@dlkny.com

Eric Nissim Assouline, Esq.
Assouline & Berlowe
213 E Sheridan Street, Suite 3
Dania Beach, FL 33004
954-929-1899
ena@assoulineberlowe.com

Melanie Emmons Damian, Esq.
Damian & Valori LLP
1000 Brickell Avenue, Suite 1020
Miami, FL 33131
305-371-3960
vlamonica@dvcattorneys.com

Vincenzo Lamonica, Esq.
Melanie Emmons Damian, Esq.
Damian & Valori LLP
1000 Brickell Avenue, Suite 1020
Miami, FL 33131
305-371-3960
mdamian@dvllp.com

Kyle Coker, Esq.
Farmer & Coker, PLLC
901 Main Street, Ste. 5330
Dallas, Texas 75202
214-242-9607
kyle@farmercoker.com

Kelly M. Folks, Esq.
U.S. Commodity Futures Trading Commission
1155 21st Street, N.W.
Washington, DC 20581
202-418-5377
kfolks@cftc.gov

Brendan M. Forbes, Esq.
U.S. Commodity Futures Trading Commission
1155 21st Street, N.W.
Washington, DC 20581
202-418-5225
bforbes@cftc.gov

Russell M. Landy, Esq.
Damian & Valori LLP
1000 Brickell Avenue, Suite 1020
Miami, FL 33131
305-371-3960
rlandy@dvllp.com

Bryan Morera, Esq.
Morera Law Group P.A.
14100 Palmetto Frontage Rd, Suite 370
Miami Lakes, FL 33016
786-789-4546
Bryan@MLG.Miami

Kenneth Dante Murena, Esq.
Damian & Valori LLP
1000 Brickell Avenue, Suite 1020
Miami, FL 33131
305-371-3960
kmurena@dvllp.com

Sarah Matlack Wastler, Esq.
Commodity Futures Trading Commission
Three Lafayette Center
Washington, DC 20581
202-418-5199
swastler@cftc.gov

Alison B. Wilson, Esq.
U.S. Commodity Futures Trading Commission
1158 21st Street NW
Washington, Dc 20581
771-233-6333
awilson@cftc.gov

Arun G. Ravindran, Esq.
Ravindran Law Firm, PLLC
2525 Ponce de Leon Blvd., Suite 300
Coral Gables, FL 33134
305-677-8713

arun@ravindranlaw.com
Iva U. Ravindran, Esq.
Ravindran Law Firm, PLLC
2525 Ponce de Leon Blvd., Suite 300
Coral Gables, FL 33134
305-677-8713
iva@ravindranlaw.com

Walter M. Norkin, Esq.
Akrivis Law Group, PLLC
One SE Third Avenue, Ste. 2120
Miami, Florida 33131
305-359-6399
wnorkin@akrivislaw.com

Marissel Descalzo, Esq.
Tache, Bronis and Descalzo, P.A.
150 S.E. 2 Avenue, Suite 600
Miami, Florida 33131
305-537-9565
mdescalzo@tachebronis.com

Zachary J. Kelehear, Esq.
The Findling Law Firm. P.C.
3575 Piedmont Road NE, Tower 15, Ste. 1010
Atlanta, GA, 30305
zack@findlinglawfirm.com

Aaron A. Wagner, Esq.
Kabat Chapman & Ozmer, LLP
171 17th Street NW, Suite 1550
Atlanta, GA 30363
404-400-7300
Email: awagner@kcozlaw.com

Henry P. Bell, Esq.
Bell Rosquete Reyes Esteban, PLLC
999 Ponce De Leon Blvd., Suite 810
Coral Gables, Florida 33134
305-570-1610
Email: hbell@bresq.com
Kyra. G Harkins, Esq.
Feldman Firm PLLC
150 Southeast 2nd Avenue, Suite 600
Miami, Florida 33131
305-714-9474
Email: kharkins@feldmanpllc.com