**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 24-cv-23745-RKA**

COMMODITY FUTURES
TRADING COMMISSION,

    *Plaintiff,*

v.

TRADERS DOMAIN FX LTD. *d/b/a,*
THE TRADERS DOMAIN, *et al.,*

    *Defendants.*

_____/

**RECEIVER'S REPLY IN SUPPORT OF HIS RENEWED**
**CONTEMPT MOTION AS TO DEFENDANT ALEX SANTI**

Kelly M. Crawford, the Court-appointed Receiver, replies in support of his Renewed Motion for Sanctions and to Hold Defendant Alex Santi in Civil Contempt [ECF No. 404] (the "Motion"), and states:

**SUMMARY**

Santi should be held in contempt of Court because he failed to present evidence to rebut the sworn testimony and evidence in the Motion showing that, during the pendency of the Court's orders, Santi: (i) concealed and failed to disclose the Alpha Trader Regions Account from which at least $3.4 million was paid for Santi's benefit; (ii) misrepresented his control over Alpha Trader's operations and banking to the Receiver and the Court; and (iii) lived a lavish lifestyle of travel and luxury purchases, all while submitting sworn statements and testimony inconsistent with these facts.

## ARGUMENT

Santi has not provided any evidence to rebut the specific acts of noncompliance with the Court's orders established by the Receiver's Motion. It is factually uncontested that, during the receivership:

i. Santi refused or failed to disclose the existence of the Alpha Trader Regions Account (ECF No. 404-1 at ¶ 18);

ii. Santi exerted control over Alpha Trader and acted on its behalf as the signatory of the Warehouse lease and by communicating with the Warehouse landlord, even after written demands by the Receiver to refrain from such conduct (*Id.* at ¶¶ 7-8, 10, 16);

iii. Santi directed payments to be made from the Alpha Trader Regions Account (*Id.* at ¶¶ 7-8);

iv. At least $3,400,892.01 was paid from the Alpha Trader Regions Account for Santi's benefit (*Id.* at ¶ 4; ECF No. 404-3);

v. Santi took luxury vacations and provided luxury gifts to his fiancée, including a Rolex Datejust (est. value $15,000), a Bvlgari Serpenti Viper necklace (est. value $58,000), an Audemars Piguet Royal Oak watch (est. value $50,000), a Hermès Birkin bag (est. value $30,000), and an expensive engagement ring (ECF No. 404-1 at ¶ 17);

vi. Santi made misrepresentations to the Court and Receiver regarding his financial situation and Alpha Trader's assets, operations, and records (ECF No. 404 at ¶ 8).

Santi's response is devoid of any evidence explaining why Santi failed to comply with the Court's orders or reflecting that Santi made in good faith *all reasonable efforts* to comply with the Orders. Rather, Santi's response is entirely comprised of arguments of counsel, which are unsupported by facts or law.

Accordingly, Santi failed to meet his burden of showing – with competent evidence – a present inability to comply, and that he made all good faith, reasonable efforts to comply. *See Combs v. Ryan's Coal Co.*, 785 F.2d 970, 976 (11th Cir.); *Parker v. Scrap Metal Processors, Inc.*, 468 F.3d 733, 740 (11th Cir. 2006) (noting that an alleged contemnor must "produce *detailed evidence* specifically explaining why he cannot comply") (emphasis added).

Santi's several arguments do not excuse his disregard for the Court's authority. Santi asserts he should not be held in contempt because Alpha Trader is "not a Defendant nor a Receivership Defendant." This contention ignores that Santi's majority ownership interest in Alpha Trader is an asset in receivership. Accordingly, there is no excuse for Santi's failure to comply with his obligations to disclose complete and accurate information regarding his ownership and involvement with his asset Alpha Trader to the Receiver and the Court, and to refrain from dissipating receivership assets such as Alpha Trader. *See* ECF No. 10 at ¶ 18; ECF No. 40 at ¶ 20.

Santi's unsworn claim that he does not have "authority over, or the ability to control" the Alpha Trader Regions Account is belied by the undisputed fact that Santi directed payments to be made from the Regions Account (ECF No. 404-1 at ¶¶ 7-8)

3

and benefitted from at least $3.4 million in AmEx payments from the account. *Id.* at ¶ 4; ECF No. 404-3.

Santi's reference to a separate Alpha Trader entity apparently formed in Wyoming does not change that he received at least $3.4 million from the Regions Account, which is owned by the *Delaware-based* Alpha Trader entity that is now controlled by the Receiver. *See* ECF No. 404-1 at pp. 10, 16.

Santi also claims that the Alpha Trader Warehouse was subleased to a company owned by one of Santi's friends "[i]n early 2025, after Alpha Trader could no longer afford" the rent payments. This appears to be another misrepresentation, as Santi has not produced a sublease agreement, and Alpha Trader made rent payments for the Warehouse as recently as November 2025. *Id.* at p. 19. Further, the Warehouse lease explicitly prohibits subletting without landlord consent, which the Receiver's investigation reflects has not been obtained. *Id.* at p. 42.

Santi asserts that the Receiver seeking return of the $3,400,892.01 paid for Santi's benefit is excessive when compared to the amount of the claims filed by investors in the Receiver's claims process related to Santi and Centurion. Contrary to such assertion, the scope of the Orders is not limited by the value of claims submitted in the claims process (which is not complete) and the claims do not account for all of the relief sought by the CFTC in the Complaint. Further, Alpha Trader is a Receivership asset, and Santi's dissipation of Alpha Trader's funds violates the Orders. *See* ECF No. 10 at ¶ 18; ECF No. 40 at ¶ 20.

4

Santi asserts that compensatory sanctions are unwarranted because there has not been a disgorgement order and/or contempt finding entered against him. The Court, however, has broad discretionary authority to fashion a contempt remedy that assures compliance with its orders. *See FTC v. RCA Credit Servs., LLC*, 2012 U.S. Dist. LEXIS 37731, at *1 (M.D. Fla. Mar. 20, 2012) ("[a] court may impose a coercive daily fine, a compensatory fine, attorney's fees and expenses, and coercive incarceration."); *U.S. v. City of Mia.*, 195 F.3d 1292, 1298 (11th Cir. 1999) (courts have "wide discretion" to craft a remedy for contempt). Here, the Court should order a compensatory sanction to require Santi to return the $3,400,892.01 that was dissipated from a receivership asset for Santi's benefit while Santi represented to the Court and Receiver that he had nothing to do with Alpha Trader and was not receiving any benefits from it. ECF No. 404 at ¶ 8; ECF No. 404-1 at ¶ 18.

The Receiver's request for a $500 per day coercive sanction is not "extraordinarily coercive," but is calculated to provide incentive for Santi to comply with a directive from the Court for Santi to remedy his contempt by returning the funds improperly obtained, providing the documents and information demanded by the Receiver, and cooperating with and assisting the Receiver in his duties.

In sum, Santi failed to rebut with competent evidence any of the contemptuous acts established in the Motion. The Orders clearly describe Santi's obligations and Santi has not shown why he was unable to comply with them. Santi has not explained why he concealed the Alpha Trader Regions Account and substantially benefitted from more than $3.4 million in Alpha Trader funds during the receivership. Santi

5

should not be permitted to benefit from funds improperly diverted to him from Alpha Trader, an entity which was already the subject of prior contempt hearings and orders, while repeatedly refusing to comply with the Receiver's requests and providing misrepresentations and dishonest sworn statements to the Receiver and the Court.

WHEREFORE, the Receiver respectfully requests the Court to:

1) hold Santi in contempt for his repeated violations of the Court's orders;

2) compel immediate turnover of the assets, information, records and all other information specifically requested by the Receiver as required in the Orders, including without limitation all documents, communications, and other records reflecting or relating to Alpha Trader and its assets and operations;

3) impose a fine of reasonable attorney's fees and expenses to compensate the Estate for the further efforts expended by the Receiver and his attorneys to obtain Santi's compliance with the Orders in an amount to be presented by the Recevier;

4) impose a compensatory sanction of $3,400,892.01 for the total losses incurred by the Estate (*see FTC v. Leshin*, 719 F.3d 1227, 1233 (11th Cir. 2013); and

5) impose a coercive sanction of $500 for each day of non-compliance since the original deadline of March 7, 2025 that was previously set by the Court. *See* ECF No. 196; *Jove Eng'g, Inc. v. IRS*, 92 F.3d 1539, 1557-58 (11th Cir. 1996).

Respectfully submitted,

*/s/ Vincenzo Lamonica*
Russell Landy
Florida Bar No. 44417
Email: rlandy@dvllp.com
Vincenzo Lamonica
Florida Bar No. 1058073
Email: vlamonica@dvcattorneys.com
DAMIAN | VALORI | CULMO
*Counsel for the Receiver*
1000 Brickell Avenue, Suite 1020
Miami, Florida 33131
Telephone: (305) 371-3960
Facsimile: (305) 371-3965

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on March 3, 2026, I electronically filed the foregoing document with the clerk of the U.S. District Court, Southern District of Florida, using the electronic case filing system of the court, and the electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record.

*/s/ Vincenzo Lamonica*
Vincenzo Lamonica
