UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-cv-23745-ALTMAN/Lett

COMMODITY FUTURES
TRADING COMMISSION,

 *Plaintiff*,

*v.*

TRADERS DOMAIN FX LTD. *d/b/a*
THE TRADERS DOMAIN, *et al.*,

 *Defendants.*

_____/

## ORDER GRANTING RECEIVER'S SEVENTH FEE APPLICATION

We've authorized the Receiver to receive "reasonable compensation for the performance of duties pursuant to this Order and for the cost of actual out-of-pocket expenses incurred by them for those services authorized by this Order that when rendered were: (1) reasonably likely to benefit the receivership estate; or (2) necessary to the administration of the estate." Order Granting Motion for Statutory Restraining Order and Appointment of a Temporary Receiver ("Receivership Order") [ECF No. 10] at 19–20. To receive this compensation, the Receiver must "file with the Court and serve on the parties periodic requests for the payment of such reasonable compensation, with the first such request filed no more than sixty days after the date of this Order and subsequent requests filed quarterly thereafter." *Id.* at 20.

The Receiver has filed his Seventh Fee Application, which "covers the three month period from January 1, 2026 through March 31, 2026" (the "Application Period"). Seventh Fee Application [ECF No. 452] at 1. The Receiver tells us that, "on April 22, 2026, the Receiver's counsel provided the Application and the invoices attached to this Application to counsel for the CFTC for their consideration. Counsel for the CFTC informed the Receiver's counsel that the Commission does not

oppose the relief sought in the Application. The undersigned further certifies that on April 22, 2026 and April 24, 2026, the Receiver's counsel provided the Application and the invoices attached to this Application to counsel for the Defendants for their consideration. Defendants Buggs, Collazo, Sims, Santi, Rice, and Likos do not oppose the relief sought in the Application. The remaining Defendants did not state a position, or have been defaulted." *Id.* at 19.

After careful review, we find that the fees and costs the Receiver seeks authorization to pay are in line with the rates, amounts, and justifications we've previously found reasonable when approving the Receiver's first six fee applications. *See* Orders Granting Fee Applications [ECF Nos. 95, 193, 225, 302, 379, 411]. We expressly adopt our analysis from our previous orders and find that the Receiver's most recent request for fees is reasonable. We'll note, however, that the fees and costs associated with the current Application Period are some of the highest yet. This is understandable given the entry of several settlement agreements, the Receiver's Motion to Expand Receivership [ECF No. 354], and the execution of the claims process. *See* Report Regarding Objections to Receiver's Claims [ECF No. 451]. With several of these more time-intensive tasks behind us, we expect that subsequent application periods will involve lower third-party fees and costs.

Accordingly, we hereby **ORDER AND ADJUDGE** that the Receiver's Seventh Fee Application [ECF No. 452] is **GRANTED**. The Receiver is authorized to pay from the receivership assets recovered by the Receiver the following fees and expenses:

1. The sum of $38,216.00 in fees and expenses shall be paid to Kelly Crawford for his services as Receiver during the Application Period.

2. The sum of $56,748.86 in fees and expenses shall be paid to Scheef & Stone, L.L.P for its services during the Application Period.

3. The sum of $118,655.58 in fees and expenses shall be paid to DAMIAN | VALORI | CULMO for its services during the Application Period.

4. The sum of $248,530.36 in fees and expenses shall be paid to Stretto, Inc. for its services during the Application Period.

5. The sum of $2,649.40 in fees and expenses shall be paid to SiFT for its services during the Application Period.

6. The sum of $107,942.98 in fees and shall be paid to Kapila Mukamal for its services during the Application Period.

7. The sum of $47,693.75 in fees and expenses shall be paid to Cryptic Recovery LLC for its services during the application.

**DONE AND ORDERED** in the Southern District of Florida on May 2, 2025.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:     counsel of record

3