**THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA**

**CIVIL CASE NO. 1:24-CV-23745-ALTMAN**

COMMODITY FUTURES
TRADING COMMISSION,

Plaintiff,

v.

TRADERS DOMAIN FX LTD. d/b/a
THE TRADERS DOMAIN; FREDIRICK
TEDDY JOSEPH SAFRANKO a/k/a
TED SAFRANKO; DAVID WILLIAM
NEGUS-ROMVARI; ARES GLOBAL
LTD. d/b/a TRUBLUEFX; ALGO
CAPITAL LLC; ALGO FX CAPITAL
ADVISOR LLC n/k/a QUANT5
ADVISOR, LLC; ROBERT COLLAZO,
JR.; JUAN HERMAN a/k/a JJ HERMAN;
JOHN FORTINI; STEVEN LIKOS;
MICHAEL SHANNON SIMS; HOLTON
BUGGS, JR; CENTURION CAPITAL
GROUP INC.; ALEJANDRO
SANTIESTEBAN a/k/a ALEX SANTI;
GABRIEL BELTRAN; and ARCHIE
RICE,

Defendants.

**PLAINTIFF'S MOTION FOR DISCOVERY HEARING AND LIMITED REMEDIAL
DISCOVERY RELIEF CONCERNING DEFENDANT BUGGS'S LATE AND
INCOMPLETE PRODUCTION OF RESPONSIVE COMMUNICATIONS**

Pursuant to Federal Rules of Civil Procedure 26(e), 34, and 37, Southern District of

Florida Local Rules 7.1(a)(3) and 26.1(g)(2), and the Court's Order Setting Discovery

Procedures [Dkt. 186] ("Discovery Order"), Plaintiff Commodity Futures Trading Commission

("Plaintiff" or "CFTC") respectfully moves for a discovery hearing and limited remedial

discovery relief concerning the late and incomplete production of responsive communications by Defendant Holton Buggs, Jr. ("Buggs").

## I.    SUMMARY

This motion concerns two related discovery failures.  First, Buggs failed to produce 378 pages of responsive text messages until after his March 6, 2026 deposition, depriving the CFTC of the opportunity to question him about those documents during his deposition.  Second, those late-produced text messages referenced additional unproduced Telegram communications, which defense counsel later represented had been deleted, lost, or were otherwise unavailable.  Defense counsel agreed, in a May 7 telephone conferral with the CFTC, to provide a letter memorializing Buggs's representation and the basis thereof, and to provide dates for a limited supplementation deposition of Buggs to discuss the issues raised by those late-produced text messages.  Almost six weeks later, despite numerous follow-ups from the CFTC, no letter and no deposition dates have been provided.

The CFTC does not seek to reopen discovery generally.  It seeks targeted relief necessary to remedy Buggs's late and incomplete production:  (i) a written certification concerning Buggs's search for responsive Telegram or similar communications; (ii) production of any responsive communications located through that search or recovery effort; and (iii) a limited three-hour supplemental deposition concerning the late-produced text messages and referenced Telegram or similar communications.

## II.    FACTUAL BACKGROUND

On August 11, 2025, the CFTC served requests for production on Buggs that expressly asked for responsive text messages and other messaging-platform communications.  Decl. of Alison B. Wilson ("Wilson Decl.") ¶ 4, attached as Exhibit B, & Ex. B-1.  In particular, Requests for Production Nos. 3, 5, 9, 10, 12, and 15 sought "communications" on topics relevant to

PLAINTIFF'S MOTION FOR DISCOVERY HEARING AND LIMITED REMEDIAL DISCOVERY RELIEF

Plaintiff's claims in this litigation, and the definitions and instructions accompanying these requests made clear that the term "communication" included text messages and multiple messaging applications (and that the requests were continuing and subject to supplementation). Wilson Decl. Ex. B-1, at 3, 6–8.  On September 10, 2025, Buggs responded to the CFTC's requests for production without stating whether any such responsive communications were being withheld on the basis of his specific objections, as required by Rule 34, or otherwise disclosing the existence of any such responsive communications.  Wilson Decl. Ex. B-2; Fed. R. Civ. P. 34(b)(2)(C).

The incompleteness of Buggs's production only became apparent to the CFTC during his March 6, 2026 deposition.  There, Buggs testified that he had used text messages to prepare for his testimony.  Wilson Decl. Ex. B-3, at 10:8–11:7.  This testimony confirmed that responsive communications existed and were available to him yet had not been produced.  Wilson Decl. ¶ 6. Immediately following the deposition, the CFTC conducted an in-person conferral with defense counsel and requested that defense counsel promptly produce the withheld communications. Wilson Decl. ¶ 8.  Then, on March 9, 2026, the CFTC followed up by email and expressly renewed its request for Buggs's withheld communications.  Wilson Decl. ¶ 9 & Ex. B-4.  That same day, defense counsel responded and represented that Buggs would produce the requested materials "within the coming week . . .  I have confirmed this."  *Id.*  When no production arrived, the CFTC sent follow-up emails to defense counsel on March 17 and 18 but received no response.  *Id.*

On March 19, 2026, the CFTC emailed defense counsel again, explaining that—due to defense counsel's continued production failures and lack of response—the CFTC had "drafted a joint motion for a discovery hearing before Judge Lett" in a further effort to resolve this issue,

PLAINTIFF'S MOTION FOR DISCOVERY HEARING AND LIMITED REMEDIAL DISCOVERY RELIEF

and that if defense counsel continued to not respond the CFTC would be forced to seek a discovery hearing.  Wilson Decl. ¶ 10 & Ex. B-5.  Defense counsel responded that he was "reviewing this issue" and hoped to provide a substantive response.  *Id.*  The CFTC replied, noting that it would delay filing this motion.  *Id.*

On March 30, 2026, Buggs produced 378 pages of text messages.  Wilson Decl. ¶ 11.  That production confirmed that Buggs had in fact withheld responsive communications that should have been produced prior to his March 6 deposition.  *Id.*  After review, the CFTC realized that the March 30 production also revealed a separate issue.  Several of the late-produced messages referenced Telegram communications between Buggs and Defendant Frederick Teddy Joseph Safranko ("Safranko") concerning Traders Domain payments and related subjects.  Wilson Decl. ¶ 12 & Ex. B-6.  Those referenced Telegram communications appeared to *also* be responsive to the CFTC's requests but *also* had not been produced.

On April 20, 2026, the CFTC notified Buggs's counsel that the March 30 production referenced responsive Telegram communications that had not been produced.  Wilson Decl. ¶ 13 & Ex. B-7.  The CFTC requested production of those communications by May 1, 2026.  *Id.*  The CFTC also requested a limited three-hour supplemental deposition, via Zoom, concerning the late-produced text messages, because those materials would have been proper deposition topics had they been timely produced.  *Id.*

Buggs did not produce additional Telegram communications by May 1 and did not provide dates for supplemental testimony.  Defense counsel instead stated that he had "inquired" but did not yet have an answer.  Wilson Decl. ¶ 14 & Ex. B-7.  The CFTC followed up again on May 4.  *Id.*  On May 6, the CFTC advised that it intended to seek a discovery hearing unless defense counsel agreed to confer on this issue.  *Id.*  The parties conferred on May 7.  Wilson

PLAINTIFF'S MOTION FOR DISCOVERY HEARING AND LIMITED REMEDIAL DISCOVERY RELIEF

Decl. ¶ 15.  During that conferral, defense counsel represented that (i) Buggs did not have additional unproduced responsive Telegram or similar messaging-platform communications because those communications had been deleted, lost, or were otherwise unavailable, (ii) defense counsel would provide a letter memorializing that position, including the basis for his representation that such communications could no longer be produced, and (iii) defense counsel would provide dates for Buggs's limited supplemental deposition concerning the late-produced text messages.  *Id.*

No letter or deposition dates followed.  On May 8, a Friday, defense counsel represented that he would provide "the letter" the following Monday.  Wilson Decl. ¶ 16 & Ex. B-7.  On May 11, defense counsel again acknowledged:  "I do owe you a letter.  I will get that to you soon."  Wilson Decl. ¶ 17 & Ex. B-8.  Having received no letter, the CFTC followed up again on May 15, and defense counsel again affirmed that he would "provide" the letter.  Wilson Decl. ¶ 18 & Ex. B-8.  On June 12, 2026, the CFTC noted that more than a month had passed since the May 7 conferral and that Buggs still had not provided the promised letter or dates for supplemental testimony.  Wilson Decl. ¶ 19 & Ex. B-7.  The CFTC advised that, absent a response by June 15, it would seek a discovery conference before Magistrate Judge Lett.  *Id.*

As of this filing, Buggs has not responded to that communication, provided the promised letter, certified the scope or results of his search, explained when or how the referenced Telegram communications were deleted, lost, or became unavailable, identified where any preservation or recovery efforts were made, produced any additional responsive Telegram or similar communications, or provided dates for the limited supplemental deposition concerning the late-produced text messages.

PLAINTIFF'S MOTION FOR DISCOVERY HEARING AND LIMITED REMEDIAL DISCOVERY RELIEF

### III.   ARGUMENT

Targeted remedial relief is warranted.  Rule 34 required Buggs to produce responsive materials within his possession, custody, or control.  Fed. R. Civ. P. 34(a).  Rule 26 required Buggs to supplement or correct that response in a timely manner upon learning that his production was incomplete.  Fed. R. Civ. P. 26(e)(1).  Finally, Rule 37 authorizes the Court to compel production where a party fails to produce documents requested under Rule 34, and treats an incomplete response as a failure to respond.  Fed. R. Civ. P. 37(a)(3)–(4).

Buggs's response was incomplete and late.  The CFTC requested responsive text messages and other messaging-platform communications.  Buggs did not provide them.  His deposition testimony then confirmed that such communications existed, and that he had used them to prepare for his testimony.  After repeated follow-up, Buggs produced 378 pages of responsive text messages on March 30 (well after his deposition).  That late production then revealed additional responsive Telegram messages that Buggs still has not produced or adequately explained.  On this record, Buggs has failed both to comply with Rule 34 and to supplement under Rule 26(e), and Rule 37 authorizes the Court to compel production, or an explanation of why such production cannot be made.

The CFTC acted diligently.[1]  It raised the original failure immediately after Buggs's March 6 deposition, and then promptly reviewed Buggs's March 30 late production.  After identifying references to unproduced Telegram communications, the CFTC requested production

---

[1] The CFTC recognizes that Local Rule 26.1(d) and the Discovery Order require that the resolution of discovery disputes be resolved prior to the close of discovery; however, here, because the dispute arose only just prior to the close of discovery, and defense counsel's repeated promises to remedy that dispute and subsequent partial remedial steps extended beyond the close of discovery, the CFTC was not in a position to raise such a dispute to the Court until after discovery had closed.

PLAINTIFF'S MOTION FOR DISCOVERY HEARING AND LIMITED REMEDIAL DISCOVERY RELIEF

and limited supplemental testimony on April 20, followed up again, conferred on May 7, and refrained from seeking Court intervention when defense counsel agreed to provide (i) a written explanation concerning the Telegram issues and (ii) dates for Buggs's limited supplemental deposition.  Those commitments have not been fulfilled.

Finally, the requested relief is narrow.  The CFTC seeks only relief tied directly to Buggs's late and incomplete production:  (i) a written certification concerning Buggs's search and the deletion, loss, or unavailability of referenced Telegram or similar communications; (ii) production of any responsive communications located through search or recovery efforts; and (iii) a limited three-hour supplemental deposition concerning the late-produced text messages.[2]

For these reasons, the CFTC respectfully requests that the Court schedule a hearing on this matter, and thereafter enter an order requiring Defendant Buggs to:

1.     provide a declaration or certification identifying the devices, accounts, applications, backups, cloud repositories, and other sources searched for responsive Telegram and other messaging-platform communications; the date ranges searched; the search terms or methodology used; the results of those searches; and whether any responsive communications were deleted, lost, inaccessible, or otherwise unavailable;

2.     provide a declaration or certification identifying, for any responsive Telegram or other messaging-platform communications that were deleted, lost, inaccessible, or otherwise unavailable, when Buggs last had access to those communications,

---

[2] To the extent the Court views that limited deposition as requiring modification of the discovery schedule, good cause exists under Rule 16(b)(4) because the need for the deposition resulted from Buggs's late and incomplete production, and the CFTC pursued the issue diligently once the deficiency became apparent.  Fed. R. Civ. P. 16(b)(4).

PLAINTIFF'S MOTION FOR DISCOVERY HEARING AND LIMITED REMEDIAL DISCOVERY RELIEF

when and how they were deleted or became unavailable, whether Buggs deleted them or took any action causing their deletion or unavailability, and what steps were taken to preserve, locate, recover, or restore them;

3.     produce any responsive Telegram or other messaging-platform communications, if any, that are located through Buggs's search or recovery efforts; and

4.     appear for a three-hour supplemental deposition by Zoom limited to the March 30, 2026 late-produced text messages, as well as the references in those texts to Telegram or similar communications.

Dated:  June 17, 2026                                    Respectfully submitted,

**PLAINTIFF COMMODITY FUTURES
TRADING COMMISSION**,

*/s/ Alison B. Wilson*
ALISON B. WILSON (FL Bar A5503268)
BRENDAN M. FORBES (FL Bar A5503351)
KELLY M. FOLKS (FL Bar A5503269)
Attorneys for Plaintiff
COMMODITY FUTURES
TRADING COMMISSION
1155 21st Street, N.W.
Washington, D.C. 20581
Telephone: (202) 418-5000
awilson@cftc.gov
bforbes@cftc.gov
kfolks@cftc.gov

- 8 -

PLAINTIFF'S MOTION FOR DISCOVERY HEARING AND LIMITED REMEDIAL DISCOVERY RELIEF

**CERTIFICATE OF CONFERENCE**

Pursuant to Local Rule 7.1(a)(3), counsel for the CFTC certifies that the CFTC conferred in good faith with counsel for Defendant Holton Buggs, Jr. regarding the issues raised in this motion.  Those efforts included an in-person conferral after Buggs's March 6, 2026 deposition, written correspondence throughout March 2026, additional written correspondence in April and May 2026 concerning the referenced Telegram communications and limited supplemental testimony, a phone conferral on May 7, 2026, and additional written follow-up in May and June 2026.  The parties have been unable to resolve the issues raised in this motion.

*/s/ Alison B. Wilson*
ALISON B. WILSON (FL Bar A5503268)

PLAINTIFF'S MOTION FOR DISCOVERY HEARING AND LIMITED REMEDIAL DISCOVERY RELIEF

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via electronic transmission via this Court's CM/ECF filing system on this 17th day of June, 2026, upon all counsel and/or parties who have appeared in the above-styled action.

*/s/ Alison B. Wilson*
Alison B. Wilson

PLAINTIFF'S MOTION FOR DISCOVERY HEARING AND LIMITED REMEDIAL DISCOVERY RELIEF