**THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| **COMMODITY FUTURES TRADING COMMISSION,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**TRADERS DOMAIN FX LTD. d/b/a THE TRADERS DOMAIN; FREDIRICK TEDDY JOSEPH SAFRANKO a/k/a TED SAFRANKO; DAVID WILLIAM NEGUS-ROMVARI; ARES GLOBAL LTD. d/b/a TRUBLUEFX; ALGO CAPITAL LLC; ALGO FX CAPITAL ADVISOR LLC n/k/a QUANT5 ADVISOR, LLC; ROBERT COLLAZO, JR.; JUAN HERMAN a/k/a JJ HERMAN; JOHN FORTINI; STEVEN LIKOS; MICHAEL SHANNON SIMS; HOLTON BUGGS, JR; CENTURION CAPITAL GROUP INC.; ALEJANDRO SANTIESTEBAN a/k/a ALEX SANTI; GABRIEL BELTRAN; and ARCHIE RICE,**<br><br>**Defendants.** | **Civil Case No. 1:24-cv-23745-RKA** |

**RECEIVER'S MOTION TO APPROVE SETTLEMENT AGREEMENTS**
**WITH SEVERAL THIRD PARTIES**

Kelly M. Crawford, as Court-Appointed Receiver ("Receiver") in the above-captioned action, moves the Court to approve six settlement agreements (collectively, the "Agreements") and to authorize payment of the Court-approved contingency fee to the Receiver's counsel. The

Agreements, together with a full repayment reported below for which the Receiver does not require approval, will return $856,923.00 to the Receivership Estate. In support, the Receiver states:

**BACKGROUND**

1. On October 3, 2024, this Court entered an Order Granting Plaintiff's Expedited Motion for an Ex Parte Statutory Restraining Order, Appointment of a Temporary Receiver, and Other Equitable Relief (the "SRO") [ECF No. 10], appointing Kelly M. Crawford as Receiver over the assets of the Defendants. The SRO authorized and directed the Receiver to investigate and pursue all claims of the Receivership Estate, including claims to recover funds traceable to the defrauded investors which the Defendants improperly transferred to third parties, affiliates, and insiders in furtherance of the fraud that is the subject of the CFTC Action.

2. The Court issued the SRO in part because it found that Defendants orchestrated a multi-layered scheme to solicit funds for the purpose of trading leveraged or margined retail commodity transactions through pooled and individual accounts. *Id.* at ⁋3. Defendants also solicited customers for the specific purpose of participating in commodity pool operated by Traders Domain. *Id*. To expand the scope of the fraud, the Defendants recruited entities and individuals to act as sponsors and solicit new customers in exchange for a percentage of purported trading profits in a manner akin to a multi-level marketing scheme. *Id*.

3. On October 31, 2024, the Court entered a Consent Order of Preliminary Injunction as to Defendant Sims [ECF No. 48], and on January 28, 2025, Orders of Preliminary Injunction as to Defendants Safranko, Negus-Romvari, and Herman [ECF No. 158] (collectively, the "PI Orders"), which remain in effect.

4. On March 13, 2026, the Court entered an Order on the Receiver's Motion to Expand the Receivership, granting expansion of the Receivership to the entities Block Consulting Services,

LLC, MAS Capital Investments, LLC, Centurion TS Holdings, LLC, Alpha Trader Firm, LLC, Profit Over Everything, Inc., GMJ Marketing, LLC, Go Long Investments, LLC, The Nutrition Zone, LLC, Intelligenza, LLC, and JVL Fortini Consulting, LLC. ECF 425.

5. The Receiver's mandate required taking all necessary actions to implement the terms of the SRO, including analyzing the financial records of the Defendants, such as accounting records, account statements, cancelled checks, deposit slips, and wire transfer confirmations from financial institutions, to identify individuals and entities who received voidable transfers.

6. The Receiver's forensic accountants identified many individuals and entities who experienced a net profit ("Net Winners") or received transfers in excess of their original investments or for no value, which were derived from the investors whom the Defendants had defrauded and were made in connection with and in furtherance of Defendants' unlawful and fraudulent scheme.

7. The transfers conferred a benefit to the Net Winners and other transferees that they voluntarily accepted and for which they did not provide reasonably equivalent consideration. A Ponzi scheme, by its very nature, generates no actual profits, and any funds received by an investor that exceed their initial investment, or any gift received for no exchange of value, are considered "false profits" and funds used in perpetration of the scheme. *Wiand v. Lee*, 753 F.3d 1194, 1197 n.1 (11th Cir. 2014).

8. Additionally, the Defendants gifted or transferred numerous assets, including cash, real property, vehicles, jewelry, designer handbags, and watches, to friends and family members for no exchange of value. These transfers were derived from ill-gotten gains and diminished the Receivership Estate.

9. These transfers are avoidable and recoverable transfers pursuant to sections 726.105, 726.106, and 726.108, Florida Statutes. The Receiver's efforts to recover these funds are consistent with the broad equitable powers vested in this Court and established fraudulent transfer law.

10. Pursuant to his responsibilities under the SRO, the Receiver sent demand letters and filed lawsuits identifying the amount each had profited and seeking recovery of same. After negotiations and accounting for factors such as litigation risk and collectability, the Receiver has entered into several settlement agreements, subject to the Court's approval.

11. On June 19, 2026, the Receiver filed three complaints against transferees of the Receivership Entities, including the complaint styled *Crawford v. CF Preferred, LLC, et al.*, Case No. 1:26-cv-24304-CMA (S.D. Fla.) (the "Investor Action"), which asserts claims against investors who realized a net gain from the scheme. Another complaint, styled *Crawford v. Brown, et al.*, Case No. 1:26-cv-23927-BLOOM/Elfenbein (S.D. Fla.) (the "Crypto Action"), asserts claims against transferees who received cryptocurrency from the Receivership Entities. Several of the settlements described below resolve claims the Receiver asserted in one of those actions.

12. Separately, on October 3, 2025, the Receiver filed a complaint styled *Crawford v. Castillo, et al.*, Case No. 1:25-cv-24565-JB (S.D. Fla.) (the "Castillo Action"), against Nicolas Castillo and NEC Business Consulting, LLC d/b/a SFL Business Counsel.

**<u>THE SETTLEMENT AGREEMENTS</u>**

The Receiver and the various transferees, subject to this Court's approval, have entered into settlement agreements, which are summarized below. Generalized descriptions of the Agreements are included for summary purposes only and not intended to constitute a full recitation

of the terms of those Agreements. A review of these descriptions or this motion should not be a substitute for a review of the complete Agreements.

**A. The Agreements**

i. Full Repayment by Davis Bowe Enterprises, LLC and Angela Ramson

Davis Bowe Enterprises, LLC and Angela Ramson (together, the "Ramson Parties") were identified as Net Winners who received false profits. The Receiver named the Ramson Parties as defendants in the Investor Action, alleging that they sent $190,000.00 to the Receivership Entities and received $250,023.00 in return, for a net gain of $60,023.00. After negotiation, the Ramson Parties agreed to repay the full $60,023.00, and the Receiver has dismissed them from the Investor Action with prejudice. This arrangement is a recovery of an uncompromised claim by the Receiver, and the Receiver therefore does not seek the Court's approval of it. The Receiver reports the recovery here so that the Court has a complete record of the resolutions reached and because the Receiver seeks authorization to pay the contingency fee associated with it.

ii. Settlement Agreement with Brandon L. Thornhill

The Receiver named Brandon L. Thornhill as a defendant in the Investor Action, alleging that he sent $70,000.00 to the Receivership Entities and received $175,000.00 in return, for a net gain of $105,000.00. Mr. Thornhill, through counsel, disputed the Receiver's accounting. After negotiation, and to avoid the expense and delay of protracted litigation over that dispute, Mr. Thornhill agreed to pay $40,000.00 into the Damian Valori Culmo trust account within thirty days of execution. Those funds will not be released to the Receiver unless and until the Court approves the agreement. The agreement includes a consent judgment provision for $105,000.00, less any amounts paid, should Mr. Thornhill fail to pay and fail to cure within seven business days. The agreement with Mr. Thornhill is attached as **Exhibit A**.

iii. Settlement Agreement with Chad Thyzel

The Receiver named Chad Thyzel as a defendant in the Crypto Action, alleging that the Receivership Entities made at least six cryptocurrency transfers to him totaling $938,667.33. Mr. Thyzel denied liability, contended that the transfers reflected commercial transactions including sales of sports cards and sealed sports-card products, and raised other arguments against recovery. The parties mediated before the Honorable Alan S. Fine (Ret.) on August 4, 2026, and reached a settlement contingent on Court approval. Mr. Thyzel agreed to pay $350,000.00 on or before September 8, 2026. The agreement includes a consent judgment provision for $938,667.33, less any amounts paid, should Mr. Thyzel fail to pay and fail to cure within seven business days. The Receiver's agreement with Mr. Thyzel is attached as **Exhibit B**.

iv. Settlement Agreement with Nicolas Castillo and NEC Business Consulting, LLC

The Receiver named Nicolas Castillo and NEC Business Consulting, LLC d/b/a SFL Business Counsel (together, the "Castillo Parties") as defendants in the Castillo Action, alleging among other counts, fraudulent transfer in the amount of $194,000.00. The Castillo Parties denied liability, and the parties exchanged document productions. After negotiation, and to avoid the expense and delay of protracted litigation, the Castillo Parties agreed to pay $150,000.00 within thirty days of the agreement, in exchange for a release by the Receiver upon the Court's approval and dismissal of the case. Should the Castillo Parties fail to pay and fail to cure within seven days, the releases are null and void and the Receiver retains all rights to pursue his claims. The Receiver's agreement with the Castillo Parties is attached as **Exhibit C**.

v. Settlement Agreement with Sea Vee, LLC

The Receiver identified Sea Vee, LLC as a Net Winner. Sea Vee received a net gain of $499,520.00. The Receiver made demand on Sea Vee before filing suit. Sea Vee denied liability

and provided a sworn financial statement reflecting that it invested the funds it received in a venture that failed, losing $351,930.00, and that its remaining assets total $36,900.00. Sea Vee agreed to pay $36,900.00, the entirety of its stated remaining assets, within ten days of the effective date of the agreement. The Receiver will hold that payment in the Scheef & Stone, LLP trust account until the Court approves the agreement, or will return it to Sea Vee within two business days if the Court does not. The agreement expressly preserves the Receiver's claims against other parties Jonathan Logan and Team Fusion Colorado, LLC. The Receiver's agreement with Sea Vee is attached as **Exhibit D**.

vi. Settlement Agreement with Brandon Stevens

The Receiver identified Brandon Stevens[1] as a Net Winner who received $136,553.00 in false profits, and made demand on him before filing suit. Mr. Stevens provided financial information supporting a reduction, and after negotiation agreed to pay $100,000.00 in twelve monthly installments of $8,333.00, with the first installment due August 20, 2026. Mr. Stevens will pay by credit card, and the Receivership Estate will bear a four percent processing fee of approximately $4,000.00, leaving a net recovery of $96,000.00. The installments will be held in the Scheef & Stone, LLP trust account and will not be released to the Receiver until the Court approves the agreement. The agreement includes a consent judgment provision for $136,553.00, less any amounts paid, should Mr. Stevens fail to pay and fail to cure within ten days. The Receiver's agreement with Mr. Stevens is attached as **Exhibit E**.

---

[1] For clarity, the Receiver previously entered into a Court-approved settlement with a different individual named Brandon Steven. ECF No. 504.

vii. <u>Settlement Agreement with RR Elite, LLC and Robert Rodriguez</u>

The Receiver named RR Elite, LLC and Robert Rodriguez (together, the "RR Elite Parties") as defendants in the Investor Action, alleging that they received a net total of $167,452.24 from Traders Domain. The RR Elite Parties denied all claims and allegations. After negotiation, and to avoid the expense and delay of protracted litigation, the RR Elite Parties agreed to pay $120,000.00 in fourteen equal monthly installments of $8,571.43, with the first installment due August 20, 2026. Those funds will not be released to the Receiver unless and until the Court approves the agreement. The agreement includes a consent judgment provision for $167,452.24, less any amounts paid, should the RR Elite Parties fail to pay and fail to cure within seven days of a notice of default. The Receiver's agreement with the RR Elite Parties is attached as **Exhibit F**.

**B. Best Interest of the Estate**

The Receiver believes these Agreements are in the best interests of the Receivership Estate as they will result in significant recovery for the Estate and will avoid significant attorneys' fees and costs that would be incurred to litigate the issues disputed regarding net profits and fraudulent transfers, as well as protect against the risk of collection. The Agreements allow the Receiver to recover a significant amount of funds. Because of the time, resources, collection risk, and uncertainty, if these cases were litigated the Receiver believes the Agreements are in the best interests of the Receivership Estate.

**REQUEST TO PAY CONTINGENCY FEES AND COSTS**
**<u>TO COUNSEL FOR RECEIVER PURSUANT TO ORDER</u>**

On September 26, 2025, the Court issued a Paperless Order [ECF No. 341] (the "Contingency Fee Order") that granted the Receiver's Motion to Employ Damian Valori Culmo and Scheef & Stone, LLP on a contingency fee basis for these claims, pursuant to the terms and conditions set forth in the Motion to Employ. The motion to employ counsel on a contingency

basis [ECF No. 339] proposed, and the Court accepted, that the Receiver's counsel shall be entitled to the following contingency fees:

a. Twenty-five percent (25%) or gross recovery obtained prior to a lawsuit being filed but following demand;

b. Thirty-three percent (33%) of all gross recoveries received by the Receivership Estate in connection with any claims resolved after the complaint has been filed; and

c. Forty percent (40%) of all gross recoveries received by the Receivership Estate in connection with any claims asserted by the Receiver in the event that an appeal is deemed necessary.

ECF No. 339.

Accordingly, the Receiver requests that the Court authorize and approve payment to the Receiver's counsel for contingency fees advanced in connection with prosecuting the claims against the aforementioned transferees immediately following entry of the Order granting this motion, given that these transferees have satisfied their respective settlement amounts or are in the process of doing so. In the event that a payment pursuant to any agreement has not yet been paid, either because the transferee has not yet paid it or because the settlement amount is due in the future, the Receiver agrees to defer payment to the Receiver and his counsel until such time that payment is received.

As such, pursuant to the Contingency Fee Order, the Receiver requests the Court enter an order approving and authorizing:

i. payment to the Receiver's counsel Damian Valori Culmo in the amount of $19,807.59, representing a 33% contingency fee based on the Estate's $60,023.00 gross recovery from the Ramson Parties;

ii. payment to the Receiver's counsel Damian Valori Culmo in the amount of $13,200.00, representing a 33% contingency fee based on the Estate's $40,000.00 gross recovery from Mr. Thornhill; and

iii. payment to the Receiver's counsel Damian Valori Culmo in the amount of $115,500.00, representing a 33% contingency fee based on the Estate's $350,000.00 gross recovery from Mr. Thyzel; and

iv. payment to the Receiver's counsel Damian Valori Culmo in the amount of $49,500.00, representing a 33% contingency fee based on the Estate's $150,000.00 gross recovery from the Castillo Parties; and

v. payment to the Receiver's counsel Scheef & Stone, LLP in the amount of $9,225.00, representing a 25% contingency fee based on the Estate's $36,900.00 pre-suit gross recovery from Sea Vee, LLC; and

vi. payment to the Receiver's counsel Scheef & Stone, LLP in the amount of $24,000.00, representing a 25% contingency fee based on the Estate's $96,000.00 pre-suit recovery from Mr. Stevens, net of the credit card processing fee; and

vii. payment to the Receiver's counsel Damian Valori Culmo in the amount of $39,600.00, representing a 33% contingency fee based on the Estate's $120,000.00 gross recovery from the RR Elite Parties.

WHEREFORE, for the foregoing reasons, the Receiver respectfully requests that the Court: (i) enter the proposed order, attached as **Exhibit G**; (ii) approve the Agreements; (iii) authorize the Receiver to pay $237,607.59 to Damian Valori Culmo and $33,225.00 to Scheef & Stone, LLP pursuant to the Contingency Fee Order; and (iv) grant any other relief as the Court deems just and proper.

**CERTIFICATE OF CONFERENCE**

The undersigned certifies that the Receiver provided this Motion to Approve Settlement Agreements with Several Transferees to counsel for the CFTC, the Defendants, and the settling parties for their consideration. Counsel for the CFTC does not oppose the relief sought. On August 13, 2026, undersigned counsel provided the motion to counsel for the Defendants for their consideration. As of this filing, the Defendants did not state a position as to the relief sought or have been defaulted.

Respectfully submitted,

*/s/ Russell Landy*
Russell Landy
Florida Bar No. 44417
Email: rlandy@dvllp.com
DAMIAN | VALORI | CULMO
*Counsel for Kelly Crawford, Court-Appointed Receiver*
1000 Brickell Avenue, Suite 1020
Miami, Florida 33131
Telephone: (305) 371-3960
Facsimile: (305) 371-3965

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on August 18, 2026, I electronically filed the foregoing document with the clerk of the U.S. District Court, Southern District of Florida, using the electronic case filing system of the court, and the electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record.

*/s/ Russell Landy*
Russell Landy