**THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

**COMMODITY FUTURES TRADING COMMISSION,**

**Plaintiff,**

**v.**

**TRADERS DOMAIN FX LTD. d/b/a THE TRADERS DOMAIN; FREDIRICK TEDDY JOSEPH SAFRANKO a/k/a TED SAFRANKO; DAVID WILLIAM NEGUS-ROMVARI; ARES GLOBAL LTD. d/b/a TRUBLUEFX; ALGO CAPITAL LLC; ALGO FX CAPITAL ADVISOR LLC n/k/a QUANT5 ADVISOR, LLC; ROBERT COLLAZO, JR.; JUAN HERMAN a/k/a JJ HERMAN; JOHN FORTINI; STEVEN LIKOS; MICHAEL SHANNON SIMS; HOLTON BUGGS, JR; CENTURION CAPITAL GROUP INC.; ALEJANDRO SANTIESTEBAN a/k/a ALEX SANTI; GABRIEL BELTRAN; and ARCHIE RICE,**

**Defendants.**

**Civil Case No. 1:24-cv-23745-RKA**

**RECEIVER'S MOTION TO APPROVE SETTLEMENT AGREEMENTS**
**<u>WITH CAPOTE DIAMONDS LLC AND ERNESTO RAMOS, *ET AL.*</u>**

Kelly M. Crawford, as Court-Appointed Receiver ("Receiver") in the above-captioned action, moves the Court to approve settlement agreements with (i) Captote Diamonds, LLC and (ii) Ernesto Ramos, ER Distribution, Inc. and FMEC Trucking Corp. (collectively, the

"Agreements") and to authorize payment of the Court-approved contingency fee to the Receiver's counsel, and in support states:

**BACKGROUND**

1. On October 3, 2024, this Court entered an Order Granting Plaintiff's Expedited Motion for an Ex Parte Statutory Restraining Order, Appointment of a Temporary Receiver, and Other Equitable Relief (the "SRO") [ECF No. 10], appointing Kelly M. Crawford as Receiver over the assets of the Defendants. The SRO authorized and directed the Receiver to investigate and pursue all claims of the Receivership Estate, including claims to recover funds traceable to the defrauded investors which the Defendants improperly transferred to third parties, affiliates, and insiders in furtherance of the fraud that is the subject of the CFTC Action.

2. The Court issued the SRO in part because it found that Defendants orchestrated a multi-layered scheme to solicit funds for the purpose of trading leveraged or margined retail commodity transactions through pooled and individual accounts. *Id.* at ⁋3. Defendants also solicited customers for the specific purpose of participating in commodity pool operated by Traders Domain. *Id*. To expand the scope of the fraud, the Defendants recruited entities and individuals to act as sponsors and solicit new customers in exchange for a percentage of purported trading profits in a manner akin to a multi-level marketing scheme. *Id*.

3. On October 31, 2024, the Court entered a Consent Order of Preliminary Injunction as to Defendant Sims [ECF No. 48], and on January 28, 2025, Orders of Preliminary Injunction as to Defendants Safranko, Negus-Romvari, and Herman [ECF No. 158] (collectively, the "PI Orders"), which remain in effect.

4. On March 13, 2026, the Court entered an Order on the Receiver's Motion to Expand the Receivership, granting expansion of the Receivership to the entities Block Consulting Services,

LLC, MAS Capital Investments, LLC, Centurion TS Holdings, LLC, Alpha Trader Firm, LLC, Profit Over Everything, Inc., GMJ Marketing, LLC, Go Long Investments, LLC, The Nutrition Zone, LLC, Intelligenza, LLC, and JVL Fortini Consulting, LLC. ECF 425.

5. The Receiver's mandate required taking all necessary actions to implement the terms of the SRO, including analyzing the financial records of the Defendants, such as accounting records, account statements, cancelled checks, deposit slips, and wire transfer confirmations from financial institutions, to identify individuals and entities who received voidable transfers.

6. The Receiver's forensic accountants identified many individuals and entities who experienced a net profit ("Net Winners") or received transfers in excess of their original investments or for no value, which were derived from the investors whom the Defendants had defrauded and were made in connection with and in furtherance of Defendants' unlawful and fraudulent scheme.

7. The transfers conferred a benefit to the Net Winners and other transferees that they voluntarily accepted and for which they did not provide reasonably equivalent consideration. A Ponzi scheme, by its very nature, generates no actual profits, and any funds received by an investor that exceed their initial investment, or any gift received for no exchange of value, are considered "false profits" and funds used in perpetration of the scheme. *Wiand v. Lee*, 753 F.3d 1194, 1197 n.1 (11th Cir. 2014).

8. Additionally, the Defendants gifted or transferred numerous assets, including cash, real property, vehicles, jewelry, designer handbags, and watches, to friends and family members for no exchange of value. These transfers were derived from ill-gotten gains and diminished the Receivership Estate.

9. These transfers are avoidable and recoverable transfers pursuant to sections 726.105, 726.106, and 726.108, Florida Statutes. The Receiver's efforts to recover these funds are consistent with the broad equitable powers vested in this Court and established fraudulent transfer law.

10. Pursuant to his responsibilities under the SRO, the Receiver sent demand letters and filed lawsuits identifying the amount each had profited and seeking recovery of same. After negotiations and accounting for factors such as litigation risk and collectability, the Receiver has entered into several settlement agreements, subject to the Court's approval.

11. On October 3, 2025, the Receiver filed a complaint styled *Crawford v. 36IXZERO Degrees, et al.*, Case No. 1:25-cv-24550-ALTMAN (S.D. Fla.) (the "Capote Action"), which asserts fraudulent transfer and unjust enrichment claims against businesses, including Capote Diamonds LLC, which received transfers from the Receivership Entities.

12. On April 2, 2026, the Receiver filed a complaint styled *Crawford v. Ramos, et al.*, Case No. 1:25-cv-24562-WILLIAMS (S.D. Fla.) (the "Ramos Action"), which asserts fraudulent transfer and unjust enrichment claims against Ernesto Ramos and two businesses controlled by him, which received transfers from the Receivership Entities.

13. Each of the Agreements described below resolves claims the Receiver asserted in one or more of those actions.

## **THE SETTLEMENT AGREEMENTS**

The Receiver and the various transferees, subject to this Court's approval, have entered into settlement agreements, which are summarized below. Generalized descriptions of the Agreements are included for summary purposes only and not intended to constitute a full recitation

of the terms of those Agreements. A review of these descriptions or this motion should not be a substitute for a review of the complete Agreements.

**A. The Agreements**

i. Settlement Agreement with Capote Diamonds LLC

The Receiver named Capote Diamonds LLC ("Capote") as a defendant in the Capote Action, alleging that the Receivership Entities made at least 22 transfers to Capote for a net gain of $506,420.00. Capote disputed the Receiver's accounting. After mediation and further negotiations, Capote agreed to pay $80,000.00, consisting of an initial payment of $30,000.00 within five days of approval by the Receivership Court, and ten additional monthly payments of $5,000.00 for a total of $80,000.00 within ten months of approval by the Receivership Court. The agreement includes a consent judgment provision for $506,420.00, less any amounts paid, should Capote fail to pay and fail to cure within ten days. The Receiver's agreement with Capote is attached as **Exhibit A**.

ii. Settlement Agreement with Ernesto Ramos, ER Distribution, Inc., and FMCE Trucking Corp.

The Receiver named Ernesto Ramos, ER Distribution, Inc., and FMCE Trucking Corp. (collectively, "Ramos and the Ramos Entities") as defendants in the Ramos Action, alleging that Ramos and the Ramos Entities received a total sum of $1,259,236.14 from the Receivership Entities. After mediation and further negotiations, Ramos and the Ramos Entities agreed to pay $300,000.00, consisting of an initial payment of $50,000.00 within the later of fourteen days of the execution of the agreement or approval of the agreement by the Court, seven additional monthly payments of $33,333.33, and one final payment of $25,000.00 all to be paid within eight months of approval of the agreement. The agreement includes a consent judgment provision for $1,259,236.14, less any amounts paid, should Ramos and the Ramos Entities fail to pay and fail to

cure within ten days. The Receiver's agreement with Ramos and the Ramos Entities is attached as **Exhibit B**.

**B. Best Interest of the Estate**

The Receiver believes these Agreements are in the best interests of the Receivership Estate as they will result in significant recovery for the Estate and will avoid significant attorneys' fees and costs that would be incurred to litigate the issues disputed regarding net profits and fraudulent transfers, as well as protect against the risk of collection. The Agreements allow the Receiver to recover a significant amount of funds. Because of the time, resources, collection risk, and uncertainty, if these cases were litigated the Receiver believes the Agreements are in the best interests of the Receivership Estate.

**REQUEST TO PAY CONTINGENCY FEES AND COSTS**
**TO COUNSEL FOR RECEIVER PURSUANT TO ORDER**

On September 26, 2025, the Court issued a Paperless Order [ECF No. 341] (the "Contingency Fee Order") that granted the Receiver's Motion to Employ Damian Valori Culmo and Scheef & Stone, LLP on a contingency fee basis for these claims, pursuant to the terms and conditions set forth in the Motion to Employ. The motion to employ counsel on a contingency basis [ECF No. 339] proposed, and the Court accepted, that the Receiver's counsel shall be entitled to the following contingency fees:

a. Twenty-five percent (25%) or gross recovery obtained prior to a lawsuit being filed but following demand;

b. Thirty-three percent (33%) of all gross recoveries received by the Receivership Estate in connection with any claims resolved after the complaint has been filed; and

c. Forty percent (40%) of all gross recoveries received by the Receivership Estate in connection with any claims asserted by the Receiver in the event that an appeal is deemed necessary.

ECF No. 339.

Accordingly, the Receiver requests that the Court authorize and approve payment to the Receiver's counsel for contingency fees advanced in connection with prosecuting the claims against the aforementioned transferees immediately following entry of the Order granting this motion, given that these transferees have satisfied their respective settlement amounts or are in the process of doing so. In the event that a payment pursuant to any agreement has not yet been paid, either because the transferee has not yet paid it or because the settlement amount is due in the future, the Receiver agrees to defer payment to the Receiver and his counsel until such time that payment is received.

As such, pursuant to the Contingency Fee Order, the Receiver requests the Court enter an order approving and authorizing:

i. payment to the Receiver's counsel Damian Valori Culmo in the amount of $26,400.00, representing a 33% contingency fee based on the Estate's $80,000.00 gross recovery from Capote;

ii. payment to the Receiver's counsel Damian Valori Culmo in the amount of $99,000.00, representing a 33% contingency fee based on the Estate's $300,000.00 gross recovery from Ramos and the Ramos Entities;

WHEREFORE, for the foregoing reasons, the Receiver respectfully requests that the Court enter the proposed order attached as **Exhibit C** approving the Agreements and authorizing the

Receiver to pay $125,400.00 to Damian Valori Culmo pursuant to the Contingency Fee Order; and grant any other relief as the Court deems just and proper.

**CERTIFICATE OF CONFERENCE**

The undersigned certifies that the Receiver provided this Motion to Approve Settlement Agreements with Several Transferees to counsel for the CFTC, the Defendants, and the settling parties for their consideration. Counsel for the CFTC does not oppose the relief sought. On November 12, 2026, undersigned counsel provided the motion to counsel for the Defendants for their consideration. Alejandro Santiesteban and Michael Sims do not oppose the relief sought. As of this filing, no other Defendants have stated a position as to the relief sought or have been defaulted.

Respectfully submitted,

*/s/ Russell Landy*

Russell Landy
Florida Bar No. 44417
Email: rlandy@dvllp.com
DAMIAN | VALORI | CULMO
*Counsel for Kelly Crawford, Court-Appointed Receiver*
1000 Brickell Avenue, Suite 1020
Miami, Florida 33131
Telephone: (305) 371-3960
Facsimile: (305) 371-3965

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on November 19, 2026, I electronically filed the foregoing document with the clerk of the U.S. District Court, Southern District of Florida, using the electronic case filing system of the court, and the electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record.

*/s/ Russell Landy*
Russell Landy